UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY | CIVIL ACTION NO.:  11-734 |
| Plaintiff | SECTION: ___ |
| VERSUS | DISTRICT JUDGE: |
| | HON. _____ |
| C & C OFFSHORE, INC., RC OFFSHORE, LLC, AND RC LOGISTICS, LLC. | MAGISTRATE JUDGE: |
| Defendants | HON. _____ |

**HOUSTON CASUALTY COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Houston Casualty Company (hereinafter, "HC"), and files this, its Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, *et seq.*, seeking a declaration by this Honorable Court that no insurance coverage is owed to defendants, C & C Offshore, Inc., RC Offshore, L.L.C., and RC Logistics, L.L.C. (hereinafter collectively referred to as "RC") under Policy Nos. CUL-14897.046 and CUL-15135.107, in connection with claims asserted against RC in and/or relating to Apache Corporation's Cross-Claim/Third-Party Demand filed in the matter of *Marc Cheramie v. Apache Corp.*, Docket No.: 91951-B in the 15th Judicial District Court, Vermilion Parish, Louisiana.  There is an actual case or controversy which exists between HC and RC.

## PARTIES

1.

Plaintiff, Houston Casualty Company, is a foreign insurance company domiciled, organized, and having its principal place of business in Houston, Texas.

2.

Named defendants herein are:

a. Defendant, C & C Offshore, Inc., is a Louisiana corporation, domiciled and having its principal place of business in Lafourche Parish, Louisiana.

b. Defendant, RC Offshore, L.L.C., is a Louisiana limited liability company, domiciled and having its principal place of business in Lafourche Parish, Louisiana.

c. Defendant, RC Logistics, L.L.C., is a Louisiana limited liability company, domiciled and having its principal place of business in Lafourche Parish, Louisiana.

## JURISDICTION AND VENUE

3.

This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 as this action concerns a dispute over insurance coverage under a certain marine insurance contract, and HC seeks declaratory relief pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment statute. This action is within the Court's Admiralty and Maritime jurisdiction under Rule 9(h).

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because all defendants reside within this district.

## FACTUAL BACKGROUND

5.

RC are named insureds under certain policies of marine insurance issued by HC, Policy Nos. CUL-14897.046 and CUL-15135.107 (the "HC Policies"), with effective dates of 11 April 2006 to 10 October 2007 and 10 October 2007 to noon, 10 October 2008, respectively. True and correct copies of the HC Policies are attached hereto as Exhibits "A" and "B" and are incorporated herein by reference, as if copied, *in extenso,* herein.

6.

This declaratory judgment action arises from RC's claim(s) for defense and indemnity as a result of claim(s), demand(s), litigation, and/or judgment(s) asserted by Apache Corporation (of Delaware) (hereinafter, "Apache") regarding alleged breach(es) of contract by defendants.

7.

On information and belief, Apache has alleged that, in or about May 2007, Marc Cheramie, then a principal of one or more of the RC companies, without Apache's authorization, removed certain marine fuel from the M/V MISS ADDISON, a vessel then owned by RC and under charter to Apache. Further on information and belief, the removal of the fuel from the M/V MISS ADDISON was known to or discovered by Apache by or about August 2007.

8.

Apache asserted criminal charges against Marc Cheramie in regard to the alleged removal of fuel from the M/V MISS ADDISON. However, in May of 2009, the charges asserted against Marc Cheramie by Apache were presented to the grand jury for Vermilion Parish, Louisiana, which returned a "no true bill."

9.

After the Vermilion Parish grand jury returned its "no true bill" on the charges asserted by Apache against Marc Cheramie and no further prosecution thereof was instituted by the District Attorney, Marc Cheramie filed a Petition for Damages against Apache and its alleged complaining witness, John Jay, asserting claims for malicious prosecution.

10.

Apache answered Marc Cheramie's Petition for Damages and asserted a Reconventional Demand against him, re-alleging the facts and circumstances underlying its criminal charges against him.  However, Apache's alleged tort claim(s) and/or cause(s) of action against Marc Cheramie, based upon acts in 2007, were prescribed and the Court so ruled, dismissing same. The Court also dismissed any and all contractual claims asserted against Marc Cheramie.

11.

Apache next sought and obtained leave to file a "Cross-claim" against RC, within Marc Cheramie's suit for malicious prosecution, asserting intentional and "bad faith" breach of contract claims against RC based on the same facts and circumstances upon which its prior, ill-fated allegations against Marc Cheramie had been based.

12.

RC seeks insurance coverage for its defense and indemnity against Apache's Cross-claim and any potential liability RC may be found to have to Apache in the above-described litigation.

13.

HC has declined coverage for RC's defense and indemnity in connection with Marc Cheramie's suit and Apache's Cross-claim against RC, as set forth in correspondence transmitted to RC directly and through counsel, a true and accurate copy of which coverage declination

4

correspondence is attached hereto and made a part hereof as Exhibit "C," as if copied, *in extenso*, herein.

14.

HC avers that it owes neither defense nor indemnity to RC in regard to Apache's Cross-claim for "bad faith" breach of contract and/or ordinary breach of contract for the following non-exclusive reasons:

    a.    All events and/or actions complained of by Apache in its Cross-claim against RC occurred prior to and outside the policy period of Policy No. CUL-15135.107.

    b.    The M/V MISS ADDISON was never a scheduled vessel under Policy No. CUL-15135.107; therefore, there is no coverage thereunder for Apache's Cross-claim, even if said cross-claim is determined to relate to the ownership and operation of the M/V MISS ADDISON, as a vessel in navigation.

    c.    All events and/or actions complained of by Apache in its Cross-claim against RC involve alleged unauthorized removal and sale of marine fuel on land, without operational relationship to a scheduled vessel, as required under the Protection and Indemnity (P&I) sections of the HC Policies.

    d.    If it is determined that Apache's Cross-claim relates to the ownership and operation of the M/V MISS ADDISON, as a vessel in navigation, all coverage under Policy No. CUL-14897.046 relating to this vessel was deleted in its entirety, effective 21 August 2007.  Should Apache's claim be deemed to have arisen or to have occurred after 21 August 2007, no coverage would be provided for same under Policy No. CUL-14897.046.

e.	The HC Policies expressly exclude coverage for loss or damage to property within the care, custody, or control of RC, such as the fuel, the alleged unauthorized removal of which forms the basis of Apache's Cross-claim against RC.

f.	Apache's Cross-claim only asserts contractual claim(s), as it has already been judicially determined that any tort claims it may have had were prescribed; coverage for contractual liabilities and/or breach of charters is expressly excluded under the HC Policies.

g.	Apache's Cross-claim asserts claims for alleged intentional acts of RC's "representative and principal."  Intentional acts are not covered by the HC Policies and plainly violate the principle of fortuity, fundamental to the insurance contract.

h.	The HC Policies do not provide coverage for and expressly exclude coverage for contractual liabilities, such as breach of contract and "bad faith" breach of contract, as alleged by Apache against RC.

i.	The HC Policies provide that HC shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with HC's written consent; since Marc Cheramie's malicious prosecution suit was brought without HC's written consent and Apache's Cross-claim has been brought within and in connection with Marc Cheramie's malicious prosecution suit against Apache, HC is not liable to defend or to indemnify RC in any respect for its defense against Apache's Cross-claim.

j.	The HC Policies expressly exclude coverage for fines, penalties, punitive, exemplary, and/or multiplied damages, should any such remedies be sought in connection with Apache's claim against RC.

k.      The foregoing listed bases for denial of coverage to RC under the HC Policies are not intended to be exhaustive, nor exclusive, though the above-listed bases for denial of coverage under the HC Policies are sufficient to support HC's declination of coverage for the claims asserted by Apache against RC which are at issue herein.  The above-listed bases for denial of coverage under the HC Policies are set forth herein and in the attached declination correspondence (Exhibit C) with and subject to full reservation and non-waiver of all rights and defenses under the terms, conditions, exclusions, and limitations of any policies of insurance issued to RC, including, but not limited to, the HC Policies (Exhibits A and B, hereto), which terms should be considered entirely incorporated herein.

15.

Certain terms of the HC Policies pertinent to the issues presented by Apache's Cross-claim against RC and this Complaint for Declaratory Judgment include, but are not limited to the following:

**REGARDING CUL-15135.107**

The policy period is "From noon, October 10, 2007, C.S.T. to noon, October 10, 2008, C.S.T."

\* \* \*

**GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)**

FINES, PENALTIES, PUNITIVE DAMAGES:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy excludes liability for fines, penalties, punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.

\* \* \*

It is understood and agreed that the following warranty is included:

Coverage hereunder is subject to receipt and approval of a signed and dated Insurance Application.

\* \* \*

Warranted the vessel(s) insured hereunder are not to engage in any salvage operations of any nature.

Warranted the vessel(s) insured hereunder to comply with all applicable United States Coast Guard regulations pertaining to the trade and/or type of vessel insured herein.

\* \* \*

U.S. COAST GUARD:

It is agreed that the Assured fully comply with U.S. Coast Guard regulations with respect to manning and navigation requirements.

\* \* \*

PROTECTION AND INDEMNITY　　　　　　　　　　SP-23 (Revised 1/56)
Amount Insured $1,000,000.00 Combined Single Limit　　No. P.I. CUL-15135.107

\* \* \*

The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

\* \* \*

Damage to other vessel or property on board not caused by collision

(5) Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the assured.

\* \* \*

Law costs

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible.

\* \* \*

<u>Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer</u>:

\* \* \*

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel named herein engaging in any unlawful trade or performing any unlawful act with the knowledge of the Assured.

\* \* \*

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

\* \* \*

**MARINE LIABILITIES CONDITIONS: (continued)**

MARINE CONTRACTUAL LIABILITY:

In consideration of the premium for which this insurance is written, the coverage afforded under this Section is extended to insure the liability of the Assured arising out of written hold harmless and/or indemnity agreements contained in such contracts as have been or may be entered into by the Assured for the furnishing of SCHEDULED vessels. Provided, however, that this provision will not extend underwriters' liability beyond the limits and/or conditions set forth by the SP23 form (as amended) herein.

Notwithstanding the above, should coverage for Marine Contractual Liability exist outside this policy then no coverage exists herein. Further, nothing contained within this policy shall operate to increase Underwriters' limit of liability as set forth in this policy, nor shall it extend the insuring conditions beyond scheduled vessel(s) operations.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., et al.

\* \* \*

MARINE LIABILITIES SPECIAL CLAUSES:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1. any claims arising out of paragraphs 8 and 13 of the SP-23 Form, or any other claim in respect of equipment or property within the care, custody or control of the Assured;

2. any claims for loss, damage, liability or expense arising directly or indirectly from pollution or contamination by any substance whatsoever;

\* \* \*

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., et al.

\* \* \*

BOAT BROKERS LEGAL LIABILITY WORDING
\* \* \*
6. EXCLUSIONS:

THIS INSURANCE DOES NOT APPLY……...

9

A. To liability assumed by the Assured under any contract or agreement but this exclusion shall not apply if the Assured would have been liable irrespective of such contract or agreement.
\* \* \*
D. To Damage to or Destruction of Property owned by or occupied by the Assured, or vessels hired and/or re-hired by the Assured, or property as to which the Assured is exercising actual physical control under bareboat charter.
\* \* \*
G. To injury to or destruction of property caused intentionally by or at the direction of the Assured.

H. To any claims for Errors and/or Omissions of the Assured and/or the Owners and/or the Operators and/or Employees of the Assured of all vessels brokered, including defense of errors and omissions claims, but this exclusion is only to apply to such claims that are directly due to the privity of the Assured.

Attached to and forming a part of Section "B" of Certificate CUL-15135.l07, issued to C & C Offshore. Inc., et al.
\* \* \*

## REGARDING CUL-14897.046

GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B" and "C" OF THIS POLICY: (continued)
\* \* \*
It is hereby agreed that the terms and conditions contained herein are written for a period of 18 months from April 11, 2006 to October 10, 2007….
\* \* \*
ENDORSEMENT APPLICABLE TO ALL SECTIONS OF THIS CERTIFICATE.

Effective August 21, 2007, it is understood and agreed coverage for the Utility Vessel "Ms. Addison" is deleted in its entirety.
\* \* \*


All other provisions, referenced above in regard to CUL-15135.107 are also present in and are hereby referenced in regard to CUL-14897.046, as if copied in their entirety.

16.

HC seeks a declaration from this Honorable Court, considering the terms, conditions, warranties, and exclusions of the HC Policies and the circumstances and allegations of Apache's Cross-claim against RC, that HC owes no insurance coverage for defense or indemnity to RC in this matter.

17.

Pursuant to 28 U.S.C. §2201, *et seq.*, this Honorable Court's admiralty and maritime jurisdiction and plenary powers, HC seeks a declaration including but not limited to the following:

a. The HC Policies do not provide coverage to RC for defense or indemnity against the claims and/or liabilities or portions thereof asserted against RC by Apache in its Cross-claim, nor for any other aspect of Marc Cheramie's suit for malicious prosecution against Apache.

b. The HC Policies do not provide coverage with respect to any claims for punitive, exemplary or similar damages which may be asserted or alleged in connection with Apache's Cross-claim, nor for any other aspect of Marc Cheramie's suit for malicious prosecution against Apache.

**WHEREFORE**, Houston Casualty Company prays that this Honorable Court declare those issues set forth above in the specific claims for declaratory relief in paragraph 14 *et seq.* and specifically that Houston Casualty Company provides no insurance coverage for defense or indemnity to the defendants in respect of any aspect of the claims asserted against them by Apache Corporation in the matter of *Marc Cheramie v. Apache Corp.*, Docket No.: 91951-B in the 15th Judicial District Court, Vermilion Parish, Louisiana, and that Houston Casualty Company be awarded all such other and further relief, in admiralty, at law or in equity, including all costs of this action, to which Houston Casualty Company may be justly entitled herein.

        Respectfully submitted,

        **LARZELERE PICOU WELLS**
        **SIMPSON LONERO, LLC**
        Two Lakeway Center - Suite 1100
        3850 North Causeway Boulevard
        Metairie, LA  70002
        Telephone:  (504) 834-6500
        Facsimile:  (504) 834-6565

**BY:**    */s R. Jeffrey Bridger*
        **JAY M. LONERO  (LSBA # 20642) TA**
        **R. JEFFREY BRIDGER  (LSBA #01263)**

        **ATTORNEYS FOR PLAINTIFF,**
        **HOUSTON CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

        */s R. Jeffrey Bridger*