UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY | CIVIL ACTION NO.:  11-734 |
| Plaintiff | SECTION:  ___ |
| VERSUS | DISTRICT JUDGE: |
| | HON. _____ |
| C & C OFFSHORE, INC., RC OFFSHORE, LLC, AND RC LOGISTICS, LLC. | MAGISTRATE JUDGE: |
| Defendants | HON. _____ |

# EXHIBIT B

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O BOX 2070 – COVINGTON, LA 70434-2070

11/03/08 lac

## ENDORSEMENT NO. 4 APPLICABLE TO THE HULL & MACHINERY AND PROTECTION & INDEMNITY SECTIONS OF THIS CERTIFICATE.

Effective March 31, 2008, it is understood and agreed the Deductibles as respects the "MR. ALEX" are amended to read as follows:

**HULL DEDUCTIBLE:** $25,000.00 any one accident, any one occurrence.

**P&I DEDUCTIBLES:**

| | |
|---|---|
| Protection and Indemnity: | $10,000.00  loss of life, personal injury/illness any one accident, any one occurrence, each vessel, combined single limit. |
| All other claims, including General Average and Salvage, Sue and Labor and Collision Claims: | $25,000.00  any one accident, any one occurrence, each vessel. |

Attached to and forming a part of Sections "A" & "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

Signed: _____

# Continental Underwriters, Ltd.
2235 N. HWY  190 – P. O. BOX 2070 – COVINGTON,  LA  70434-2070

10/01/08 lac

## ENDORSEMENT NO. 3 APPLICABLE TO THE HULL & MACHINERY SECTION OF THIS CERTIFICATE.

Effective March 31, 2008, it is understood and agreed the Hull Deductible as respects the "MR. ALEX" is amended to $40,000.00 any one accident, any one occurrence in lieu of $60,000.00 an one accident, any one occurrence.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

Signed: _____ - _____

All other terms and conditions remain unchanged.

000002

# Continental Underwriters, Ltd.
2235 N. HWY. 190 – P. O. BOX 2070 – COVINGTON. LA  70434-2070

04/10/08 lac

### ENDORSEMENT NO. 2 APPLICABLE TO THE HULL & MACHINERY SECTION OF THIS CERTIFICATE.

Effective April 9, 2008, it is understood and agreed that, while the within insured vessel(s) is/are employed by or actually working for J. Ray McDermott, Inc.; J. Ray McDermott, Inc. is named as an additional assured and all rights of subrogation are hereby waived but only if the vessel(s) insured hereunder is/are employed by or actually working for J. Ray McDermott, Inc. at the time of said loss, if any.  It is also understood and agreed that in the event of cancellation and/or material change in the Policy, the Underwriters agree to give thirty (30) days (five (5) days for non-payment of premium) prior written notice to J. Ray McDermott, Inc., P.O. Box 188, Morgan City, LA  70380 to whom the Certificate of Insurance is issued.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

Signed: _____

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA  70434-2070

04/01/08 lac

## ENDORSEMENT NO. 1 APPLICABLE TO THE HULL & MACHINERY, PROTECTION & INDEMNITY, FIRST & SECOND LAYER EXCESS PROTECTION & INDEMNITY, POLLUTION AND BREACH OF WARRANTY SECTIONS OF THIS CERTIFICATE.

Effective March 31, 2008, Midnight, CST, it is understood and agreed coverage is added for the following vessel:

| No. | Vessel | Agreed Value Amount Insured Hereunder | GRT | HP | Built | Dimensions | Hull* Deductible | Crew | Type |
|---|---|---|---|---|---|---|---|---|---|
| 4. | "MR. ALEX" | $2,500,000.00 | 99 | | 2007 | 136 x 34 x 12.6 | $60,000.00 | 4 | Supply Vessel |

Each vessel deemed a separate insurance.

*any one accident, any one occurrence.

## P&I DEDUCTIBLES:

Protection and Indemnity:            $10,000.00  loss of life, personal injury/illness any one accident, any one occurrence, each vessel, combined single limit.

All other claims, including           $60,000.00  any one accident, any one occurrence,
General Average and Salvage,      each vessel.
Sue and Labor and
Collision Claims:

It is understood and agreed the Crew Warranty is amended to read as follows:

Warranted overall maximum crew compliment shall not be excess of 16 crewmen exposed at any one time during policy period.

Loss Payee:  Insured and State Bank & Trust Co., P.O. Box 745, Golden Meadow, LA  70357.

**Mortgagees Interest:**
Named Assured:  State Bank and Trust Co.
                        P.O. Box 745, Golden Meadow, LA  70357

Sum Insured:      USD 1,750,000.

Attached to and forming a part of Sections "A", "B", "C", "D", "E" & "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

Signed: _____

All other terms and conditions remain unchanged.

CUL-15135.107

CERTIFICATE OF INSURANCE

Effected By

**Continental Under Writers Ltd**

2235 N Hwy 190
P O Box 2070
Covington, LA 70434-2070

NOTICE
NO FLAT CANCELLATIONS ALLOWED
We are required by underwriters to hold the
assured, his agents and brokers responsible for
earned premiums in all cases Premiums must
be paid within thirty days.

CUL No. _____

Renewing No. _____

| AMOUNT As Per Schedule | RATE | PREMIUM As Included |
|---|---|---|
| $ | | $ |
| $ | | $ |
| $ | | $ |
| Federal Tax | | $ |
| State Tax | | $ |
| | | $  As Included |
| | TOTAL | $ |

C & C Offshore, Inc., etal

This insurance is issued to: _____

P.O. Box 805

Golden Meadow, LA 70357

_____, hereinafter called the Assured.

From Noon ___ October 10, 2007, C.S.T. ___ to Noon ___ October 10, 2008, C.S.T.

Standard Time at the assured's place of business or residence as stated herein and in accordance with the
terms and conditions of the form(s) attached.

| Section | "A" | Hull & Machinery |
|---|---|---|
| Section | "B" | Protection & Indemnity/Marine Liabilities |
| Section | "C" | First Layer Excess Protection & Indemnity/Marine Liabilities |
| Section | "D" | Pollution |
| Section | "E" | Second Layer Excess Protection & Indemnity/Marine Liabilities |
| Section | "F" | Breach of Warranty |

Underwriters: All through Continental Underwriters, Ltd.

This Certificate shall not be valid unless signed by CONTINENTAL UNDERWRITERS, LTD

Dated at New Orleans, La., U.S.A.,

By _____  CONTINENTAL UNDERWRITERS, LTD.
By _Teddy Brine_ 12/13/07

11/1/07 lac

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO ALL SECTIONS OF THIS CERTIFICATE:

### NAMED ASSURED(S)

C & C Offshore, Inc.

R C Offshore, LLC

R C Logistics, LLC

The Named Assured shall include all entities,
subsidiaries, interrelated or affiliated
companies of the Assured(s) as they now exist or as
shall hereafter be created.

Attached to and forming a part of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE:

### AFFILIATED COMPANIES CLAUSE:

In consideration of the premium charged, coverage as provided herein shall include all entities, subsidiaries, interrelated or affiliated companies of the Assureds as they now exist or as shall hereafter be created.

### PERMISSION TO ISSUE CERTIFICATES:

Permission is granted by these underwriters to allow Continental Underwriters, Ltd., to issue Certificates of Insurance evidencing coverage on behalf of these underwriters.

### CANCELLATION CLAUSE:

Either party may cancel this insurance by giving to the other ten (10) days notice in writing, five (5) days notice in the event of cancellation for non-payment of premium; if at the option of this company, pro rata of the net rates will be charged. If cancelled for non-payment of premium or at the request of the Assured or for any other reason, short rate of the net rates will be charged to the Assured for each uncommenced month remaining and arrival.   Should the vessel or vessels insured hereunder become a Total or Constructive Total Loss during the currency of this policy. the full premium is to be considered earned and no returns will be allowed in respect of lay-up or cancellation.

### CONTINENTAL UNDERWRITERS, LTD. LOSS PAYEE WORDING:

It is agreed and understood that Continental Underwriters Ltd. is a loss payee under this policy. Furthermore, in the event of any returns, whether from premiums or otherwise due the assured from Underwriters subscribed herein. any indebtedness owed either Continental Underwriters, Ltd. and/or any other Broker/Agent representing the assured shall first be payable to Continental Underwriters, Ltd.  Any delay in the exercise of any rights hereunder shall not constitute a waiver thereof.  Underwriters shall have the right to deduct any outstanding premiums from any claims due hereunder.

### LIEN FOR UNPAID PREMIUM AND COMMISSION:

Underwriters in agreeing to issue this insurance,  continue to rely in part on the credit of each and every vessel insured hereunder.  No provision contained herein shall be construed as a manifestation of Underwriters' intent to forego their right to enforce a lien against said vessel(s), but on the contrary, underwriters expressly reserve that right.

Further, it is agreed that any unpaid and due premiums and/or commissions under this policy may first be deducted from any and all returns and any and all claims for loss or damage that are recoverable under this policy.  Any such sums deducted are to be paid to Underwriters proportionately as their respective interests in said premiums and commissions may appear.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

### FINES, PENALTIES, PUNITIVE DAMAGES:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy excludes liability for fines, penalties, punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.

### OIL POLLUTION ACT DISCLAIMER CLAUSE:

This insurance does not constitute evidence of financial responsibility under the Oil Pollution Act of 1990 or any similar Federal or State Law, and it is a condition of this insurance that it shall not be submitted to the United States Coast Guard or any other Federal or State Agency as evidence of financial responsibility. The Underwriters do not consent to be guarantors.

### NAVIGATION WARRANTY:

Warranted navigation confined to Inland and Coastal Waters of the United States Gulf Coast States including the Gulf of Mexico and Caribbean Sea not exceeding 350 miles offshore, but in no event exceeding the vessel(s) United States Coast Guard Certification.

### LOSS SAFETY AND HIRING AUDIT WARRANTY:

As a condition precedent to coverage hereunder, it is warranted that the named insured shall agree to submit to a Loss, Safety and Hiring Audit to be performed by a company appointed by underwriters. Any and all Loss, Safety and Hiring Audit recommendations are to be complied with in writing and submitted to underwriters within 30 days of the Audit report date.

It is understood and agreed that the following warranty is included:

Coverage hereunder is subject to receipt and approval of a signed and dated Insurance Application.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

Excluding towage of drilling rigs and/or drilling barges.

Warranted the vessel(s) insured hereunder are not to engage in any salvage operations of any nature.

Warranted the vessel(s) insured hereunder to comply with all applicable United States Coast Guard regulations pertaining to the trade and/or type of vessel insured herein.

## HIGH WATER BILGE ALARM WARRANTY:

Effective as of inception, it is a Warranty of this policy that all vessels insured hereunder be equipped at all times with a working High Water Bilge Alarm System. It is agreed that in the event of loss of or damage to a vessel, resulting from not being so equipped, all coverage afforded hereunder is declared null and void.

## WATCHMAN WARRANTY:

It is agreed that when an insured vessel is tied up or moored, for more than 24 consecutive hours, it shall be at all times in charge of a watchman in the employ of the Assured whose duty shall be to make careful examination of the vessel throughout at reasonable intervals, including inspection of the bilges.

## SPECIALIST OPERATIONS:

It is agreed that this policy excludes any claim relating to loss, damage. liability or expense incurred by the Assured during the course of performing specialist operations (including but not limited to dredging, well-stimulation, cable or pipe laying, construction, installation or maintenance work, core sampling, depositing of spoil, professional oil spillage response or professional oil spillage response training), but excluding firefighting, to the extent that such loss, damage, liability or expense arises as a consequence of:
   (a)   claims brought by any party for whose benefit the work has been performed, or by any third party (whether connected with any party for whose benefit the work has been performed or not), in respect of the specialists nature of the operations; or
   (b)   the failure to perform such operations by the assured, or the fitness of purpose and quality of the Assured's work, products or services including any defect in the Assured's work, products or services; or
   (c)   any loss of or damage to the contract work:
         Provided that this exclusion under this paragraph shall not apply to any claim in respect of:
         1.   loss of life, injury or illness of crew onboard the vessel and
         2.   wreck removal of the insured vessel.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 - COVINGTON. LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

### WASTE INCINERATION/DISPOSAL OPERATIONS:

It is agreed that this policy excludes any claim arising out of waste incineration or disposal operations carried out by the Assured.

### SUBMARINE, MINI SUBMARINES, DIVING BELLS:

It is agreed that this policy excludes any claim arising out of the operation by the Assured of submarines. mini submarines or diving bells.

### DIVING OPERATIONS:

It is agreed that this policy excludes any claims arising in respect of divers or diving operations.

### U.S. COAST GUARD:

It is agreed that the Assured fully comply with U.S. Coast Guard regulations with respect to manning and navigation requirements.

### CANCELLING RETURNS ONLY.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

### TERRORISM EXCLUSION CLAUSE – ABSOLUTE

This policy excludes any loss, damage, liability or expense arising from:

a)      terrorism; and or

b)      steps taken to prevent, suppress, control or reduce the consequences of any actual, attempted, anticipated, threatened, suspected or perceived terrorism.

For the purpose of this clause, "terrorism" means any act(s) of any person(s) or organization(s) involving:

(i)      the causing, occasioning or threatening of harm of whatever nature and by whatever means:

(ii)      putting the public or any section of the public in fear,

in circumstances in which it is reasonable to conclude that the purpose(s) of the person(s) or organization(s) concerned are wholly or partly of a political, religious, ideological or similar nature.

Derived from Joint Excess Loss Committee Terrorism Exclusion Clause 16/11/01 XL

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

(U. S. A. ENDORSEMENT)

to the

INSTITUTE EXTENDED RADIOACTIVE
CONTAMINATION EXCLUSION CLAUSE
(November 1, 2002)

It is hereby agreed that this policy is amended as follows:

Provided that:

(a)     fire is an insured peril under this policy, and

(b)     the subject matter insured or, in the case of a reinsurance, the subject matter insured by the original insurance. is within the U.S.A., its islands, onshore territories or possessions, and

(c)     a fire arises directly or indirectly from one or more of the causes detailed in Sub-Clauses 1.1, 1.2, and 1.4 of the INSTITUTE EXTENDED RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE - November 1, 2002.

Then, subject to the provisions of this insurance (reinsurance), any loss or damage arising directly from that fire shall not be excluded under the terms of the INSTITUTE EXTENDED RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE - November 1, 2002.

Notwithstanding the foregoing, this policy shall not apply to any loss, damage, liability or expense caused by nuclear reaction, nuclear radiation, or radioactive contaminating arising directly or indirectly from that fire.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

## Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

### GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

November 1, 2002

### INSTITUTE EXTENDED RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE

This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith

1.     In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from

　　　1.1     ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

　　　1.2     the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

　　　1.3     any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter

　　　1.4     the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter.   The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.

CL 356 A

November 1, 2002

### INSTITUTE CHEMICAL BIOLOGICAL, BIO-CHEMICAL, ELECTROMAGNETIC WEAPONS AND CYBER ATTACK EXCLUSION CLAUSE

This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith:

1.     In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from

　　　1.1     any chemical, biological, bio-chemical or electromagnetic weapon

　　　1.2     the use or operation, as a means for inflicting harm, of any computer, computer system, computer software programme, computer virus or process or any other electronic system.

CL365

Attached to and forming a part of Sections "A", "B". "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

## GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)

### ADDITIONAL ASSUREDS AND WAIVERS OF SUBROGATION CLAUSE

Privilege is hereby granted the Assured to name others for whom the Assured is performing work as Additional Assureds on this Policy provided the Assured shall have exercised this option prior to loss.  Privilege is also granted the Assured to release from liability others for whom the Assured is performing operations or who are performing operations for the Assured, provided the Assured shall have exercised this option prior to loss; and these insurers waive all rights of subrogation against any parties so released.  Any phraseology required to be incorporated in this Policy by parties favored by the Assured with one of the above options shall be deemed to be incorporated herein. but to no greater extent than the privilege allowed by the above options.

Notwithstanding the preceding provisions, no party shall be deemed an Additional Assured or favored with a Waiver of Subrogation on any vessel insured hereunder which is not actually engaged or involved in the intended operations at the time of the loss, if any.

Where required by contract, or agreed to by the Assured, it is understood and agreed that:

1.   Permission is also granted to name as Additional Assureds with waiver of subrogation and notice of cancellation those individuals, partnerships, joint ventures, or corporations for whom the Assured is working, directly or indirectly, when required, provided the loss or damage, as a result of which rights would arise, occurs during and as a result of the actual performance of such work.

2.   Assent given for all waivers of rights of recovery made before or after the inception of this Policy. but prior to a loss.

3.   Policies shall be primary and without right of contribution of other insurance which may be available to or by the Certificate Holder.

4.   Any "Other Insurance Clause" contained herein shall be void and inoperative.

5.   Employees of one Assured named hereunder shall be considered members of the public as to other Assureds.

6.   Certificate Holder shall not be liable for any and all premiums or calls for which Certificate Holder might otherwise become liable as assignee, a named or co-assured, loss payee or otherwise.

7.   The so-called "Limitation of Liability", "Other Than Owner" and "As Owner Of" clauses as they appear in the printed forms contained herein shall not apply.

Attached to and forming a part of Sections "A", "B", "C" & "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N. HWY 190 – P. O. BOX 2070 - COVINGTON, LA 70434-2070

SECTION "A"

HULL AND MACHINERY:

According to the terms and conditions of the American Institute Hull Clauses, (June 2, 1977), as amended, and other clauses attached to and forming a part of this Section. (Excluding Collision and Towers Liabilities).

UNDERWRITERS:   Houston Casualty Company – 100%

This Section is a separate insurance but is always subject to the other terms and conditions stated in this Certificate except for the terms and conditions attached to and forming a part of Sections "B", "C", "D", "E" and "F".

Where the word "Policy" appears herein, it shall be deemed to read "Certificate".

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

*American Institute Hull Clauses*                                              7
     (June 2, 1977)

To be attached to and form a part of Policy No. CUL-15135.107  of the Houston Casualty Company

    The terms and conditions of the following clauses are to be regarded as substituted for those of the policy form to which they are attached,  the latter being hereby waived, except provisions required by law to be inserted in the Policy.  All captions are inserted only for purposes of reference and shall not be used to interpret the clauses to which they apply.

### ASSURED

1   This Policy insures C & C Offshore, Inc., etal
2
3   hereinafter referred to as the Assured.
4   If claim is made under this Policy by anyone other than the Owner of the Vessel, such person shall not be entitled to recover to a greater extent
5   than would the Owner, had claim been made by the Owner as an Assured named in this Policy.
6   Underwriters waive any right of subrogation against affiliated, subsidiary or interrelated companies of the Assured, provided that such waiver shall
7   not apply in the event of a collision between the Vessel and any vessel owned, demise chartered or otherwise controlled by any of the aforesaid com-
8   panies, or with respect to any loss, damage or expense against which such companies are insured.

### LOSS PAYEE

9   Loss, if any, payable to  Assureds
10
11   or order
12   Provided, however, Underwriters shall pay claims to others as set forth in the Collision Liability clause and may make direct payment to persons
13   providing security for the release of the Vessel in Salvage cases

### VESSEL

14   The Subject Matter of this insurance is the Vessel called the  As Per Attached Schedule of Vessels
15   or by whatsoever name or names the said Vessel is or shall be called, which for purposes of this insurance shall consist of and be limited to her hull,
16   launches, lifeboats, rafts, furniture, bunkers, stores, supplies, tackle, fittings, equipment, apparatus, machinery, boilers, refrigerating machinery, insula-
17   tion, motor generators and other electrical machinery.
18   In the event any equipment or apparatus not owned by the Assured is installed for use on board the Vessel and the Assured has assumed respon-
19   sibility therefor, it shall also be considered part of the Subject Matter and the aggregate value thereof shall be included in the Agreed Value.
20   Notwithstanding the foregoing, cargo containers, barges and lighters shall not be considered a part of the Subject Matter of this insurance.

### DURATION OF RISK

21   From the  10th  day  of  October, 2007  Noon, Central Standard time
22   to the  10th  day  of  October, 2008  Noon, Central Standard time

23   Should the Vessel at the expiration of this Policy be at sea, or in distress, or at a port of refuge of call, she shall, provided previous notice be
24   given to the Underwriters, be held covered at a pro rata monthly premium to her port of destination
25   In the event of payment by the Underwriters for Total Loss of the Vessel this Policy shall thereupon automatically terminate

### AGREED VALUE

26   The Vessel, for so much as concerns the Assured, by agreement between the Assured and the Underwriters in this policy, is and shall be valued at
27   As Per Attached Vessel Schedule Dollars

### AMOUNT INSURED HEREUNDER

28   As Per Attached Vessel Schedule Dollars

### DEDUCTIBLE

29   Notwithstanding anything in this Policy to the contrary, there shall be deducted from the aggregate of all claims (including claims under the Sue   **DELETED**
30   and Labor clause and claim under the Collision Liability clause) arising out of each separate accident, the sum of $As noted Within   , unless the
31   accident results in a Total Loss of the Vessel in which case this clause shall not apply.  A recovery from other interests, however, shall not operate to
32   exclude claims under this Policy provided the aggregate of such claims arising out of one separate accident if unreduced by such recovery exceeds that
33   amount.  For the purpose of this clause each accident shall be treated separately, but it is agreed that (a) a sequence of damages arising from the same acci-
34   dent shall be treated as due to that accident and (b) all heavy weather damage, or damage caused by contact with floating ice, which occurs, during a
35   single sea passage between two successive ports shall be treated as though due to one accident

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.
All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

PREMIUM

36     The Underwriters to be paid in consideration of this insurance ------------------------AS INCLUDED-------------------------
37    ------ -- -------------------- Dollars being at the annual rate of ---------------- per cent, which premium shall be due on attachment. If the Vessel
38    is insured under this Policy for a period of less than one year at pro rata of the annual rate, full annual premium shall be considered earned and immed-
39    ately due and payable in the event of Total Loss of the Vessel.

RETURNS OF PREMIUM

40    ~~Premium returnable as follows:~~
41    ~~Pro rata daily net in the event of termination under the Change of Ownership clause:~~
42    ~~Pro rata monthly net for each uncommenced month if it be mutually agreed to cancel this Policy:~~
43    ~~For each period of 30 consecutive days the Vessel may be laid up in port for account of the Assured.~~
44    ~~cents per cent, net not under repair, or~~
45    ~~cents per cent, net under repair:~~
46    ~~provided always that:~~
47    ~~(a) a Total Loss of the Vessel has not occurred during the currency of this Policy:~~
48    ~~(b) in no case shall a return for lay-up be allowed when the Vessel is lying in exposed or unprotected waters or in any location not approved by~~
49    ~~the Underwriters.~~
50    ~~(c) in the event of any amendment of the annual rate, the above rates of return shall be adjusted accordingly:~~
51    ~~(d) in no case shall a return be allowed when the Vessel is used as a storage ship or for lightering purposes.~~
52    ~~If the Vessel is laid up for a period of 30 consecutive days, a part only of which attaches under this policy, the Underwriters shall pay such pro-~~
53    ~~portion of the return due in respect of a full period of 30 days as the number of days attaching hereto bears to 30. Should the lay-up period exceed 30~~
54    ~~consecutive days. the Assured shall have the option to elect the period of 30 consecutive days for which a return is recoverable.~~

NON-PAYMENT OF PREMIUM

55    ~~In event of non-payment of premium 30 days after attachment, or of any additional premium when due, this Policy may be cancelled by the Under-~~
56    ~~writers upon 10 days written or telegraphic notice sent to the Assured at his last known address or in care of the broker who negotiated this Policy.~~
57    ~~Such proportion of the premium, however, as shall have been earned up to the time of cancellation shall be payable. In the event of Total Loss of the~~
58    ~~Vessel occurring prior to any cancellation or termination of this Policy full annual premium shall be considered earned.~~

ADVENTURE

59    Beginning the adventure upon the Vessel, as above, and so shall continue and endure during the period aforesaid, as employment may offer, in port or
60    at sea, in docks and graving docks, and on ways, gridirons and pontoons, at all times, in all places, and on all occasions, services and trades; with leave
61    to sail or navigate with or without pilots, to go on trial trips and to assist and tow vessels or craft in distress, but the Vessel may not be towed, except
62    as is customary or when in need of assistance, nor shall the Vessel render assistance or undertake towage or salvage services under contract previously
63    arranged by the Assured, the owners, the managers or the Charterers of the Vessel, nor shall the Vessel, in the course of trading operations, engage in
64    loading or discharging cargo at sea, from or into another vessel other than a barge, lighter or similar craft used principally in harbors or inland waters.
65    The phrase "engage in loading or discharging cargo at sea" shall include while approaching, leaving or alongside, or while another vessel is approaching,
66    leaving or alongside the Vessel.
67    The Vessel is held covered in case of any breach of conditions as to cargo, trade, locality, towage or salvage activities, or date of sailing, or loading
68    or discharging cargo at sea, provided (a) notice is given to the Underwriters immediately following receipt of knowledge thereof by the Assured, and
69    (b) any amended terms of cover and any additional premium required by the underwriters are agreed to by the Assured.

PERILS

70    Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire
71    Lightning. Earthquake, Enemies. Pirates, Rovers, Assailing Thieves, Jettisons. Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Re-
72    straints and Detainments of all Kings. Princes and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all
73    other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, excepting, how-
74    ever. such of the foregoing perils as may be excluded by provisions elsewhere in the policy or by endorsement thereon.

ADDITIONAL PERILS (INCHMAREE)

75    Subject to the conditions of this Policy, this insurance also covers loss of or damage to the Vessel directly caused by the following
76    Accidents in loading, discharging or handling cargo, or in bunkering;
77    Accidents in going on or off, or while on drydocks, graving docks, ways, gridirons or pontoons;
78    Explosion on shipboard or elsewhere;
79    Breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any
80    latent defect in the machinery or hull, (excluding the cost and expense of replacing or repairing the defective part);
81    Breakdown of or accidents to nuclear installations or reactors not on board the insured Vessel;
82    Contact with aircraft, rockets or similar missiles, or with any land conveyance:
83    Negligence of Charterers and/or Repairers, provided such Charterers and/or Repairers are not an Assured hereunder;
84    Negligence of Masters, Officers, Crew or Pilots
85    provided such loss or damage has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them.
86    Masters, Officers, Crew or Pilots are not to be considered Owners within the meaning of this clause should they hold shares in the Vessel.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

DELIBERATE DAMAGE (POLLUTION HAZARD)

87     Subject to the conditions of this Policy, this insurance also covers loss of or damage to the Vessel directly caused by governmental authorities
88 acting for the public welfare to prevent or mitigate a pollution hazard, or threat thereof, resulting directly from damage to the Vessel for which the
89 Underwriters are liable under this Policy, provided such act of governmental authorities has not resulted from want of due diligence by the Assured the
90 Owners, or Managers of the Vessel or any of them to prevent or mitigate such hazard or threat, Masters, Officers, Crew or Pilots are not to be considered
91 Owners within the meaning of this clause should they hold shares in the Vessel.

CLAIMS (GENERAL PROVISIONS)

92 In the event of any accident or occurrence which could give rise to a claim under this Policy, prompt notice thereof shall be given to the Under-
93 writers, and:
94    (a) where practicable, the Underwriters shall be advised prior to survey, so that they may appoint their own surveyor, if they so desire,
95    (b) the Underwriters shall be entitled to decide where the Vessel shall proceed for docking and/or repair (allowance to be made to the Assured for the
96       actual additional expense of the voyage arising from compliance with the Underwriters' requirement);
97    (c) the underwriters shall have the right of veto in connection with any repair firm proposed;
98    (d) the Underwriters may take tenders, or may require in writing that tenders be taken for the repair of the Vessel, in which event, upon acceptance
99       of a tender with the approval of the Underwriters, an allowance shall be made at the rate of 30 per cent, per annum on the amount insured for
100       each day or pro rata for part of a day, for time lost between the issuance of invitations to tender and the acceptance of a tender, to the extent
101       that such time is lost solely as the result of tenders having been taken and provided the tender is accepted without delay after receipt of the
102       Underwriters' approval
103     Due credit shall be given against the allowance in (b) and (d) above for any amount recovered:
104     (1) in respect of fuel, stores, and wages and maintenance of the Master, Officers or Crew allowed in General or Particular Average;
105     (2) from third parties in respect of damages for detention and/or loss of profit and/or running expenses;
106       for the period covered by the allowances or any part thereof;
107     No claim shall be allowed in Particular Average for wages and maintenance of the Master, Officers or Crew, except when incurred solely for the
108 necessary removal of the Vessel from one port to another for average repairs or for trial trips to test average repairs, in which cases wages and mainte-
109 nance will be allowed only while the Vessel is under way. This exclusion shall not apply to overtime or similar extraordinary payments to the Master,
110 Officers or Crew incurred in shifting the Vessel for tank cleaning or repairs or while specifically engaged in these activities, either in port or at sea,
111 General and Particular Average shall be payable without deduction, new for old.
112 The expense of sighting the bottom after stranding shall be paid, if reasonably incurred especially for that purpose, even if no damage be found.
113 No claim shall in any case be allowed in respect of scraping or painting the Vessel's bottom.
114 In the event of loss or damage to equipment or apparatus not owned by the Assured but installed for use on board the Vessel and for which the
115 Assured has assumed responsibility, claim shall not exceed (1) the amount the Underwriters would pay if the Assured were owner of such equipment or
116 apparatus, or (2) the contractual responsibility assumed by the Assured to the owners or lessors thereof, whichever shall be less.
117 No claim for unrepaired damages shall be allowed, except to the extent that the aggregate damage caused by perils insured against during the period
118 of the policy and left unrepaired at the expiration of the policy shall be demonstrated by the Assured to have diminished the actual market value of the
119 vessel on that date if undamaged by such perils.

GENERAL AVERAGE AND SALVAGE

120 ~~General Average and Salvage shall be payable as provided in the contract of affreightment, or failing such provision or there be no contract of~~
121 ~~affreightment, payable at the Assured's election either in accordance with York-Antwerp Rules 1950 or 1974 or with the Laws and Usages of the Port of~~
122 ~~New York. Provided always that when an adjustment according to the laws and usages of the port of destination is properly demanded by the owners~~
123 ~~of the cargo, General Average shall be paid accordingly.~~
124 ~~In the event of salvage, towage or other assistance being rendered to the Vessel by any vessel belonging in part or in whole to the same Owners or~~
125 ~~Charterers, the value of such services (without regard to the common ownership or control of the vessels) shall be ascertained by arbitration in the man-~~
126 ~~ner provided for under the Collision Liability clause in this Policy, and the amount so awarded so far as applicable to the interest hereby insured shall~~
127 ~~constitute a charge under this Policy.~~
128 ~~When the contributory value of the Vessel is greater than the Agreed Value herein, the liability of the Underwriters for General Average contribution~~
129 ~~(except in respect to amounts made good to the Vessel), or Salvage, shall not exceed that proportion of the total contribution due from the Vessel which~~
130 ~~the amount insured hereunder bears to the contributory value, and if, because of damage for which the Underwriters are liable as Particular Average, the~~
131 ~~Value of the Vessel has been reduced for the purpose of contribution, the amount of such Particular Average damage recoverable under this Policy shall~~
132 ~~First be deducted from the amount insured hereunder, and the Underwriters shall then be liable only for the proportion which such net amount bears~~
133 ~~To the contributory value.~~

TOTAL LOSS

134 In ascertaining whether the Vessel is a constructive Total Loss the Agreed Value shall be taken as the repaired value and nothing in respect of the
135 damaged or break-up value of the Vessel or wreck shall be taken into account.
136 There shall be no recovery for a constructive Total Loss hereunder unless the expense of recovering and repairing the Vessel would exceed the
137 Agreed Value. In making this determination, only expenses incurred or to be incurred by reason of a single accident or a sequence of damages arising
138 from the same accident shall be taken into account, but expenses incurred prior to tender of abandonment shall not be considered if such are to be
139 claimed separately under the Sue and Labor clause.
140 In the event of Total Loss (actual or constructive), no claim to be made by the Underwriters for freight, whether notice of abandonment has been
141 given or not.
142 In no case shall the Underwriters be liable for unrepaired damage in addition to a subsequent Total Loss sustained during the period covered by this
143 policy

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

## SUE AND LABOR

144 ~~And in case of any Loss or Misfortune. it shall be lawful and necessary for the Assured, their Factors, Servants and Assigns. to sue, labor and travel~~
145 ~~for, in, and about the defense, safeguard and recovery of the Vessel, or any part thereof. without prejudice to this insurance, to the charges whereof~~
146 ~~the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured~~
147 ~~in recovering, saving or preserving the Vessel shall be considered as a waiver or acceptance of abandonment.~~
148 ~~In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expenses that the amount insured~~
149 ~~hereunder bears to the Agreed Value, or that the amount insured hereunder (less loss and/or damage payable under this Policy) bears to the actual~~
150 ~~value of the salved property, whichever proportion shall be less, provided always that their liability for such expenses shall not exceed their proportionate~~
151 ~~part of the Agreed Value.~~
152 ~~If claim for Total Less is admitted under this Policy and sue and labor expenses have been reasonably incurred in excess of any proceeds realized~~
1522 ~~or value recovered. the amount payable under this policy will be the proportion of such excess that the amount insured hereunder (without deduction~~
154 ~~for loss or damage) bears to the Agreed Value or to the sound value of the Vessel at the time of the accident, whichever value was greater; provided~~
155 ~~always that Underwriters' liability for such expenses shall not exceed their proportionate part of the Agreed Value. The foregoing shall also apply to~~
156 ~~expenses reasonably incurred in salving or attempting to salve the Vessel and other property to the extent that such expenses shall be regarded as having~~
157 ~~been incurred in respect of the Vessel.~~

## COLLISION LIABILITY

158 ~~And it is further agreed that:~~
159 ~~(a) if the Vessel shall come into collision with any other ship or vessel, and the Assured or the Surety in consequence of the Vessel being at fault~~
160 ~~shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, the~~
161 ~~Underwriters will pay the Assured or the Surety, whichever shall have paid, such proportion of such sum or sums so paid as their respective sub-~~
162 ~~scriptions hereto bear to the Agreed Value, provided always that their liability in respect to any one such collision shall not exceed their propor~~
163 ~~tionate part of the Agreed Value~~
164 ~~(b) in cases where. with the consent in writing of a majority (in amount) of Hull Underwriters. the liability of the Vessel has been contested, or pro-~~
165 ~~ceedings have been taken to limit liability, the Underwriters will also pay a like proportion of the costs which the Assured shall thereby incur~~
166 ~~or be compelled to pay.~~
167 ~~When both vessels are to blame, then, unless the liability of the owners or charterers of one or both such vessels becomes limited by law, claims~~
168 ~~under the Collision Liability clause shall be settled on the principle of Cross-Liabilities as if the owners or charterers of each vessel had been compelled~~
169 ~~to pay to the owners or charterers of the other of such vessels such one-half or other proportion of the latter's damages as may have been properly allowed~~
170 ~~in ascertaining the balance or sum payable by or to the Assured in consequence of such collision.~~
171 ~~The principles involved in this clause shall apply to the case where both vessels are the property, in part or in whole, of the same owners or chart-~~
172 ~~erers. all questions of responsibility and amount of liability as between the two vessels being left to the decision of a single Arbitrator, if the parties~~
173 ~~can agree upon a single Arbitrator, or failing such agreement, to the decision of Arbitrations, one to be appointed by the Assured and one to be appointed~~
174 ~~by the majority (in amount) of Hull Underwriters interested; the two Arbitrators chosen to choose a third Arbitrator before entering upon the reference.~~
175 ~~and the decision of such single Arbitrator, or of any two of such three Arbitrators, appointed as above, to be final and binding~~
176 ~~Provided always that this clause shall in no case extend to any sum which the Assured or the Surety may become liable to pay or shall pay in conse~~
177 ~~quence of, or with respect to:~~
178 ~~(a) removal or disposal of obstructions, wrecks or their cargoes under statutory powers or otherwise pursuant to law:~~
179 ~~(b) injury to real or personal property of every description:~~
180 ~~(c) the discharge, spillage, emission or leakage of oil, petroleum products, chemicals or other substances of any kind or description whatsoever.~~
181 ~~(d) cargo or other property on or the engagements of the Vessel:~~
182 ~~(e) loss of life, personal injury or illness.~~
183 ~~Provided further that exclusions (b) and (c) above shall not apply to injury to other vessels or property thereon except to the extent that such injury~~
184 ~~arises out of any action taken to avoid, minimize or remove any discharge, spillage, emission or leakage described in (c) above~~

## PILOTAGE AND TOWAGE

185 This insurance shall not be prejudiced by reason of any contract limiting in whole or in part the liability of pilots, tugs, towboats, or their owners
186 when the Assured or the agent of the Assured accepts such contract in accordance with established local practice
187 Where in accordance with such practice, pilotage or towage services are provided under contracts requiring the Assured or the agent of the Assured·
188 (a) to assume liability for damage resulting from collision of the Vessel insured with any other ship or vessel. including the towing vessel, or
189 (b) to indemnify those providing the pilotage or towage services against loss or liability for any such damages.
190 It is agreed that amounts paid by the Assured or Surety pursuant to such assuming obligations shall be deemed payments "by way of damages to any other
191 person or persons" and to have been paid "in consequence of the Vessel being at fault" within the meaning of the Collision Liability clause in this Policy
192 to the extent that such payments would have been covered if the Vessel had been legally responsible in the absence of any agreement. Provided always
193 that in no event shall the aggregate amount of liability of the Underwriters under the Collision Liability clause, including this clause, be greater than
194 the amount of any statutory limitation of liability to which owners are entitled or would be entitled if liability under any contractual obligation referred to in
195 this clause were included among the liabilities subject to such statutory limitations.

## CHANGE OF OWNERSHIP

196 In the event of any change, voluntary or otherwise. in the ownership or flag of the Vessel, or if the Vessel be placed under new, or be
197 chartered on a bareboat basis or requisitioned on that basis, or if the Classification Society of the Vessel or her class therein be changed. cancelled or
198 withdrawn, then, unless the Underwriters agree thereto in writing, this Policy shall automatically terminate at the time of such change of ownership. flag,
199 management, charter. requisition or classification, provided, however, that:
200 (a) if the Vessel has cargo on board and has already sailed from her loading port, or is at sea in ballast, such automatic termination shall, if
201 required. be deferred until arrival at final port of discharge if with cargo, or at port of destination if in ballast,
202 (b) in the event of an involuntary temporary transfer by requisition or otherwise, without the prior execution of a written agreement by the

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

203   Assured, such automatic termination shall occur fifteen days after such transfer
204   This insurance shall not inure to the benefit of any transferee or charterer of the Vessel and. if a loss payable hereunder should occur between
205   the time of change or transfer and any deferred automatic termination. the Underwriters shall be subrogated to all of the rights of the Assured against
206   the transferee or charterer in respect of all or part of such loss as is recoverable from the transferee or charterer. and in the proportion which the
207   amount insured hereunder bears to the Agreed Value.
208   The term "new management" as used above refers only to the transfer of the management of the Vessel from one firm or corporation to another.
209   and it shall not apply to any internal changes within the offices of the Assured.

ADDITIONAL INSURANCES

210   It is a condition of this Policy that no additional insurance against the risk of Total Loss of the Vessel shall be effected to operate during the cur-
211   rency of this Policy by or for account of the Assured, Owners. Managers. Operators or Mortgagees except on the interests and up to the amounts enum-
212   erated in the following Sections (a) to (g). inclusive, and no such insurance shall be subject to P.P.I.. F.I.A. or other like term on any interests whatever
213   excepting those enumerated in Section (a): provided always and notwithstanding the limitation on recovery in the Assured clause a breach of this condition
214   shall not afford the Underwriters any defense to a claim by a Mortgagee who has accepted this Policy without knowledge of such breach'
215   (a)  DISBURSEMENTS. MANAGERS' COMMISSIONS. PROFITS OR EXCESS OR INCREASED VALUE OF HULL AND
216   MACHINERY, AND/OR SIMILAR INTERESTS HOWEVER DESCRIBED. AND FREIGHT (INCLUDING CHARTERED FREIGHT OR
217   ANTICIPATED FREIGHT) INSURED FOR TIME.  An amount not exceeding in the aggregate 25% of the Agreed Value.
218   (b)  FREIGHT OR HIRE. UNDER CONTRACTS FOR VOYAGE. An amount not exceeding the gross freight or hire for the current cargo passage and
219   next succeeding cargo passage (such insurance to include, if required. a preliminary and an intermediate ballast passage) plus the charges of insur-
220   ance. In the case of a voyage charter where payment is made on a time basis, the amount shall be calculated on the estimated duration of the
221   voyage. subject to the limitation of two cargo passages as laid down herein.  Any amount permitted under this Section shall be reduced, as the
222   freight or hire is earned. by the gross amount so earned. Any freight or hire to be earned under the form of Charters described in (d) below shall
223   not be permitted under this Section (b) if any part thereof is insured as permitted under said Section (d).
224   (c)  ANTICIPATED FREIGHT IF THE VESSEL SAILS IN BALLAST AND NOT UNDER CHARTER.  An amount not exceeding the anticipated gross
225   freight  on next cargo passage. such amount to be reasonably estimated on the basis of the current rate of freight at time of insurance. plus the charges of
226   insurance.  Provided. however. that no insurance shall be permitted by this Section if any insurance is effected as permitted under Section (b).
227   (d)  TIME CHARTER HIRE OR CHARTER HIRE FOR SERIES OF VOYAGES.  An amount not exceeding 50% of the gross hire which is to be earned
228   under  the charter in a period not exceeding 18 months.  Any amount permitted under this Section shall be reduced as the hire is earned under the charter
229   by  50% of the gross amount so earned but. where the charter is for a period exceeding 18 months. the amount insured need not be reduced while
230   it does not exceed 50% of the gross hire still to be earned under the charter. An insurance permitted by this Section may begin on the signing
231   of the charter
232   (e)  PREMIUMS  An amount not exceeding the actual premiums of all interest insured for a period not exceeding 12 months (excluding premiums
233   insured as permitted under the foregoing Sections but including. if required. the premium or estimated calls on any Protection and Indemnity or
234   War Risks and Strikes insurance) reducing pro rata monthly.
235   (f)  RETURNS OF PREMIUM  An amount not exceeding the  actual returns which are recoverable subject to "and arrival" or equivalent provision under
236   any policy of insurance
237   (g)  INSURANCE IRRESPECTIVE OF AMOUNT AGAINST:-Risks excluded by War. Strikes and Related Exclusions clause: risks enumerated in the
238   American  Institute War Risks and Strikes Clauses: and General Average and Salvage Disbursements.

WAR STRIKES AND RELATED EXCLUSIONS

239   The following conditions shall be paramount and shall supersede and nullify any contrary provisions of the policy.
240   This Policy does not cover any loss, damage or expense caused by, resulting from. or incurred as a consequence of.
241   (a)  Capture. seizure. arrest. restraint or detainment, or any attempt thereat, or
242   (b)  Any taking of the Vessel, by requisition or otherwise, whether in time of peace or war and whether lawful or otherwise: or
243   (c)  Any mine, bomb or torpedo not carried as cargo on board the Vessel. or
244   (d)  Any weapon of war employing atomic or nuclear fission an/or fusion or other like reaction or radioactive force or matter: or
245   (e)  Civil war. revolution. rebellion. insurrection, or civil strife arising therefrom. or piracy. or
246   (f)  Strikes. lockouts. political or labor disturbances, civil commotions. riots. martial law. military of usurped power: or
247   (g)  Malicious acts or vandalism. unless committed by the Master or Mariners and not excluded elsewhere under this War Strikes and Related Exclu-
248   sions clause: or
249   (h)  Hostilities or warlike operations (whether there be a declaration of war or not) but this subparagraph (h) not to exclude collision or contact with
250   aircraft. rockets or similar missiles,  or with any fixed or floating object. or stranding. heavy weather. fire or explosion unless caused directly by
251   a hostile act by or against a belligerent power which act is independent of the nature of the voyage or service which the Vessel concerned or. in
252   the case of a collision, any other vessel involved therein. is performing.  As used herein. "power" includes any authority maintaining, naval. mili-
253   tary or air forces in association with a power.
254   If war risks or other risks excluded by this clause are hereafter insured by endorsement on this Policy. such endorsement shall supersede the above
255   conditions only to the extent that the terms of such endorsement are inconsistent therewith and only while such endorsement remains in force.
CL. 1B

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## HULL

## SCHEDULE OF VESSELS

| No. | Vessel | Agreed Value Amount Insured Hereunder | GRT | HP | Built | Dimensions | Hull* Deductible | Type |
|-----|--------|------------------------------------|-----|------|-------|------------|-------------------|---------|
| 1. | "Mr. Ryan" | $ 500,000.00 | 98 | 1200 | 1982 | 110x26x12 | $15,000.00 | Utility |
| 2. | "Ms. D" | $ 500,000.00 | 98 | 1200 | 1980 | 110x26x10 | $15,000.00 | Utility |
| 3. | "Isabella" | $ 500,000.00 | 99 | 1200 | 1981 | 110x26x10 | $15,000.00 | Utility |
| | **Total:** | **$1,500,000.00** | | | | | | |

Each vessel deemed a separate insurance.

(*)any one accident, any one occurrence.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

*American Institute*
S.R. & C. C. Endorsement (Hulls)

*87-B-46 Revised)*
September 8, 1959

To be attached to and form a part of Policy No. CUL-15135.107
Of  the  Houston Casualty Company
Insuring    C & C Offshore, Inc., etal

In consideration of an additional premium, as provided below, this insurance is extended to cover additional risks. from and after  10/10/07 in accordance with the following clause:-

"This insurance also covers damage to or destruction of the property insured directly caused by strikers, locked out workmen. or persons taking part in labor disturbances or riots or civil commotions or caused by vandalism. sabotage, or malicious mischief, but excluding civil war, revolution, rebellion or insurrection. or civil strife arising therefrom, and warranted free from any claim for delay, detention or loss of use. and free from all loss, damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter.

Notwithstanding the exclusions in the * F. C. & S. Clause in the within policy 'vandalism', 'sabotage', and 'malicious mischief', as used herein, shall be construed to include willful or malicious physical injury to or destruction of the described property caused by acts committed by an agent of any Government, party or faction engaged in war, hostilities, or other warlike operations, provided such agent is acting secretly and not in connection with any operation of military or naval armed forces in the country where the described property is situated."

Until further notice the Assured shall pay, for the additional protection forded by the above clause, an additional premium of  (WAIVED) percent.  The Underwriters have the right nevertheless to change this rate at any time on 15 days written notice to the Assured; but the Assured shall have the option to cancel this endorsement as of the time when such change of rate would take effect, provided previous notice of such cancellation be given to the Underwriters.  The rate may be changed as above notwithstanding strikes. labor troubles or civil commotions. on board the vessel or elsewhere. may be threatened or actually exist either at the time when such notice is given or when it takes effect.

* War Strikes and Related Exclusions.

Dated:    10/10/07

srcc.end

Printed in U.S.A.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

000022

# Continental Underwriters, Ltd.
2235 N  HWY  1⁹0 – P O. BOX 2070 – COVINGTON,  LA  70434-2070

## CONDITIONS WITH RESPECT TO HULL AND MACHINERY:

It is understood and agreed that underwriter's limit of liability for any one vessel shall not exceed the hull value insured herein all interests combined.  This shall include, but not be limited to liability hereunder in respect of loss, damage, fees, expenses, deductibles  and/or annual aggregate and/or self insured retentions, and/or claims arising out of or in consequence  of  any one accident or occurrence.

## NON-OWNED EQUIPMENT CLAUSE:

This insurance is extended to cover equipment and apparatus, not owned by the Assured but installed for use on the insured vessel(s) and for which the Assured has assumed liability, whether such equipment or apparatus be in the nature of aid to navigation, communication or otherwise,  subject to all other terms and conditions. But, in no event shall the liability of Underwriters exceed the contractual liability of the Assured for such equipment or apparatus.  All such non owned equipment or apparatus installed on the vessel(s)  not owned by the Assured shall be included in the agreed valuation of the Hull, Machinery, etc.  Notwithstanding the foregoing no coverage is afforded hereunder to any such equipment or apparatus insured under separate policies.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

## AUTOMATIC ACQUISITION CLAUSE:

The privilege granted the insured by underwriters insuring this section allowing the automatic addition of a vessel to the schedule herein is limited to and subject to the following:

In consideration of an additional premium calculated solely by underwriters and further subject to the terms, conditions, navigation limits, warranties and limits of liability of this section, it is agreed that this section covers automatically similar type vessel(s) insured by this section which is(are) newly acquired, purchased, or bareboat chartered by the Assured. It is further agreed, the deductible for the newly acquired, purchased or bareboat chartered vessel during the acquisition notice period shall be the highest deductible on similar type vessel(s) insured hereunder. However, underwriters reserve the right to amend the deductible once notified of the acquisition to whatever they deem appropriate in their sole opinion. The deductible advised by underwriters shall be applicable from the actual date the vessel was acquired.

The Assured shall give written notice to Continental Underwriters, Ltd. where practicable, prior to such acquisition, but in no event longer than seven (7) days from acquisition, purchase or bareboat charter. Otherwise, there shall be no coverage afforded under this section.

The agreed valuation for Hull Insurance shall be as follows:

The purchase price.

With respect to bareboat chartered vessels:

The amount set forth in the written charter party executed by the Assured and vessel owner, but in no event shall the amount be more than the original purchase price, or the amount the bareboat chartered vessel was insured for prior to being chartered to the Assured; provided such value is not greater than the fair market value of the vessel at the commencement of the bareboat charter. In the event of a disagreement between these underwriters and Assureds as to said value, arbitration rules as provided in the attached American Institute Hull Clauses (June 2, 1977) shall be used to determine the insured value of said vessel for loss adjustment purposes hereunder. The cost of a survey to determine such value, will be at Assured's expense, and shall be performed by a surveyor approved and appointed by underwriters.

However, in no event will the maximum Hull and Machinery amount of insurance any one vessel may be insured for under this Automatic Acquisition Clause exceed $500.000.00.

Full annual premium if lost.

Warranted: A condition and valuation survey performed by a marine surveyor approved by underwriters is required on any vessel that is to be insured under this automatic acquisition clause. The Assured shall comply with all recommendations stated by the surveyor prior to attachment. The cost of the survey is at the Assured's expense.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

### ASSURED/LOSS PAYEE SCHEDULE

| Vessel(s) | Loss Payee |
|---|---|
| "Mr. Ryan" | Insured and State Bank & Trust Company, P.O. Box 745, Golden Meadow, LA  70357. |
| "Ms. D" | Insured and State Bank & Trust Company, P.O. Box 745, Golden Meadow, LA  70357. |
| "Isabella" | Insured and South Lafourche Bank & Trust, P.O.  Box 579, Golden Meadow, LA  70357. |

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## ADDITIONAL ASSURED:

In consideration of an additional premium (waived), it is understood and agreed that the following company(s) shall be considered an additional assured hereunder and underwriters' rights of subrogation shall be considered waived against said company(s) but only during such time as the vessel(s) insured hereunder is/are actually working for said company(s).

It is further understood and agreed that in respect to any claims and/or suits made against any assured named hereunder, other than the actual Owner, Manager, and/or charterer of the vessel(s) named herein, this policy covers only the costs of defending such claims and/or suits.

In the event of cancellation of this policy by Underwriters, ten (10) days written notice will be given to either the Company(s) listed below and/or to Broker/Agent representing the Assured, (unless cancelled for non-payment of premium in which event, only five (5) days notice will be given).

With Respect to Hull Insurance:

It is further understood and agreed that this policy does not provide coverage for any equipment of the additional assured placed on board the insured vessel(s).

Effective from inception:

AMC Marine Services & Phoenix International, Inc., P.O. Box 614, Golden Meadow, LA  70357

ATP Oil & Gas Corp., 4600 Post Oak Place, Suite 200, Houston, TX 77027-9726

Abdon Callais Offshore, LLC, P. O. Box 727, Golden Meadow, LA  70357

Apache Corp., 2000 Post Oak Blvd., Suite 100, Houston, TX 77056-4400

Applied Drilling Technology, Inc., 15375 Memorial Dr., Suite A200, Houston, TX 77210

Aker Marine Contractors, 2103 City West Blvd., Suite 400, Houston, TX  77042

Baker Energy, 785 Greens Parkway, Suite 100, Houston, TX  77067

Baker/MO Service, Inc., North Belt Office Center II, 785 Greens Parkway, Suite 100, Houston, TX  77067

Bilco Tools 7 Tennison, LLC, P.O. Box 9064, Houma, LA  70361

C & D Marine, LLC and Newfield, P. O. Box 779, Cut Off, LA  70345

Coldren Oil & Gas Company, LP, its subsidiaries, affiliates and related companies, partners, lessors, co-owner, joint interest owner and joint venturers, 228 St. Charles Ave., Suite 724, New Orleans, LA  70130

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## Page 2

Energy Logistics, Inc., 11200 Richmond Avenue, Suite 400. Houston, TX 77082

Global Industries Offshore, LLC, P. O. Box 442. Sulphur, LA 70664-0442

Gulf Offshore Logistics, LLC & Marlin Energy, P.O. Box 433, Mathews, LA 70375

Gulf South Marine Transportation & Logistics, LLC. P.O. Box 850, Larose, LA 70373 & Abes Boat Rentals, Apache, P.O. Box 549, Belle Chase, LA 70037

Gulf South Marine Transportation & Logistics, LLC & Gulf Offshore Logistics, LLC/CROSBY, P.O. Box 850. Larose, LA 70373

Horizon Offshore, 2500 City West Blvd., Suite 2200, Houston, TX 77042

Horizon Offshore Contractors. Inc., 2500 City West Blvd., Suite 2200, Houston, TX 77042

Kim Susan. Inc. & Hydro Gulf, P.O. Box 1428, Larose. LA 70373

Maritech Resources, Inc., 25025 I-45 North, The Woodlands, TX 77380

Masco Operators, Inc., P O Box 643, Freeport, TX 77542

Masco Operators, Inc. & Apache Corporation. P O Box 643, Freeport. TX 77542

Merit Energy Company. 1319 West Pinhook Road. Suite 330. Lafayette. LA 70503

Merit Resources, 25025 I-45 North, The Woodlands, TX 77380

Nexen Petroleum USA, Inc., 12790 Merit Drive. Suite 800, Dallas, TX 75251

Petsec Energy. Inc., 2861 Ambassador Caffery Parkway, Suite 500, Lafayette, LA 70503

SPN Resources, LLC, 1105 Road, Harvey, La. 70058.

SABCO Oil & Gas, 1360 Post Oak Blvd., Suite 2300, Houston. TX 77056-3050

Tetr Applied Technologies. LP, 25025 I-45 North, The Woodlands, TX 77380

Torch Offshore, 401 Whitney Avenue, Suite 400, Gretna, La. 70056

Unocal, 14141 Southwest Freeway, Sugarland, TX 77478

W & T Offshore, Inc., 3900 N. Causeway Blvd., 1 Lakeway Center, Suite 1210, Metairie, La. 70002

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N  HWY  190 – P. O. BOX 2070 – COVINGTON,  LA  70434-2070

## SPECIAL WORDING

Chet Morrison Contractors, Inc.

Permission is hereby granted to charter the vessel(s) to or to broker vessels through Chet Morrison Contractors, Inc. and/or any of their subsidiaries or affiliated companies; and for operations during the period of any such brokerage or charter, either oral or in writing: (a)  Chet Morrison Contractors, Inc., or any of their subsidiaries or affiliates, and/or any corporation, partnership or individual operating and/or working the vessel(s), and/or anyone for whom the vessel(s) is/are working or being operated, (hereinafter "Chet Morrison"), shall be considered as additional insureds under all coverage provided by the policies referenced above, and underwriters' rights of subrogation against the additional insureds are hereby waived; and (b) contractual liability shall be afforded Chet Morrison under this endorsement, which shall be deemed a written contract, providing defense and indemnity to Chet Morrison for any claims brought by or on behalf of the vessel's owners, employees, invitees, or crew for sickness, disease, personal injury or death, arising out of, directly or indirectly, the charter or brokerage of the vessel, regardless if caused or contributed to by the sole or concurrent fault, negligence, or strict liability of Chet Morrison.

The coverage afforded to such additional assureds under all coverage provided by these policies shall be in all respects and in all events extended up to the full limits provided by the policies listed.  Any limitation of coverage as to loss, damage or expense, "as owner" and "other than as owner" or any other provision herein inconsistent with the coverage of such additional insureds, and any language in any policy which limits coverage for Chet Morrison, in the event that the limitation of liability statue, applies, shall be deemed deleted.

All vessels chartered to Chet Morrison, whether specifically listed or not, shall automatically be covered by the policies listed.  It is expressly agreed that the insurance afforded by these policies shall be deemed to be primary of all other insurance, and any "other insurance clause" contained in this policy is hereby deleted.

In the event of cancellation of this policy by Underwriters, ten (10) days written notice will be given to either the Company(s) listed below and/or to Broker/Agent representing the Assured, (unless cancelled for non-payment of premium in which event, only five (5) days notice will be given.

Chet Morrison. P O Box 3301. Houma, La. 70361.

Notwithstanding the above, nothing contained in this endorsement shall increase Underwriters' limits of liability and/or coverages as set forth in this policy.  This insurance as amended by this endorsement is subject to all the terms, clauses, conditions, limitations.

Attached to and forming a part of Section "A" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

## Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

SECTION "B"

MARINE LIABILITIES:  Protection and Indemnity, including General Average and Salvage, Sue and Labor, Collision Liability with respect to non-towing vessels only and Boat Brokers Legal Liability.

According to the terms and conditions of the attached Protection and Indemnity, SP-23 (Revised 1/56) Clauses, as amended, and other Clauses attached to and forming a part of this Section.

Limit of Liability:      $1.000,000.00  any one accident, any one occurrence, arising out of the same event, combined single limit.

In respect to all claims, it is specifically understood and agreed that regardless of the number of type of liabilities insured against hereunder or the number of vessels or risks involved, it is agreed these Underwriters shall not be liable under this Section for more than $1,000,000.00 any one accident, any one occurrence or series of accidents or occurrences arising out of the same event including costs, expenses, and any deductible amount.

UNDERWRITERS:        Houston Casualty Company -  100%

This Section is a separate insurance but is always subject to the other terms and conditions stated in this Certificate except for the terms and conditions attached to and forming a part of Sections "A", "C", "D", "E" and "F".

Where the word "Policy" appears herein, it shall be deemed to read "Certificate".

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

PROTECTION AND INDEMNITY                                   SP-23 (Revised 1/56)

Amount Insured $1,000,000.00 Combined Single Limit          No. P.I.   CUL-15135.107
Premium  $        AS INCLUDED
Rate     $        AS INCLUDED

C & C Offshore, Inc., etal                                 hereinafter called the Assured;

Loss, if any, payable to  assured   or order.

In the sum of--------------------------$1,000,000.00 ----------------------------------------------Dollars

At and from the  10th day of  October, 2007   at     Noon, Central Standard time

until the       10th    day of   October, 2008   at     Noon, Central Standard time

against the liabilities of the Assured as hereinafter described in and subject to the terms and conditions
hereinafter set forth, in respect of the vessel called the (As Per Attached Vessel Schedule) (Tonnage--) or by
whatsoever other names the said vessel is or shall be named or called.

In consideration of the Stipulations Herein Named and of ------------------AS INCLUDED-----------

-------------------------------- Dollars, being Premium at the rate of -------AS  INCLUDED----------

The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators
and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel
named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or
happenings herein set forth:

| | | |
|---|---|---|
| Loss of Life, Injury and Illness | (1) | Liability for loss of life of, or personal injury to, or illness of, any person, <u>excluding, however, unless otherwise agreed by endorsement hereon,</u> liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others. |
| | | Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel named herein shall commence from the time of receipt by the Assured of the cargo on  dock or wharf or  on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from  dock or wharf of discharge or until discharge from the said vessel on to another vessel or craft. |
| Hospital, medical or other expenses | (2) | Liability for hospital, medical, or  other expenses  necessarily and reasonably incurred in respect of loss of  life of, personal injury to, or illness of any member of the crew of the vessel named herein or any other person.   Liability hereunder shall also include burial expenses  not exceeding Two Hundred  ($200)  Dollars, when necessarily and Reasonably incurred by the Assured for the burial of any seaman of said vessel. |
| Repatriation expenses | (3) | Liability for repatriation expenses of any member of the crew of the vessel named herein, necessarily and reason-ably incurred, under statutory obligation, excepting  such expenses as arise out  of or ensue from the termination Of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of  the said vessel, or by Other act of the Assured. Wages shall be included in  such expenses when  payable under  statutory  obligation. During unemployment due to the wreck or loss of said vessel. |

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.,
etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

| | | |
|---|---|---|
| Damage to other vessel or property on board caused by collision Principle of cross-liabilities to prevail | (4) | Liability for loss of. or damage to, any other vessel or craft, or to the freight thereof. or property on such other vessel or craft, caused by collision with the vessel named herein, insofar as such liability would not be covered by |

Full insurance under the ~~DELETED~~

(including the four-fourths running-down clause).

(a) Claims under this clause shall be settled on the principle of cross-liabilities to the same extent only as provided in the running-down clause above mentioned. (Attached Collision and Towers Liability wordings)

(b) Claims under this clause shall be divided among the several classes of claims enumerated in this policy and each class shall be subject to the deduction and special conditions applicable in respect of such class.

(c) Notwithstanding the foregoing, if any one or more of the various liabilities arising from such collision has been compromised. settled or adjusted without the written consent of the Assurer. the Assurer shall be relieved of liability for any and all claims under this clause.

| | | |
|---|---|---|
| Damage to other vessel or property on board not caused by collision | (5) | Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision. provided such liability does not arise by reason of a contract made by the assured. |

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured. the Assurer shall be liable as if such damaged property belonged to another. but only for the excess over any amount recoverable under any other insurance applicable on the property.

| | | |
|---|---|---|
| Damage to docks. piers, etc. | (6) | Liability for damage to any dock, pier, harbor, bridge, jetty, buoy. lighthouse. breakwater. structure, beacon. cable, or to any fixed or movable object or property whatsoever, except another vessel or craft. or property on another vessel or craft. |

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured. the Assurer shall be liable as if such damaged property belonged to another. but only for the excess over any amount recoverable under any other insurance applicable on the property.

| | | |
|---|---|---|
| Removal of Wreck | (7) | Liability for cost or expenses of. or incidental to. the removal of the wreck of the vessel named herein when such removal is compulsory by law. provided. however. that: |

(a) There shall be deducted from such claim for cost or expenses. the value of any salvage from or which might have been recovered from the wreck. inuring, or which might have inured, to the benefit of the Assured.

(b) The Assurer shall not be liable for such costs or expenses which would be covered by full insurance under the ~~DELETED~~

or claims arising out of hostilities or war-like operations, whether before or after declaration of war.

| | | |
|---|---|---|
| Cargo | (8) | Liability for loss of, or damage to. or in connection with cargo or other property. excluding mail and parcel post. including baggage and personal effects of passengers. to be carried. carried, or which has been carried on board the vessel named herein: |

Provided, however, that no liability shall exist under this provision for:

| | | |
|---|---|---|
| Specie. bullion. precious stones etc. | (a) | Loss. damage or expense arising out of or in connection with the custody. care. carriage or deliver of specie. bullion. precious stones. precious metals. jewelry. silks. furs. bank notes. bonds or other negotiable documents or similar valuable property. unless specially agreed to and accepted for transportation under a form of contract approved. in writing, by the Assurer. |

| | | |
|---|---|---|
| Refrigeration | (b) | Loss of, or damage to, or in connection with cargo requiring refrigeration unless the space. apparatus and means used for the care, custody, and carriage thereof have been surveyed by a classification surveyor or other competent disinterested surveyor under working conditions before the commencement of each voyage and found in all respects fit, and unless accepted for transportation under a form of contract approved. in writing, by the Assurer. |

| | | |
|---|---|---|
| Passengers' effects | (c) | Loss. damage, or expense in connection with any passenger's baggage or personal effects. unless the form of ticket issued to the passenger shall have been approved. in writing. by the Assurer. |

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

| | |
|---|---|
| Stowage in improper places | (d) Loss. damage, or expense arising from stowage of underdeck cargo on deck or stowage of cargo in spaces not suitable for its carriage. unless the Assured shall show that every reasonable precaution has been taken by him to prevent such improper stowage. |
| Deviation | (e) Loss. damage, or expense arising from any deviation, or proposed deviation, not authorized by the contract of affreightment. known to the Assured in time to insure specifically the liability therefor. unless notice thereof is given to the Assurer and the Assurer agrees. in writing, that such insurance is unnecessary. |
| Freight on cargo short delivered | (f) Freight on cargo short delivered. whether or not prepaid or whether or not included in the claim and paid by the Assured. |
| Misdescription of Goods | (g) Loss. damage, or expense arising out of or as a result of the issuance of Bills of Lading which. to the knowledge of the Assured improperly describe the goods or their containers as to condition or quantity. |
| Failure to surrender Bill of Lading | (h) Loss. damage, or expense arising out of delivery of cargo without surrender of Bill of Lading. |

And provided further that

(aa) Liability hereunder shall in no event exceed that which would be imposed by law in the absence of contract.

| | |
|---|---|
| Protective clauses required in contract of affreightment | (bb) Liability hereunder shall be limited to such as would exist if the Charter Party, Bill of Lading or Contract of Affreightment contained the following clause (in substitution for the clause commonly known as the Jason Clause): |

"In the event of accident. danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever. whether due to negligence or not. for which. or for the consequences of which. the shipowner is not responsible. by statute or contract or otherwise. the shippers, consignees or owners of the cargo shall contribute with the shipowner in general average to the payment of any sacrifices, losses or expenses of a general average nature that may be made or incurred. and shall pay salvage and special charges incurred in respect of the cargo."

When cargo is carried by the vessel named herein under a bill of lading or similar document of title subject or made subject to the Carriage of Goods by Sea Act, April 16. 1936, liability hereunder shall be limited to such as is imposed by said Act, and if the Assured or the vessel named herein assumes any greater liability or obligation than the minimum liabilities and obligations imposed by said Act. such greater liability or obligation shall not be covered hereunder.

When cargo is carried by the vessel named herein under a charter party. bill of lading or contract of affreightment not subject or made subject to the Carriage of Goods by Sea Act. April 16. 1936. liability hereunder shall be limited to such as would exist if said charter party. bill of lading, or contract of affreightment

| Limit per Package | contained the following clauses: a clause limiting the Assured's liability for total loss or damage to goods shipped to Two Hundred and Fifty ($250) Dollars per package, or in case of goods not shipped in packages. per customary freight unit, and providing for pro rata adjustment on such basis for partial loss or damage; a clause exempting the Assured and the vessel named herein from liability for losses arising from unsea- worthiness. even though existing at the beginning of the voyage. provided that due diligence shall have been exercised to make the vessel seaworthy and properly manned. equipped. and supplied; a clause providing that the carrier shall not be liable for claims in respect of cargo. unless notice of claim is given within the time limited in such Bill of Lading and suit is brought thereon within the limited time prescribed therein: and such other protective clauses as are commonly in use in the particular trade: provided the incorporation of such clauses is not contrary to law. |
|---|---|

The foregoing provisions as to the contents of the Bill of Lading and the limitation of the Assurer's liability may, however, be waived or altered by the Assurers on terms agreed. in writing.

| Assured's own cargo | (cc) Where cargo on board the vessel named herein is the property of the Assured. such cargo shall be deemed to be carried under a contract containing the protective clauses described in the preceding paragraph, and such cargo shall be deemed to be fully insured under the usual form of cargo policy. and in case of loss thereof or damage thereto the Assured shall be insured hereunder in respect of such loss or damage only to the extent that they would have been covered if said cargo had belonged to another, but only in the event and to the extent that the loss or damage would not be recoverable under a cargo policy as hereinbefore specified. |
|---|---|
| Cotton Bills of Lading | (dd) The Assured's liability for claims under Custody Cotton Bills of Lading issued under the conditions laid down by the Liverpool Bill of Lading Conference Committee. is covered subject to previous notice of contract and payment of an extra premium of two (2¢) cents per ton gross register per voyage. but such additional premium shall be waived provided every bale is re-marked at port of shipment on another portion of the bale. |

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

| | | |
|---|---|---|
| Land transportation not included | (ee) | No liability shall exist hereunder for any loss. damage or expense in respect of cargo or other property being transported on land or on another vessel.<br>No liability shall exist hereunder for any loss, damage or expense in respect of cargo before loading on or after discharge from the vessel named herein caused by flood, tide, windstorm, earthquake, fire, explosion, heat, cold, deterioration, collapse or wharf, leaky shed, theft or pilferage unless such loss, damage or expense is caused directly by the vessel named herein, her master, officers or crew. |
| Customs, immigration or other fines or penalties | (9) | Liability for fines and penalties, including expenses necessarily and reasonably incurred in avoiding or mitigating same, for the violation of any of the laws of the United States, or of any State thereof, or of any foreign country; provided, however, that the Assurer shall not be liable to indemnify the Assured against any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the Assured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a violation of any such laws. |
| Mutiny or other misconduct | (10) | Expenses incurred in resisting any unfounded claim by the master or crew or other persons employed on the vessel named herein, or in prosecuting such persons in case of mutiny or other misconduct. |
| Extraordinary expenses in case of quarantine, etc. | (11) | Liability for extraordinary expenses resulting from outbreak of plague or other contagious disease, including such expenses incurred for disinfection of the vessel named herein or persons on board, or for quarantine, but excluding the ordinary expenses of loading and/or discharging, and the wages and provisions of crew and passengers; each claim under this provision is subject to a deduction of Two Hundred ($200) Dollars. It is provided further, however: that if the vessel named herein be ordered to proceed to a port when it is or should be known that calling there will subject the vessel to the extraordinary expenses above mentioned, or to quarantine or disinfection there or elsewhere, the Assurer shall be under no obligation to indemnify the Assured for any such expenses. |
| Deviation for purpose of landing injured or ill | (12) | Net loss due to deviation incurred solely for the purpose of landing an injured or sick seaman in respect of port charges incurred, insurance, bunkers, stores, and provisions consumed as a result of the deviation. |
| Cargo's proportion of general average | (13) | Liability for, or loss of, cargo's proportion of general average, including special charges, in so far as the Assured cannot recover same from any other source; subject however, to the exclusions of Section (8) and provided, that if the Charter Party, Bill of Lading, or Contract of Affreightment does not contain the quoted clause under Section 8 (bb) the Assurer's liability hereunder shall be limited to such as would exist if such clause were contained therein. |
| Costs and charges | (14) | Costs, charges, and expenses, reasonably incurred and paid by the Assured in defense against any liabilities insured against hereunder in respect of the vessel named herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided. |

## GENERAL CONDITIONS AND/OR LIMITATIONS

| | |
|---|---|
| Prompt notice of claim | Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences. |
| Settlement of claims | The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable. The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made. |
| Assured to assist with evidence in defense, etc. | Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as hereinbefore provided. |

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

| | |
|---|---|
| Law costs | The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible. The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful. |

The Assurer shall be liable for the excess where the amount deductible under this policy is exceeded by (A) the Cost of investigating and/or successfully defending any claim or suit against the assured based on a liability or an alleged liability of the Assured covered by this insurance, or (B) the amount paid by the Assured either under a judgment or an agreed settlement based on the liability covered herein including all costs, expenses of defense and taxable disbursements.

| | |
|---|---|
| Subrogation | The Assurer shall be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.<br><br>The Assurer shall be entitled to take credit for any profit accruing to the Assured by reason of any negligence or wrongful act of the Assured's servants or agents, up to the measure of their loss, or to recover for their own account from third parties any damage that may be provable by reason of such negligence or wrongful act. |
| Cover elsewhere | Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise. |
| Assignments | No claim or demand against the Assurer under this policy shall be assigned or transferred, and no person, excepting a legally appointed receiver of the property of the Assured, shall acquire any right against the Assurer by virtue of this insurance without the expressed consent of the Assurer. |
| Actions against Assurers | No action shall lie against the Assurer for the recovery of any loss sustained by the Assured unless such action is brought against the Assurer within one year after the final judgment or decree is entered in the litigation against the Assured, or in case the claim against the Assurer accrues without the entry of such final judgment or decree, unless such action is brought within one year from the date of the payment of such claim. |
| Time limitation | The Assurer shall not be liable for any claim not presented to the Assurer with proper proofs of loss within six (6) months after payment thereof by the Assured. |
| Lay-up returns | ~~At the expiration of this policy, the Assurer is to return ——————— for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port; or ——————— for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port without loading and/or discharging and without crew or cargo on board, provided the Assured give written notice to the Assurer as soon as practicable after the commencement and the termination of such lay-up period.~~ |

Cancellation provisions:

(a) ~~If the vessel named herein shall be taken or requisitioned and this policy be cancelled and surrendered, the Assurer to return ——————— for each thirty (30) consecutive days of the unexpired term of this insurance.~~

(b) ~~In the event of non-payment of premium within sixty (60) days after attachment, this policy may be cancelled by the Assurer upon five (5) days' written notice being given the Assured.~~

(c) In the event that Sections 182 to 189, both inclusive, of the U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Assurer shall have the right to cancel said insurance upon giving thirty (30) days' written notice of their intentions so to do, and in the event of such cancellation, make return of premium upon a pro rata daily basis.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 - P O BOX 2070 – COVINGTON. LA 70434-2070

Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer:

~~For any loss, damage, or expense which would be payable under the terms of the form of policy on hull and machinery if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense~~

For any loss, damage or expense sustained by reason of capture, seizure, arrest, restraint or detainment, or the consequence thereof or of any attempt thereat; or sustained in consequence of military, naval or air action by force of arms, including mines and torpedoes or other missiles or engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence or otherwise, and whether before of after a declaration of war.

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel named herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

For any loss, damage, expense, or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or personal injury to passengers and/or members of the crew of the vessel named herein arising as a result of towing.

For any claim for loss of life or personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor.

It is expressly understood and agreed if and when the Assured under this policy has any interest other than as a shipowner in the vessel or vessels named herein, in no event shall the Assurer be liable hereunder to any greater extent than if such Assured were the owner and were entitled to all the rights of limitation to which a shipowner is entitled.

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

Liability hereunder in respect of any one accident or occurrence is limited to the amount hereby insured.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

## PROTECTION AND INDEMNITY

## SCHEDULE OF VESSELS

| No. | Vessel | Limit of Liability Insured Hereunder | GRT | HP | Built | Dimensions | Crew | Type |
|-----|--------|-------------------------------------|-----|------|-------|------------|------|------|
|     |        |                                     |     |      |       |            |      |      |
| 1.  | "Mr. Ryan" | $1,000,000.00 | 98 | 1200 | 1982 | 110x26x12 | 4 | Utility |
| 2.  | "Ms. D" | $1,000,000.00 | 98 | 1200 | 1980 | 110x26x10 | 4 | Utility |
| 3.  | "Isabella" | $1,000,000.00 | 99 | 1200 | 1981 | 110x26x10 | 4 | Utility |
|     |        |               |    |      |       | **Total:** | 12 |         |

Each vessel deemed a separate insurance.

CREW WARRANTY:

Warranted overall maximum crew compliment shall not be excess of 12 crewmen exposed at any one time during policy period.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CONDITIONS:

## DEDUCTIBLES:

| | |
|---|---|
| Protection and Indemnity: | $10,000.00  loss of life, personal injury/illness any one accident, any one occurrence, each vessel, combined single limit. |
| All other claims, including General Average and Salvage, Sue and Labor and Collision Claims: | $15,000.00  any one accident, any one occurrence, each vessel. |
| Boat Brokers Legal Liability: | $15,000.00  any one accident, any one occurrence, each vessel. |

Warranted, in consideration of the premium charged, the limit of liability as contained herein shall be Inclusive of any deductibles (howsoever described) and/or self-insured retention of the insureds named herein.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

000037

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CONDITIONS: (continued)

### GENERAL AVERAGE AND SALVAGE:

General Average and Salvage shall be payable as provided in the contract of affreightment, or failing such provision or there be no contract of affreightment, payable at the Assured's election either in accordance with York-Antwerp Rules 1950 or 1974 or with the Laws and usages of the Port of New York.  Provided always that when an adjustment according to the laws and usages of the port of destination is property demanded by the owners of the cargo, General Average shall be paid accordingly.

In the event of salvage, towage or other assistance being rendered to the Vessel by any vessel belonging in part or in whole to the same Owners or Charterers, the value of such services (without regard to the common ownership or control of the vessel(s) shall be ascertained by arbitration in the manner provided for under the Collision Liability clause in this Policy, and the amount so awarded so far as applicable to the interest hereby insured shall constitute a charge under this Policy.

When the contributory value of the Vessel is greater than the Agreed Value herein, the liability of the Underwriters for General Average contribution (except in respect to amounts made good to the Vessel), or Salvage, shall not exceed that proportion of the total contribution due from the Vessel which the amount insured hereunder bears to the contributory value, and if, because of damage for which the Underwriters are liable as Particular Average, the value of the Vessel has been reduced for the purpose of contribution, the amount of such Particular Average damage recoverable under this Policy shall first be deducted from the amount insured hereunder, and the Underwriters shall then be liable only for the proportion which such net amount bears to the contributory value.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CONDITIONS: (continued)

### SUE AND LABOR:

And in case of any Loss or Misfortune, it shall be lawful and necessary for the Assured, their Factors, Servants and Assigns, to sue, labor and travel for, in, and about the defense, safeguard and recovery of the Vessel, or any part thereof, without prejudice to this insurance, to the charges whereof the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured in recovering, saving or preserving the Vessel shall be considered as a wavier or acceptance of abandonment.

In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expenses that the amount insured hereunder bears to the Agreed Value, or that the amount insured hereunder (less loss and/or damage payable under this Policy) bears to the actual value of the salved property, whichever proportion shall be less; provided always that their liability for such expenses shall not exceed their proportionate part of the Agreed Value.

If claim for Total Loss is admitted under this Policy and sue and labor expenses have been reasonably incurred in excess of any proceeds realized or value recovered, the amount payable under this Policy will be the proportion of such excess that the amount insured hereunder (without deduction for loss or damage) bears to the Agreed Value or to the sound value of the Vessel at the time of the accident, whichever value was greater; provided always that Underwriters' liability for such expenses shall not exceed their proportionate part of the Agreed Value. The foregoing shall also apply to expenses reasonably incurred in salving or attempting to salve the Vessel and other property to the extent that such expenses shall be regarded as having been incurred in respect of the Vessel.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CONDITIONS: (continued)

### AUTOMATIC ACQUISITION CLAUSE:

The privilege granted the insured by underwriters insuring this section allowing the automatic addition of a vessel to the schedule herein is limited to and subject to the following:

In consideration of an additional premium calculated solely by underwriters and further subject to the terms, conditions, navigation limits, warranties and limits of liability of this section, it is agreed that this section covers automatically similar type vessel(s) insured by this section which is(are) newly acquired, purchased, or bareboat chartered by the Assured. It is further agreed, the deductible for the newly acquired, purchased or bareboat chartered vessel during the acquisition notice period shall be the highest deductible on similar type vessel(s) insured hereunder. However, underwriters reserve the right to amend the deductible once notified of the acquisition to whatever they deem appropriate in their sole opinion. The deductible advised by underwriters shall be applicable from the actual date the vessel was acquired.

The Assured shall give written notice to Continental Underwriters, Ltd. where practicable, prior to such acquisition, but in no event longer than seven (7) days from acquisition, purchase or bareboat charter. Otherwise, there shall be no coverage afforded under this section.

However, in no event will the maximum Protection and Indemnity amount of insurance any one vessel may be insured for under this Automatic Acquisition Clause exceed $1,000,000.00.

Full annual premium if lost.

Warranted: A condition and valuation survey performed by a marine surveyor approved by underwriters is required on any vessel that is to be insured under this automatic acquisition clause. The Assured shall comply with all recommendations stated by the surveyor prior to attachment. The cost of the survey is at the Assured's expense.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CONDITIONS: (continued)

Effective from inception, it is understood and agreed that any vessel not insured herein and/or a Section of this certificate for Hull and Machinery coverage shall not be covered for General Average and Salvage and Sue and Labor by these underwriters.

### DROP DOWN PROVISION:

Notwithstanding anything contained herein to the contrary, in the event of Bankruptcy, Non Collectability or Insolvency of an insured herein, in no event shall this policy drop down below the deductible and/or Annual Aggregate Deductible and/or Self-Insured Retention described herein.

### INCORPORATING CLAUSE:

It is understood and agreed that the named assureds, loss payees, additional assureds, waivers of subrogation, prior notice of cancellations provisions appearing in the Hull Policy shall be deemed incorporated herein but only insofar as those vessels named herein are concerned.

### CARGO LEGAL LIABILITY:

***This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith***

It is understood and agreed that by way of amendments of the printed SP-23 Protection and Indemnity Form attached, this insurance shall cover, subject to its terms and conditions, the insured's legal liability for loss of or damage to cargo. This extension of coverage shall not increase underwriters combined limit of liability as shown in this section.

### MARINE CONTRACTUAL LIABILITY:

In consideration of the premium for which this insurance is written, the coverage afforded under this Section is extended to insure the liability of the Assured arising out of written hold harmless and/or indemnity agreements contained in such contracts as have been or may be entered into by the Assured for the furnishing of SCHEDULED vessels. Provided, however, that this provision will not extend underwriters' liability beyond the limits and/or conditions set forth by the SP23 form (as amended) herein.

Notwithstanding the above, should coverage for Marine Contractual Liability exist outside this policy then no coverage exists herein. Further, nothing contained within this policy shall operate to increase Underwriters' limit of liability as set forth in this policy, nor shall it extend the insuring conditions beyond scheduled vessel(s) operations.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

## MARINE LIABILITIES CONDITIONS: (continued)

## EMPLOYMENT RELATIONS EXCLUSIONS:

In consideration of the premium charged, it is hereby agreed that this policy shall not apply to "bodily injury", "property damage" or "personal injury" to:

(1)    An employee or former employee, or any other person working for, or with any assured, whether or not arising out of or in the course of employment by the Assured, or an applicant for employment with any assured, if the "bodily injury", "property damage" or "personal injury" including but not limited any psychological injury or mental anguish arises out of any of the following:

    a.    Refusal to Employ or Rehire;
    b.    Termination of Employment, Lay-Off or Retirement;
    c.    Coercion:
    d.    Demotion or Non-Promotion;
    e.    Performance Evaluation:
    f.    Reassignment or Transfer;
    g.    Discipline;
    h.    Defamation;
    i.    Harassment;
    j.    Humiliation;
    k.    Discrimination including but not limited to discrimination based upon race, color, creed, religion, political belief, age, physical type, physical limitation or handicap. medical condition, sex or sexual preference;
    l.    Sexual abuse including rape, sodomy, sexual acts of a non-consenting nature, sexual harassment or humiliation. and assault and/or battery in connection with the foregoing;
    m.    Other employment related practices, policies, acts or omissions; or

2.    The spouse. domestic partner, child, parent, brother, sister, or other relative of that employee, former employee or any applicant for employment as consequence of (1) above.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 - P O. BOX 2070 – COVINGTON. LA 70434-2070

## MARINE LIABILITIES SPECIAL CLAUSES:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1. any claims arising out of paragraphs 8 and 13 of the SP-23 Form, or any other claim in respect of equipment or property within the care, custody or control of the Assured;

2. any claims for loss. damage, liability or expense arising directly or indirectly from pollution or contamination by any substance whatsoever;

3. any claim for bodily or personal injury or death, or loss of. damage to, or loss of use of property directly or indirectly caused by asbestos and/or lead;

4. any claim arising from directly or indirectly caused by or associated with Human T-Cell Lymphotropic Virus type III (HILV III) or Lymphadenopathy Associated Virus (LAV) or the mutants derivatives or variations thereof or in any way related to Acquired Immune Deficiency Syndrome or any syndrome or condition of the similar kind howsoever it may be named.

5. ~~Unless otherwise specially endorsed hereon, this Policy does not cover excess collision liability (and/or excess tower's liability in the case of a tug).~~ DELETED

6. ~~Unless otherwise specially endorsed hereon, all vessels engaged in towing which are insured herein are deemed to be fully insured under the terms of the American Tug Syndicate Form (August 1st, 1976) 53R-1. or equivalent. and all other vessels are deemed to be fully insured under the American Institute Hull Clauses (June 2nd, 1977), or equivalent.~~ DELETED

7. It is understood that liability hereunder in respect of loss, damage, costs. fees, expenses and/or claims arising out of. or in consequence of, any one occurrence is limited to the amount hereby insured.

8. It is understood and agreed if and when the Assured or any Additional Assured under this Policy is entitled to limit his liability, the liability hereunder as to that Assured or additional assured shall not exceed the amount of such limitation.

9. Underwriter's Claims Notification Clause, shall be deemed to be incorporated into the terms of this policy.

10. This policy is one of indemnity and this principle may only be varied at the sole discretion of and on terms to be decided by Underwriters.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P.O. BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CLAUSES:

### CLAIMS NOTIFICATION CLAUSE:

Notwithstanding anything else to the contrary contained in this policy, it is hereby agreed that the insurers hereunder are not liable for any loss, damage, injury, expense, cost or claim whatsoever which otherwise would be recoverable under this policy of insurance, unless notice of such loss, damage, injury expense, cost or claim or circumstances which have not but may give rise of a claim against the Assured is given in writing within 36 months from the expiry date of this policy.

If the aforesaid 36 month period relating to written notifications to insurers is invalidated by any law to which the assured is subject, then such period shall be deemed to be amended to the minimum period permitted by such law.

### PROMPT NOTICE OF CLAIM CLAUSE: (Other than under Marine General Liability):

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

### OCCUPATIONAL DISEASE, ILLNESS OR INJURY EXCLUSION:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1.   Any liability to any person, or their duly authorized representative, of whatsoever nature of the Assured, whether for damages, maintenance and cure, fines and penalties or funeral expenses, arising out of loss of life of, or injury to, or illness of, any person due to occupational and/or industrial diseases, illness and/or injuries, gradually contracted from the character of his present or prior employment, including but not limited to multiple exposures to petroleum and/or any other chemical(s) and/or substances of any nature, because thereof, and incidental thereto, and whether or not such employment be in the service of the Assured or otherwise; and

2.   Any costs and expenses of investigating and/or defending any claim or suit against the Assured arising out of a liability or alleged liability of the Assured excluded above.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N  HWY  190 – P  O. BOX 2070 – COVINGTON,  LA  70434-2070

## MARINE LIABILITIES CLAUSES: (continued)

## EXCESS COLLISION LIABILITY CLAUSE WITH RESPECT TO NON-TOWING VESSELS AND/OR EXCESS COLLISION AND TOWER'S LIABILITY CLAUSE WITH RESPECT TO TOWING VESSELS TUGS/PUSHBOATS ONLY

Coverage is extended to include Excess Collision Liability and/or Excess Collision and Tower's Liability excess of the Hull and Machinery value.  Coverage is limited to the difference between Hull and Machinery value and $1,000,000.00 any one accident and/or any one occurrence, combined single limit.

Notwithstanding the above, nothing contained in this endorsement shall increase Underwriters' limits of liability and/or coverage as set forth in this policy.  The insurance as amended by this endorsement is subject to all the terms, clauses, conditions, limitations and exclusions of this policy.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

000045

# Continental Underwriters, Ltd.

2235 N HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## MARINE LIABILITIES CLAUSES: (continued)

### WITH RESPECT TO NON-TOWING VESSELS

### SCHEDULED HEREIN

### COLLISION LIABILITY WORDING

In consideration of the premium charged it is hereby understood and agreed  that the following Collision Liability wording, Lines 158 – 184 of the  American Institute Hull Clauses,  (June 2, 1977) is included herein with respect to Non -Towing vessels insured hereunder:

COLLISION LIABILITY

158    And it is further agreed that:

159    (a)  if the Vessel shall come into collision with any other ship or vessel. and the Assured or the Surety in consequence of the Vessel being at fault
160         shall become liable to pay and shall pay by way of  damages  to any other  person or persons any  sum or  sums in  respect of  such collision, the
161         Underwriters will pay  the Assured or the Surety, whichever shall  have  paid, such proportion of such sum or sums so paid as their respective
162         subscriptions hereto  bear to the Agreed Value, provided always that  their liability in  respect to any one such  collision shall  not  exceed their
163         proportionate  part of the Agreed  Value;

164    (b)  in cases where, with  the consent in  writing of  a  majority  (in amount) of  Hull Underwriters. the liability of the Vessel has been contested, or
165         proceedings have been taken  to limit  liability, the Underwriters will also  pay a like proportion of  the costs  which  the Assured  shall  thereby incur
166         or be compelled to pay.

167         When both vessels are to blame, then, unless the liability of the owners or charterers  of one or  both such vessels  becomes limited  by law, claims
168    under the Collision Liability clause shall  be settled on the principle of  Cross-Liabilities  as if the owners or charterers of each vessel had been compelled
169    to pay to the owners or charterers of the other of such vessels such one-half or other proportion of the latter's damages as may have been properly allowed
170    in ascertaining the balance or sum payable by or to the Assured in consequence of such collision.

171         The principles involved in this clause shall apply to the case where both vessels are the property, in part or in whole, of the same  owners or chart-
172    erers, all questions of responsibility and amount of liability as between  the  two vessels being left to the decision of a single Arbitrator, if the parties
173    can agree upon a single Arbitrator, or failing such agreement, to  the  decision of  arbitrators, one to be appointed by the Assured and one to be  appointed
174    by the majority (in amount) of Hull Underwriters interested; the two Arbitrators chosen to choose a third Arbitrator before entering upon the reference,
175    and the decision of such single Arbitrator, or of any two of such three Arbitrators, appointed as above, to be final and binding.

176    Provided always that this clause shall in no case extend to any sum which the Assured or the Assured or the Surety may become liable to pay or shall pay in
177    consequence  of, or with respect to.

178         (a) removal or disposal of obstructions, wrecks or their cargoes under statutory powers or otherwise pursuant to law;
179         (b) injury to real or personal property of every description;
180         (c)  the discharge, spillage, emission or leakage of oil, petroleum products, chemicals or other substances of any kind or description whatsoever;
181         (d) cargo or other property on or the engagements of the Vessel;
182         (e) loss of life, personal injury or illness.

183         Provided further than exclusions (b) and (c) above shall not apply to injury to other  vessels or  property thereon except to the extent that such injury
184    Arises out of any action taken to avoid, minimize or remove any discharge, spillage, emission or leakage described in (c) above.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

American Institute
POLLUTION EXCLUSION CLAUSE (P&I)
   and BUY BACK ENDORSEMENT A
         (July 4. 1976)

To be attached to and form a part of  Policy No. CUL-15135.107 of the  Houston Casualty Company

Insuring  C & C Offshore. Inc., etal

This Policy will not indemnify the Assured against any sum(s) paid, nor insure against any liability, with respect to any loss, damage, cost, liability, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the Assured, directly or indirectly in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air, of oil, petroleum products, chemicals or other substances of any kind or nature whatsoever.

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $(AS INCLUDED) THE ABOVE POLLUTION EXCLUSION CLAUSE (P&I) SHALL NOT APPLY TO SUMS PAID. OR LIABILITY OF THE ASSURED:

1)    For loss of life of, or bodily injury to, or illness of, any person; or,

2)    For loss, damage or expense to any cargo or property carried on board the insured Vessel (s) or,

3)    For loss, damage or expense to any cargo or property on board any other vessel or contained or stored ashore unless such sums are paid, or liability is imposed, as a result of contact of such cargo or property with oil. petroleum products. chemicals or other substances of any kind or nature whatsoever arising in consequence of their sudden and accidental discharge, emission, spillage or leakage upon or into the seas. waters. land or air; or,

4)    For contamination of any cargo or property resulting from the pumping of oil, petroleum products, chemicals  or any other substances of any kind or nature whatsoever directly into any other vessel. or between tanks of the insured Vessel(s), or into storage tanks or receptacles ashore or elsewhere.

PROVIDED that such sums, or such liability, are insured elsewhere under the terms and conditions of this Policy.  All other terms and conditions, including any deductible provisions. of this Policy shall remain unchanged.

Dated:  10/10/07

pollbb.A

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## BOAT BROKERS LEGAL LIABILITY WORDING

1.  NAME OF INSURED:        C & C Offshore, Inc., etal

2.  POLICY TERM:            October 10, 2007 to October 10, 2008, Noon, C.S.T.

3.  INSURING AGREEMENT:

Underwriters agree to pay on behalf of the Assured all sums which the assured shall be obligated to pay by reason of the liability imposed upon it by law arising out of the hiring and/or re-hiring or charter brokerage of tugs, barges and other vessels and or craft for the movement of cargoes and/or vessels of third parties for a valuable consideration paid the assured as commission, brokerage or charter hire.

4.  DEFENSE, SETTLEMENTS, SUPPLEMENTARY PAYMENTS:

With respect to such insurance as is afforded by this insurance, and subject to the Deductible set forth in this policy, the Underwriters will:

   A.   Defend any suit against the Assured seeking damages even if such suit is groundless, false or fraudulent, including without limitations except as expressly set forth in this insurance, claims for personal injury sickness, disease, or death, or for property damage or destruction, or from damages resulting from errors or omissions of the Assured, and/or the Owners and/or the Operators of the tugs and barges hired, re-hired or brokered, Underwriters may make such investigation, negotiation, and settlement of any such claim as it deems expedient within the limits of this insurance.

   B.   (1)   Pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this insurance and all premiums on appeal bonds required in any such defended suit.

        (2)   Pay all expenses incurred by the Underwriters, all costs taxed against the assured on any such suit and all interest accruing after entry of judgment until the underwriters have paid or tendered or deposited on account such part of such judgment as does not exceed the limit of the Underwriters' liability thereon.

        (3)   Reimburse the Assured for all reasonable expenses, other than loss of earnings, incurred at the Underwriters' request.

5.  INSURANCE PERIOD, TERRITORY:

October 10, 2007 to October 10, 2008,  Continental United States

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N HWY 190 – P.O. BOX 2070 – COVINGTON, LA 70434-2070

## BOAT BROKERS LEGAL LIABILITY WORDING

6.   **EXCLUSIONS:**

THIS INSURANCE DOES NOT APPLY............

A.   To liability assumed by the Assured under any contract or agreement but this exclusion shall not apply if the Assured would have been liable irrespective of such contract or agreement.

B.   To Injury, Sickness, Disease, Death or Destruction due to war, whether or not declared, civil war, insurrection, rebellion or revolution.

C.   To Bodily Injury and/or Illness and/or Death resulting therefrom to employees of the Assured on the direction and actual payroll of the Assured, to whom the Assured may be held liable under any compensation law or by reason of the relationship of master and servant.  It is understood and agreed that any person making claim on the basis of a "Borrowed Servant" shall not be considered an employee of the Assured.

D.   To Damage to or Destruction of Property owned by or occupied by the Assured, or vessels hired and/or re-hired by the Assured, or property as to which the Assured is exercising actual physical control under bareboat charter.

E.   To liability arising from watercraft owned by the Assured or under Bareboat charter to the Assured.

F.   To the first $15,000.00 any one accident or occurrence in respect of loss of life and/or injury and/or property damage.

G.   To injury to or destruction of property caused intentionally by or at the direction of the Assured.

H.   To any claims for Errors and/or Omissions of the Assured and/or the Owners and/or the Operators and/or Employees of the Assured of all vessels brokered, including defense of errors and omissions claims, but this exclusion is only to apply to such claims that are directly due to the privity of the Assured.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## BOAT BROKERS LEGAL LIABILITY WORDING

I. F. C. & S. Clause:  Notwithstanding anything herein to the contrary. the insurance is warranted free from capture, seizure. arrest, restraint, detainment, confiscation, preemption, requisition, or nationalization, and the consequences thereof or any attempt threat, whether in time of peace or war and whether lawful or otherwise; also warranted free, whether in time of peace or war, from all loss. damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter or by any mine or torpedo, also warranted free from all consequences of hostilities or warlike operations (whether there be a declaration or war or not), but this warranty shall not exclude collision or contact with aircraft, rockets or similar missiles or with any fixed or floating object, (other than a mine or torpedo) stranding. heavy weather, fire or explosion unless caused directly (and independently of the nature of the  voyage or service which the vessel involved there in, is performing), by a hostile act by or against a belligerent power and for the purpose of this warranty "Power" includes any authority maintaining naval, military or air forces in association with power. Further warranted free from the consequences of civil war. revolution, rebellion insurrection, or civil strife arising therefrom or piracy.

7. PREMIUM:   As Included

8 LIMIT OF LIABILITY:

$1.000.000.00 any one accident or occurrence in respect of loss of life and/or injury and/or property damage.

9. SUBROGATION:

In the event of any payment under this insurance, the Underwriters shall be subrogated to all the assured's rights of recovery therefrom against any person or organization and the Assured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.  The Assured shall do nothing after loss to prejudice such rights.

10. NOTIFICATION OF CLAIMS:

The Assured upon knowledge of any occurrence likely to give rise to a claim hereunder shall give advice to Continental Underwriters Limited.

11. OTHER INSURANCES:

If other valid and collectible insurance with any other insurer is available to the assured covering a loss also covered hereunder this insurance shall be excess of and shall not contribute with such other insurance.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107. issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## BOAT BROKERS LEGAL LIABILITY WORDING

12.   CANCELLATION:

~~Either party may cancel this insurance by giving to the other ten (10) days notice in writing, five (5) days notice in the event of cancellation for non-payment of premium; if at the option of this company pro rata net rates will be charged, if cancelled for non-payment of premium or at the request of the Assured or for any other reason this Company to return 5-3/4% of the premium - net to the Assured for each uncommenced month remaining - and arrival.~~

13.   IT IS A WARRANTY OF THIS POLICY THAT:

A)   All vessel(s) brokered must have Hull Insurance to Current Market Value or Hull value whichever is the greater.  Protection and Indemnity, Collision and Towers and Contractual Liability Insurance of $1,000,000.00 any one accident or occurrence or to Hull Value whichever the greater and in addition $5,000,000.00 any one accident or occurrence Pollution (WQIS/OPA-90/CERCLA) Liability.  This insurance to be carried at Owners expense. Said policy must name (Insert Name of Insured) and these underwriters as additional assureds, waive rights of subrogation against and hold harmless and indemnity in favor of (Insert Name of Insured) and these underwriters.  Certificate of Insurance to be obtained and on file with (Insert Name of Insured).

B)   All vessel(s) brokered primary insurance must be "A" IX or better at all times as rated by A. M. Best's Key Rating Guide. As regards Pollution/OPA-90/CERCLA, Water Quality Insurance Syndicate and/or Lloyd's Underwriters 100% are acceptable.

Form 3951X

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

SECTION "C"

FIRST LAYER EXCESS MARINE LIABILITIES:  Excess Protection and Indemnity, Excess General Average and Salvage, Excess Sue and Labor, Excess Collision Liability with respect to non-towing vessels only and Excess Boat Brokers Legal Liability.

Limit of Liability:            $4,000,000.00 any one accident, any one occurrence, combined single limit.

According to the terms and conditions of the attached American Institute Excess Marine Liabilities Clauses 8-A, (November 3, 1977)  and other Clauses attached to and forming a part of this Section.

Regardless of the number or types of liabilities insured against hereunder, these underwriters shall not be liable under this Section for more than $4,000,000.00 any one accident or series of accidents arising out of the same event, but in no event shall the liability of these Underwriters under any individual section of this Certificate exceed the Limit of Liability scheduled for that Section.

UNDERWRITERS:            Houston Casualty Company - 50%

New York Marine and General Insurance Company – 50%

This Section is a separate insurance but is always subject to the other terms and conditions stated in this Certificate except for the terms and conditions attached to and forming a part of Sections "A", "B", "D", "E" and "F".

Where the word "Policy" appears herein, it shall be deemed to read "Certificate".

Attached to and forming a part of Section "C" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

American Institute                                                          8-A

**EXCESS MARINE LIABILITIES CLAUSES**
(November 3. 1977)

To be attached to and form a part of Policy No CUL-15135.107  of the Subscribing Companies (As Attached)

1. Insures  C & C Offshore. Inc . etal                                                          1
                                                                                                 2
                                                                                                 3
(hereinafter called the "Assured") against excess liabilities of the Assured as  hereinafter described and subject to  the terms and conditions  hereinafter    4
set forth, in respect only of the liabilities or expenses checked and for which a premium is shown in the following schedule:    5

| Section | Covered | Premium | |
|---|---|---|---|
| (a)  Excess Protection and Indemnity | ☒ | $ As Included | 7 |
| (b)  Excess Collision Liability | ☒ | $ As Included | 8 |
| (c)  Excess Collision, including Tower's Liability | ☐ | $ Not Included | 9 |
| (d)  Excess General Average and Salvage | ☒ | $ As Included | 10 |
| (e)  Excess Sue and Labor Charges | ☒ | $ As Included | 11 |
| (f)  Excess Ship Repairer's Legal Liability | ☐ | $ Not Included | 12 |
| (g)  Excess Boat Brokers Legal Liability | ☒ | $ As Included | 13 |
| | TOTAL | $ As Included | 14 |

2  Period: At and from the 10th day of  October. 2007                                       15
            to the          10th    day of  October. 2008                                    16

      Beginning and ending with  Noon. Central  Standard time.                                    17
                                                                                                  18

EXCESS PROTECTION AND INDEMNITY

   (a)  These Underwriters agree to indemnify the Assured for all liability, loss, damage or expense insured against under the Protection and   Indemnity    19
        policies described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and in the General Conditions as the "Primary    20
        Policies"). but this insurance is warranted free from claim hereunder unless such liability in respect of the same accident (or occurrence, if  the    21
        Limits of Liability of the Primary  policies are written on an occurrence basis) exceeds  the Limits of  Liability of the Primary  Policies in which    22
        event  these Underwriters shall be liable only for the amount by  which such liability  exceeds such underlying Limits of Liability,  but in  no    23
        event for more than the Limit  of Liability of this insurance.    24

EXCESS COLLISION                                                                                  25

   (b)  These Underwriters agree to indemnify the  Assured for sums not recoverable in full by  the Assured under the Collision Clause of the  policies    26
        on Hull and Machinery (including Increased Value with excess liabilities, if any. or under any other policies insuring collision liability)  described    27
        in the Schedule of Underlying  Insurance (hereinafter referred to  in this Section and in the General Conditions as the "Primary Policies"), by    28
        reason of the Assured's collision  liability exceeding  the amount insured  against collision  liability  as stated in the  Primary Policies. but in no    29
        event for more than the Limit of Liability of this insurance    30

EXCESS COLLISION INCLUDING TOWER'S LIABILITY                                                      31

   (c)  These Underwriters agree to indemnify the  Assured for sums not recoverable  in full by the  Assured under the  Collision Clause incorporating    32
        tower's liability. of the policies on Hull and Machinery (Including Increased  Values  with excess liabilities, if any. or under any other policies    33
        insuring collision and tower's liability) described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and  in    34
        the General Conditions as the "Primary Policies"), by reason of  the Assured's collision  and/or tower's  liability exceeding the amounts insured    35
        against  collision and tower's liability  as stated in the Primary Policies. but in no event for more than the limit of liability of this insurance    36
        These Underwriters shall not be  required to indemnify the Assured under  Section (b) of this Policy with respect to any  vessel insured under    37
        this Section (c).    38

Attached to and forming a part of Section "C" of Certificate CUL-15135.107. issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O BOX 2070 - COVINGTON, LA 70434-2070

EXCESS GENERAL AVERAGE AND SALVAGE                                                                         39

    (d) These Underwriters agree to indemnify the Assured for General Average and Salvage not recoverable in full by the Assured under the policies  on     40
Hull and Machinery (including Increased Value with excess liabilities, if any described in the Schedule of Underlying Insurances (hereinafter     41
referred to in this Section and in the General Conditions as the "Primary Policies"), by reason of the difference between the insured value     42
of the Vessel as stated in the Primary Policies (or any reduced value arising from the deduction therefrom in the process of adjustment of any     43
claim which law or practice or the terms of the Primary Policies may have required) and the value of the Vessel adopted for the purpose of     44
contribution to General Average or Salvage charges, the liability under this Policy being for such proportion of the amount not recoverable as     45
the Limit of Liability of this insurance bears to the said difference or to the total sum insured against excess liabilities if it exceeds such     46
difference, but in no event for more than the Limit of Liability of this  insurance.     47

EXCESS SUE AND LABOR CHARGES                                                                              48

    (e) These Underwriters agree to indemnify the Assured for Sue and  Labor Charges not recoverable in full by the Assured under the policies on     49
Hull and Machinery (including Increased Value with  excess liabilities, if any) described in the Schedule of Underlying Insurances hereinafter     50
referred to in this Section and in the General Conditions as the "Primary Policies"), by reason of the difference between the insured value     51
of the Vessel as stated therein (or any reduced value arising from the deduction therefrom of any claim which the terms of the policies cov-     52
ering Hull and Machinery may have required) and  the value of the Vessel adopted for the purpose of ascertaining the amounts recoverable     53
under the policies on Hull and Machinery (including Increased Value with excess liabilities, if any), the liability under this Policy being for such por-     54
portion of the amount not recoverable as the Limit of Liability of this insurance bears to the said difference or to the total sum insured     55
against excess liabilities if it exceeds such difference, but in no event for more than the Limit of  Liability of this insurance.     56

EXCESS SHIP REPAIRER'S LEGAL LIABILITY                                                                   57

    (f) These Underwriters agree  to indemnify the Assured for all liability, loss, damage or expense insured against under the Ship Repairer's Legal     58
Liability policies described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and in the General Conditions as     59
the "Primary Policies"), but this insurance is warranted free from claim hereunder unless such liability in respect of the same accident (or     60
occurrence if the Limits of Liability of the Primary Policies are written on an occurrence basis) exceeds the Limits of Liability of the  Primary     61
Policies in which event these Underwriters shall be liable only for the amount by which such liability exceeds such underlying Limits of Liability,     62
but in no event for more than the Limit of Liability of this insurance.     63

EXCESS BOAT BROKERS LEGAL LIABILITY                                                                      64

    (g) These Underwriters agree to indemnify the Assured for all liability, loss, damage or expense insured against under the     65
Boat Brokers Legal Liability Policy #CUL-15135.107, Section "B"     66
                                                                                                          67
policies described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and in the General Conditions as the     68
"Primary Policies"), but this insurance is warranted free from claim  hereunder unless such liability in respect of  the same accident (or occurrence     69
if the Limits of Liability of the Primary Policies are written on an  occurrence basis) exceeds the Limits of Liability of the Primary Policies in     70
which event these Underwriters shall be liable only for the amount by which such liability exceeds such  underlying Limits of Liability, but in no     71
event for more than the Limit of Liability of  this insurance.     72

## GENERAL CONDITIONS

3.  These Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding     73
instituted against the Assured, but these Underwriters shall have the right and shall be given the opportunity (without incurring any liability for     74
costs or expenses thereof except as herein provided) to associate with the Assured or the underwriters on the Primary Policies, or both, in the     75
defense and control of any claim, suit or proceeding which involves or appears likely to involve these Underwriters, in which event the Assured,     76
the underwriters on the Primary Policies and these Underwriters shall cooperate in all matters in the defense of such claim, suit or proceeding.     77

4.  In the event the Assured or the underwriters on the Primary Policies elect not to appeal a judgment in excess of the Limits of Liability as stated     78
in the Primary Policies, these Underwriters  may elect to  make such an appeal at their sole cost and expense and shall be liable for the     79
taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of these Underwriters exceed the Limit of Liability     80
of this insurance plus the cost and expense of any such appeal.     81

5.  In the case of any payment made hereunder, these Underwriters may act together with all other interests (including the Assured) in the exercise     82
of any rights of recovery against third parties with respect to the loss paid by the Assured, underwriters on the Primary Policies and these Under-     83
writers The apportionment of any amounts which may be recovered from third parties shall follow the principle that any interest (including that     84
of the Assured) that shall have paid an amount over and above any payment made hereunder by these Underwriters shall first be reimbursed up to     85
the amount paid thereby, these Underwriters will then be reimbursed out of  any balance remaining up to the amount paid thereby and hereunder;     86
finally, the interests (including that of the Assured) of whom this Policy is in  excess are entitled to claim the balance, if any. Expenses necessary     87
to the recovery of any such amounts shall be apportioned between the interests (including the Assured) concerned, in the proportion that their     88
respective recoveries are finally settled     89

6.  It is a condition of this Policy that all Primary Policies, in which the Assured has an interest are scheduled and that the said Primary  Policies     90
shall be maintained in full force and effect during the term of this Policy and that no changes shall be made in the Primary Policies which broaden     91
the insuring conditions thereof or reduce the amounts collectible thereunder. In the event of a breach of any  of the aforesaid conditions this     92
Policy shall be null and void, unless otherwise agreed in writing by these Underwriters. These Underwriters shall be furnished with copies of the Primary     93
Policies and any amendments thereto at their request.     94

Attached to and forming a part of Section "C" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O BOX 2070 – COVINGTON. LA 70434-2070

7.  The term "Assured" is used severally and not collectively, but the inclusion herein of more than one Assured shall not operate to increase the liability of these Underwriters.    95
96

8.  The Assured, upon knowledge of any occurrence likely to give rise to a claim hereunder; shall give prompt written notice thereof to these Underwriters.    97

9.  Either these Underwriters or the Assured may cancel this insurance by giving the other fifteen (15) days written notice, after which this Policy shall be of no force or effect. Written or telegraphic notice sent to the Assured at its last known address shall constitute complete notice for cancellation. Such notice sent to the Assured in care of the broker who negotiated this Policy shall have the same effect as if sent directly to the Assured. If cancellation is at Assured's option these Underwriters will retain earned premium hereunder as per customary short rate table: if cancellation is at these Underwriters' option, pro rata unearned premium will be returned as soon as practicable. All returns shall be net.    98
99
100
101
102

10. Regardless of the number or types of liabilities insured against hereunder, or the number of vessels or risks involved. these Underwriters shall not be liable under this Policy for more than $4,000,000.00    any one accident or series of accidents arising out of the same   event. but in no event shall the liability of these Underwriters under any individual section of this Policy exceed the Limit of Liability scheduled for that section in Column "A" below for any accident or series of accidents arising out of the same event.    103
104
105
106

11. This insurance shall cover only those excess liabilities specified in paragraph 1, for not exceeding the amounts specified under Limit of Liability in Column "A" below. being excess of Primary Limits specified in column "B" below. but subject to the terms and conditions otherwise specified herein    107
108
109

   The listing below of Underlying Insurances which include risks not otherwise insured against under this Policy, shall not be deemed to be an acceptance by these Underwriters as protection against such risks. nor shall the Assured recover from these Underwriters any deductible or self-insured retention under Primary Policies.    110
111
112

## SCHEDULE OF UNDERLYING

| No. | Location or Vessel | Sections Applicable | Column "A"<br>Limit of Liability | Column "B"<br>Primary Limits |
|-----|--------------------|---------------------|-----------------------------------|-------------------------------|
| 1.  | "Mr. Ryan"         | (a), (b), (d) and (e) | $4,000,000.00 excess of | $1,000,000.00 |
| 2.  | "Ms. "D"          | (a), (b), (d) and (e) | $4,000,000.00 excess of | $1,000,000.00 |
| 3.  | "Isabella"        | (a), (b), (d) and (e) | $4,000,000.00 excess of | $1,000,000.00 |
|     | Boat Brokers Legal | (g)                 | $4,000,000.00 excess of | $1,000,000.00 |

Notwithstanding anything contained in this policy to the contrary, it is hereby agreed that coverage afforded by this policy follows terms and conditions of underlying insurance including named assureds, additional assureds, special additional assureds. loss payees, and waivers of subrogation and navigation limits.

FOLLOWING UNDERWRITERS CLAUSE:  By signing this Policy, it is understood and agreed that all Underwriters subscribing hereto acknowledge that New York Marine and General Insurance Company will follow Houston Casualty Company through Continental Underwriters Ltd. in regard to alterations, extensions, additions, deletions, endorsements, cancellations, and/or attaching to expiring date and/or additional premiums and/or return premiums.  It is further agreed that the before mentioned provisions shall also apply to the appointment of claims representatives and payments of fees and claims.

Attached to and forming a part of Section "C" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY  190 – P  O  BOX 2070 – COVINGTON.  LA  70434-2070

ENDORSEMENT APPLICABLE TO EXCESS P&I/EXCESS MARINE LIABILITIES SECTION

### ABSOLUTE MINIMUM PREMIUM
### (25% MINIMUM)

Notwithstanding anything herein to the contrary, in the event that this policy is cancelled by the Named Assured, it is hereby agreed that this policy is subject to an absolute minimum premium of $As Agreed. Such absolute minimum premium shall not be subject to pro rata or short rate adjustment.

For purposes of this endorsement, cancellation of this policy for nonpayment of premium by the Named Assured's premium finance company shall be deemed to be cancellation by the Named Assured.

Attached to and forming a part of Section "C" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N HWY 190 – P. O BOX 2070 – COVINGTON, LA 70434-2070

SECTION "D"

POLLUTION:

According to the terms and conditions of the attached Pollution Clauses, as amended, and all clauses attached to and forming a part of this Section.

Underwriters:          Lloyd's Underwriters  -  100%

This Section is a separate insurance but is always subject to the other terms and conditions stated in this Certificate except for the terms and conditions attached to and forming a part of Sections "A", "B", "C", "E" and "F".

Where the word "Policy" appears herein, it shall be deemed to read "Certificate".

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

Type: Pollution

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM
## INSURANCE COVERAGE

Coverage for acts of terrorism is already included in your current policy.  You should know that, effective November 26, 2002, under your existing coverage, any losses caused by certified acts of terrorism would be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.  The portion of your annual premium that is attributable to coverage for acts of terrorism is: 5%

I ACKNOWLEDGE THAT I HAVE BEEN NOTIFIED THAT UNDER THE TERRORISM RISK INSURANCE ACT OF 2002, ANY LOSSES CAUSED BY CERTIFIED ACTS OF TERRORISM UNDER MY POLICY COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES AND I HAVE BEEN NOTIFIED OF THE AMOUNT OF MY PREMIUM ATTRIBUTABLE TO SUCH COVERAGE.

Name of Insurer:  Syndicate 1607 For and on behalf of certain syndicates at Lloyds.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

ASSURED:        C & C OFFSHORE, INC.

TYPE:           MARINE POLLUTION INSURANCE

VESSEL(S):      Per Attachment: (SCHEDULE OF VESSELS)            GRT: 0

PERIOD:         From  October 10, 2007   To  October 10, 2008      00.01 LST

INTEREST:       United States Oil Pollution Liability

LIMIT OF
LIABILITY:      a)  US $5,000,000.00  each incident and/or occurrence.

CONDITIONS:     As per the London U.S. Vessel Pollution Insurance Policy LSW 1220 (03/99).  Including
                any applicable fines and penalties covered under the Oil Pollution Act of 1990, as per
                Endorsement No. 1, (After a deductible of $1,000.00, coverage is limited to  US
                $1,000,000.00 each incident but US $1,000,000.00 in the aggregate), Endorsement No. 2
                (COFR Guaranty and P&I Warranty) & Endorsement No. 3 (Several Liability Notice-
                LSW 1001, Cancellation Clause 856ROP00182, Institute Radioactive Contamination,
                Chemical, Biological, Biochemical and Electromagnetic Weapons Exclusion Clause  CL
                370, Institute Cyber Attack Exclusion Clause CL 380).

                Continental Underwriters, Ltd. is to receive immediate notification by either the broker or
                the assured upon discovery of a pollution incident.


PREMIUM:        As Agreed

INSURED WITH:   100% Lloyd's Underwriters.


Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.,
etal.


All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY  190 – P. O. BOX 2070 – COVINGTON,  LA  70434-2070

## LONDON U. S. VESSEL POLLUTION INSURANCE POLICY DECLARATIONS

ITEM 1:        Name & Address:

       C & C Offshore, Inc.
       CONTINENTAL UNDERWRITERS, LTD.
       2235 N. Highway 190
       P. O. Box 2070
       Covington, LA  70434-2070

ITEM 2:        Limits of Liability:
      a)  Limit of Liability of each incident/occurrence:  $5,000,000.00

ITEM 3:        (a) Deductible $      .00
      or
      (b)  Underlying Limits $      .00

ITEM 4:        From October 10, 2007  To  October 10, 2008        00.01 LST

ITEM 5:        Currency:  $ US

ITEM 6:        Premium:  As Noted Within

ITEM 7:        Service of Suit Upon:  Mendes & Mount (attorneys)
           750 Seventh Ave., New York, NY 10019-6829

ITEM 8:        Notice of Loss to:        Continental Underwriters, Ltd.
          2235 N. Hwy. 190
          P. O. Box 2070
          Covington, LA  70434-2070
          Telephone: 985-898-5300

ITEM 9:        Operations:

ITEM 10:      Vessel(s):      Per Attachment: (SCHEDULE OF VESSELS)        GRT:    0

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## SCHEDULE OF VESSELS

| VESSEL(S) | GROSS TONS |
|-----------|------------|
| Mr. Ryan – Utility Vessel | 98 |
| Ms. D – Utility Vessel | 98 |
| Isabella – Utility Vessel | 99 |

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY:

This insurance (the "Insurance Policy") does not constitute evidence of financial responsibility under the Oil Pollution Act of 1990 (Pub.L.No. 101-380, 104 Stat. 484 (1990)), as amended (the "Act") or any similar Federal or State Law. and it is a condition of this Insurance Policy that it shall not be submitted to the United States Coast Guard or any other Federal or State Agency as evidence of financial responsibility. The Underwriters do not consent to be Guarantors.

## I.    INSURING AGREEMENT

In consideration of the premium stated herein and subject to all of the terms, conditions and limitations contained herein, the Underwriters do hereby agree to indemnify the Assured for such amounts in excess of the deductible shown on Item 3 of the Declarations or the underlying limits shown on Item 3 of the Declarations (the "Underlying Limits") as the Assured shall, as owner or operator of the vessel(s) named in Item 10 of the Declarations, have become liable to pay, and shall pay, by reason of or with respect to:

FIRST: Liability under Section 1002 of the Act for a discharge of oil as defined in Section 1001 (23) of the Act. or the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States for the following specified removal costs or damages:

1.    Removal Costs

    (a)    removal costs incurred by the United States of America, a State, or an Indian tribe under subsection (c), (d), (e), or (i) of Section 1321 of the Federal Water Pollution Control Act (33 U.S.C. Section 1251 *et seq.),* as amended  (the "FWPCA") , under the Intervention on the High Seas Act (33 U.S.C. Section 1471 *et seq.*) (the "IHSA"), or under State law, insofar as such removal costs are recoverable under the Act;

        and

    (b)    removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan (as defined in Section 1001 (19) of the Act);

2.    Damages as specified in Section 1002 (b) (2) of the Act;

3.    Liability of the Assured for contribution under an action brought pursuant to Section 1009 of the Act:

4.    Advertising costs incurred in accordance with Section 1014 (b) of the Act;

SECOND: Liability under Section 1005 (a) of the Act to a claimant for interest on an amount paid in satisfaction of a claim under Section 1002 of the Act;

Attached to and forming a part of Section "D" of Certificate CUL-15135.107. issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070
## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

THIRD: Liability of the Assured as owner or operator pursuant to Section 9607 (a) (1) of the Comprehensive Environmental Response. Compensation and Liability Act of 1980 (42 U.S.C. Section 9607 *et seq.)* ("CERCLA"), for the release or threatened release of a hazardous substance into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America, as well as liability of the Assured for contribution brought pursuant to CERCLA Section 9613 (f) (1);

FOURTH: Liability under the statute(s) or regulation(s) of the United States of America or any State or political subdivision thereof or under an action brought pursuant to common law that is consistent with and equivalent in nature or scope to liabilities imposed under the Act or CERCLA for removal costs or damages resulting from a discharge or substantial threat of discharge of oil or release or threatened release of hazardous substances into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America, but only if such removal costs or damages would be recoverable under the Act or CERCLA for the same incident. In no event shall the coverage afforded under this Section FOURTH be broader in nature or scope than coverage provided under Section FIRST. Section SECOND or Section THIRD above;

FIFTH: Liability for the discharge of any other substance other than oil (as defined under the Act) or hazardous substances (as defined under CERCLA) into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States of America for which indemnity is neither specifically covered nor specifically excluded elsewhere in this Insurance Policy. This Section FIFTH shall not cover costs, charges and expenses incurred for removal or for mitigation of costs unless done with the prior written consent of Underwriters. This Section FIFTH shall always be subject to the nuclear incident exclusion as specified in Section II. 4 below.

SIXTH: Costs. charges and expenses incurred, with the prior written consent of Underwriters, in defending against or investigating or adjusting any liabilities insured against under Sections FIRST through FIFTH above, subject to all of the terms, conditions and limitations of this Insurance Policy.

PROVIDED ALWAYS THAT the Assured establishes that the discharge, substantial threat of discharge. or release. or threatened release giving rise to liability under Sections FIRST to SIXTH above meets all of the following conditions:

1. it was sudden and was unintended and unexpected by the Assured;
2. it first commenced at a specific time and date during the policy period;
3. it became known to the Assured within seventy-two (72) hours of its commencement; and
4. it was reported to Underwriters immediately in accordance with notice requirements set out in Section IV. 10 below. and reported in writing not later than thirty (30) days after having become known to the Assured.

PROVIDED FURTHER ALWAYS THAT the Insurance provided herein and the stated Limits of Liability herein shall be subject to any deductible or excess of any Underlying Limits shown on Item 3 of the Declarations, and Underwriters' obligations hereunder shall not be affected by whether the Assured has obtained insurance for all or part of the exposure of the amount shown on Item 3 of the Declarations or whether any such insurance obtained is collectible.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

All other terms and conditions remain unchanged.

## Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 – COVINGTON. LA 70434-2070

### LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

LIMITS OF LIABILITY: The Limit of Liability of the Underwriters under this Insurance Policy with respect to each incident shall, in no event, exceed the amount shown on Item 2 of the Declarations.

Where Joint Assured(s) or Additional Assured(s) are included in this Insurance Policy, the Limits of Liability of the Underwriters under this Insurance Policy shall apply to all Assured(s), Joint Assured(s) and Additional Assured(s) collectively. and not separately, for all claims related to each incident.

LIMITATION OF LIABILITY:

The Assured shall. at the option of the Underwriters hereon, permit Underwriters to conduct, with an attorney of Underwriters' selection at Underwriters' cost and expense and under their exclusive control, a proceeding in the Assured's name to limit the Assured's liability to the extent, and in the manner provided by the present and any future statutes relative to the limitation of a shipowner's liability. and it is specifically understood and agreed that in the event the Assured is entitled to limit its liability. Underwriters' liability shall not exceed the amount of such limitation.

**II.   EXCLUSIONS**

THIS INSURANCE DOES NOT APPLY:

1.   To any liability which would otherwise be covered if the incident giving rise to the liability is the result of the willful misconduct of the Assured as owner or operator of the vessel(s) listed in Item 10 of the Declarations if within the privity or knowledge of the Assured.

2    To any liability greater than that for which the Assured would have been liable had the Assured not failed or refused:

   (a)   to report the incident as required by law if the Responsible Party (as defined by the Act) knows or has reason to know of the incident;

   (b)   to provide all reasonable cooperation and assistance requested by a responsible public official in connection with removal activities or response activities under the National Contingency Plan;

      or

   (c)   without sufficient cause, to comply with an order issued under Subsection (c) or (e) of Section 1321 of the FWCPA or the IHSA.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107. issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

### LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

3. To any fine or penalty of any kind or nature whatsoever, any punitive damages, exemplary damages, or any additional damages resulting from the multiplication of compensatory damages, or any costs arising from or related to the criminal prosecution of the Assured.

4. To any liability arising out of nuclear incident in accordance with exclusion CL356, a copy of which is attached to this Insurance Policy.

5. To any liability assumed by the Assured under any contract or agreement unless:

   (a) prior agreement has been given by the Underwriters and the premium hereon adjusted as may be required by them.

      or

   (b) such liability would have attached to the Assured even in the absence of such contract or agreement.

6. To any liability for loss of life, bodily injury or illness of any person howsoever arising.

7. To any liability for loss of or damage to cargo, equipment, or other property owned, leased or hired by the Assured.

8. To Incineration vessels as defined in Section 9601 (38) of CERCLA.

9. To any liability arising out of the carriage of Polychlorinated Biphenyl's (PCBs).

## III.   CERCLA WARRANTY

The Assured hereby warrants that the Assured does not select, within the meaning of CERCLA Section 9607 (a) 4, the site of disposal of any substance transported on the vessel(s) listed in Item 10 of the Declarations.

## IV.   CONDITIONS

This Insurance Policy is subject to the following conditions:

1. Appeals

   In the event the Assured elects not to appeal a judgment in excess of the Underlying Limits, Underwriters may elect to make such appeal at their own cost and expense and shall be liable for the taxable costs and disbursements of any additional interest incidental to such appeal; but in no event shall the liability of Underwriters exceed the relevant Limits of Liability set out in Item 2 of the Declarations plus the cost and expense of such Appeal plus any additional interest on the Underwriters' portion of the judgment only.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.
2235 N HWY 190 – P. O BOX 2070 – COVINGTON, LA 70434-2070
## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

2.   Application of Recoveries

All recoveries or payments recovered or received subsequent to a loss settlement under this Insurance Policy, after deduction of all recovery expenses, shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Assured and Underwriters.

3.   Assignment

Assignment of interest under this Insurance Policy shall not bind Underwriters unless and until their consent is endorsed hereon.

4.   Attachment of Liability

Liability to pay under this Insurance Policy shall not attach unless and until the Assured has paid or has paid on its behalf any sum set forth in Sections FIRST to SIXTH above in an amount which exceeds Assured's Underlying Limits set out in Item 3 of the Declarations.

5.   Cancellation

This Insurance Policy may be cancelled by the Assured or by the Underwriters or their representatives as provided in Item 8 of the Declarations (the "Underwriters' Representatives" or "Representatives") by sending by registered mail. or facsimile, notice of cancellation to the other party stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing. or faxing of notice as aforesaid by Underwriters or their Representatives to the Assured at the address shown in Item 1 of the Declarations shall be sufficient proof of notice, and the coverage under this Insurance Policy with respect to the Assured shall end on the effective date and hour of cancellation stated in the notice.  Delivery of such written notice, or fax either by the Assured or by the Underwriters or their Representatives shall be equivalent to the sending of such notice by registered mail or facsimile.

If this Insurance Policy shall be cancelled by the Assured, the Underwriters shall retain the customary short rate proportion of the premium for the period this policy has been in force. If this Insurance Policy shall be cancelled by Underwriters, the Underwriters shall retain the pro-rata proportion of the premium for the period this Insurance Policy has been in force.  Notice of cancellation by the Underwriters shall be effective whether or not the Underwriters have returned or tendered the return of any premium with such notice.

6.   Defense

Underwriters shall not be called upon to assume the handling or control of the defense or settlement of any claim made against the Assured, but Underwriters shall have the right, but not the duty, to participate with the Assured in the defense and control of any claim which may be indemnifiable in whole or in part by the Insurance Policy.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

7.  Insolvency

    The insolvency, bankruptcy, receivership or any refusal or inability to pay of the Assured or any of its Insurers shall not operate to increase Underwriters' liability under this Insurance Policy.

    In no event shall the Underwriters of this Insurance Policy assume any of the responsibilities or obligations of the Assured except as provided for in this Insurance Policy, or any of the responsibilities or obligations of any other insurer.

8.  Inspection and Investigation

    Underwriters shall be permitted but are not obligated to inspect the Assured's property and operations at any time.

    Neither Underwriters' right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Assured or others, to determine or warrant that such property or operations are adequate or safe.

    Underwriters shall be permitted to investigate any discharge, release or threatened release reported to Underwriters or any claim made against the Assured. The Assured must advise the Underwriters or Underwriters' Representatives prior to incurring any sum set forth in Paragraph 13 of this Section.

    Underwriters may examine and audit the Assured's books and records at any time as far as they relate to the subject matter of this Insurance Policy.

9.  Loss Payee

    Any amount for which Underwriters are liable under this Insurance Policy shall be due and payable to the Assured as set out in Item I of the Declarations.

10. Notice To Underwriters

    In the event of any incident which may result in a claim under this Insurance Policy the Assured shall immediately notify Underwriters and shall forward all information, communications, prices, pleadings or legal papers relating to such incident to Underwriters. Such notice must be reported to Underwriters in writing thirty (30) days after having become known to the Assured. All such notices, and all reports of discharge or substantial threat of discharge, release, or threatened release made to Underwriters, shall be by registered mail or facsimile to Underwriters' Representatives and shall state the date of receipt of such notices and reports by the Assured. A discharge, threat of discharge, release, or threatened release is deemed to be reported and a claim is deemed to be reported as of the date of receipt of such report or notice by said Representatives.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070
## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

11.   Other Insurance

In the event that there is other insurance which inures to the benefit of the Assured covering any loss, liability, cost or expense set forth in Sections FIRST to SIXTH, this Insurance Policy shall not respond until such other insurance is exhausted.

Nothing contained in this Insurance Policy shall be construed to make this Insurance Policy subject to the terms, conditions and limitations of any other insurance.

12.   Premium

The premiums and losses under this Insurance Policy are payable in the currency stated in Item 5 of the Declarations.  Payment of premium shall be made as stated in Item 6 of the Declarations.

13.   Prevention of Claims

As soon as the Assured becomes aware of a discharge, or substantial threat of discharge, or release, or threatened release or receives a claim, the Assured shall promptly take all reasonable steps to prevent liability for any sum set forth in Sections First through SIXTH.   Underwriters agree to indemnify the  Assured for all reasonable expenses incurred and agreed by Underwriters or Underwriters Representatives which are otherwise recoverable under this policy.

14.   Service of Suit (U.S.A.)

It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this Insurance Policy relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of  competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of Underwriters' rights to seek removal remand or transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

It is further agreed that the Assured may serve process upon Underwriters' representatives as provided in Item 7 of the Declarations and that in any suit instituted against any one of them upon this contract the Underwriters will abide by the final decision of the Court of any Appellate Court in the event of an appeal.

The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account.  For the purpose of suit as herein provided, the word "Assured" includes any mortgagee under a ship mortgage and any person succeeding to the rights of any such mortgagee.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P O. BOX 2070 - COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

The Underwriters' representative listed in Item 7 of the Declarations are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that subject to the right to seek removal remand or transfer of such suit to any other court of competent jurisdiction, they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom said Officer is authorized to mail such process or a true copy thereof.

15.   Subrogation

Where an amount is paid under this Insurance Policy, the Assured's rights of recovery against any other person or entity in respect of such amount, including but not limited to the Assured's rights under Sections 1008 and 1013 of the Act to recover from the Oil Spill Liability Trust Fund as defined in Section 1001 (11) of the Act, shall be exclusively subrogated to Underwriters. Underwriters shall be relieved of liability under this Insurance Policy to the extent that this right of subrogation is impaired by any act of the Assured, unless such act is agreed to by Underwriters. In the event that the Assured commits any such act, Underwriters right to retain or collect any premium paid or due under this Insurance Policy shall not be affected.

Underwriters shall have full rights of subrogation against the Assured to the extent that liability is imposed on the Assured as a result of any act (of omission or commission) committed in it's capacity as owner or operator of any vessel not listed in Item 10 of the Declarations.

At Underwriters request the Assured will assist and cooperate in the exercise of Underwriters' rights for subrogation.  Expenses necessary to the recovery of such amounts shall be apportioned between the interests concerned (including the Assured) in the ratio of their respective recoveries as finally settled.

## V.   DEFINITIONS

1.   Where the words "the act" are used in this Insurance Policy they shall mean the Oil Pollution Act of 1990, (Pub.L.No. 101-380, 104 Stat. 484 (1990)) as amended, and all other terms and phrases used herein shall, unless otherwise stated, have the meaning given to them in the Act.


Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

2.  Where the word "CERCLA" is used in this Insurance Policy it shall mean the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 U.S.C. Section 9601 *et seq.*).

3.  Each of the following is an Assured under this Insurance Policy to the extent set forth below:

    (a)  if the named Assured is designated in the Declarations as an individual, the person so designated;

    (b)  if the named Assured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

    (c)  if the named Assured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

4.  The word "claim(s)" shall mean that part of any written demand received by the Assured for payment pursuant to Sections FIRST to FIFTH above.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 01

Type: Pollution

Notwithstanding Section II of the Insurance Policy, for and in consideration of premium charged it is understood and agreed that with effect from inception, this Insurance Policy is amended to indemnity for:

Administrative Penalties arising under section 1321(b)(6)(A)(i) of the FWPCA, imposed pursuant to Section 1321 (b)(6)(B) of the FWPCA ("Administrative Penalty" or "Administrative Penalties"). Penalties imposed under any other Section of the FWPCA, any other Federal Statute, or the laws of any state or subdivision thereof remain specifically excluded. Indemnification for defense costs incurred with the prior written consent of Underwriters in connection with this endorsement is also included hereunder, subject to the limits provided below.

After a deductible of $1,000.00, Underwriters' maximum liability shall be $1,000,000.00 each and every incident or series of incidents arising out of one event, provided that no event shall Underwriters indemnify the Assured for more than $1,000,000.00 during the term of this Insurance Policy, and provided further that each Administrative Penalty is subject always to the Assured's deductible or the Underlying Limits shown in Item 3 of the Declarations in respect of each incident, and the limitation that in the event that there is any other insurance which insurers to the benefit of the Assured covering any Administrative Penalty as described above, this Insurance Policy shall not respond until such other insurance is exhausted. In the event a deductible imposed under Item 3a of the Declarations, exceeding the deductible applicable to this endorsement, is satisfied, the deductible in this endorsement shall be waived.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N  HWY  190 – P. O. BOX 2070 – COVINGTON, LA  70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 02

Type: Pollution

1.    Notwithstanding any other provision of this Insurance Policy, including the disclaimer set forth in the first paragraph of this insurance Policy, the Underwriters will, at the request of the Assured, furnish an Insurance Guaranty (Form CG-5586) for filing with the United States Coast Guard with respect to the vessel(s) named in Item 10 of the Declarations and in the following amount(s) depending on the type and size of the vessel(s): (1) the greater of $4,000,000.00 or $1,900.00 per gross ton for a double hull tank vessel not exceeding 3,000 gross tons (as defined by 33 CFR 138.80 (f)(i)(A)); (2) the greater of $16,000,000.00 or $1,900.00 per gross ton for a double hull tank vessel of over 3,000 gross tons (as defined by 33 CFR 138.80 (f)(i)(B)); (3) the greater of $6,000,000.00 or $3,000.00 per gross ton for a single hull tank vessel not exceeding 3,000 gross tons (as defined by 33 CFR 138.80 (f)(i)(A)); (4) the greater of $22,000,000.00 or $3,000.00 per gross ton for a single hull tank vessel of over 3,000 gross tons (as defined by 33 CFR 138.80 (f)(i)(B)); or (5) the greater of $800,000.00 or $950.00 per gross ton for a vessel other than a tank vessel (as defined by 33 CFR 138.80 (f)(ii)) of over 300 gross tons;  provided, however, that the aggregate liability of the Underwriters under this Insurance Policy and under any such Insurance Guaranty Form issued to the United States Coast Guard with respect to any one incident shall in no event exceed the Limit of Liability set forth in Item 2 of the Declarations, including the cost of any investigation and defense, including  taxable disbursements, incurred with the prior consent of the Underwriters pursuant to this Insurance Policy.

NO OTHER GUARANTY FORM, CERTIFICATE OR EVIDENCE OF FINANCIAL RESPONSIBILITY SHALL BE PROVIDED BY THE UNDERWRITERS OR ON BEHALF OF UNDERWRITERS WITHOUT FURTHER EXPENSE AND SPECIFIC ENDORSEMENT OF THIS INSURANCE POLICY BY THE UNDERWRITERS.

2.    In the event that a judgment is obtained against the Assured, which is otherwise insured against under this Insurance Policy, the Underwriters shall not be required to indemnify the Assured (or to satisfy a judgement against the Underwriters obtained under any so called direct action statute or right otherwise insured against under this insurance) until such time as the Underwriters, in their sole and absolute discretion, are satisfied that they will not be required to respond for the Limit of Liability with respect to any judgment obtained pursuant to the Insurance Guaranty Form described in Paragraph 1 of this Endorsement.

3.    Notwithstanding the terms and conditions of Certificate of Insurance Form CG-5586 and of this Endorsement, all terms, conditions and limitations in this Insurance Policy remain in full force and effect as binding between the Assured and the Underwriters, and the Assured agrees to reimburse the Underwriters for any payment made by the Underwriters on account of any incident, claim or suit involving a breach of the terms of this Insurance Policy, and for any payment that the Underwriters would not have been obligated to make under this Insurance Policy except for the agreement contained in this endorsement, including any payment made which would not have exceeded the amount set forth in Item 3 of the Declarations.

Warranty

It is warranted that the assured has in effect P&I Insurance for the full period of the pollution policy including such notice period given for the cancellation of any COFR and that such insurance includes coverage for removal of wreck.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 03

Type: Pollution

#### SEVERAL LIABILITY NOTICE (LSW 1001)
The subscribing insurer's obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligation.

#### CANCELLATION CLAUSE - Clause No. 856ROP00182
It is hereby agreed between Underwriters and the Assured that in the event of the Assured, or their agents on whose instructions insurance may have been effected, failing to pay Continental Underwriters, Ltd. (herein referred to as "the broker") the premium or any installment thereof on the due date in full, this policy may be forthwith canceled by the broker advising Underwriters in writing, and the Underwriters will thereupon return to the broker pro rata premium from the date of notice or from such later date as cancellation may be required in said notice. The foregoing is subject to the broker giving 7 calendar days notice in writing to the Assured, or their agents on whose instructions insurance may have been effected, or in accordance with the terms and conditions of any letter of undertaking that may be issued in favor of any assignee or mortgagee of their insurance.

The broker is hereby authorized by the Assured and their agents on whose instructions insurance many have been effected to issue such notice as aforementioned and further authorized to collect and retain any return premium hereon. This clause shall not prejudice or affect the broker's lien on this policy for any amount remaining due to them whether in connection with the policy or otherwise or any right of the broker against the Assured or their agents on whose instructions insurance may have been effected.

#### Institute Radioactive Contamination, Chemical, Biological, Biochemical and Electromagnetic Weapons Exclusion Clause (10/11/04 - CL.370)
This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith
1. In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from
   1.1   ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear          waste or from the combustion of nuclear fuel
   1.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof
   1.3   any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter
   1.4   the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter. The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.      :
   1.5   Any chemical, biological, bio-chemical or electromagnetic weapon.

#### Institute Cyber Attack Exclusion Clause - (10/11/03 - CL.380)
1.1   Subject only to clause 1.2 below, in no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from the use or operation, as a means for inflicting harm, of any computer, computer system, computer software programme, malicious code, computer virus or process or any other electronic system.
1.2   Where this clause is endorsed on policies covering risks of war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power, or terrorism or any person acting from a political motive, Clause 1.1 shall not operate to exclude losses (which would otherwise be covered) arising from the use of any computer, computer system or computer software programme or any other electronic system in the launch and/or guidance system and/or firing mechanism of any weapon or missile.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 04

Type: Pollution

  With respect to all vessels insured under this policy, with the exception of tank vessels, effective from inception, it is hereby understood and agreed the wording of Item No. 2 of the Declarations is amended as follows:

**From:**

Item 2: Limits of Liability
  (a) Limit of Liability of each incident/occurrence:

**To:**

Item 2: Limits of Liability
  (a) Limit of Liability any one accident or occurrence, each vessel:

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY  190 – P. O  BOX 2070 – COVINGTON,  LA  70434-2070

### LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 05

Type: Pollution

      For and in consideration of premium charged, effective from inception, it is hereby understood and agreed that separate limits to apply for OPA and CERCLA. In the event of two claims (one OPA and one CERCLA) resulting out of one occurrence, each claim is to be treated as a separate incident. Separate limits to apply.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O BOX 2070 – COVINGTON, LA 70434-2070

## LONDON U.S. VESSEL POLLUTION INSURANCE POLICY: (continued)

### ENDORSEMENT No.: 06

Type: Pollution

Subject to reporting requirements described below, it is hereby understood and agreed that with effect from inception:

(a) Where a vessel insured hereunder is working or performing services pursuant to a contract or master service agreement between the named Assured and an entity or person not insured hereunder, if the Assured agrees and it is required by the contract or master service agreement, and/or a Certificate Of Insurance, the entity or person for whom the Assured is working or performing services is hereby named as an additional assured hereunder, but only to the extent required by the written contract or master service agreement and/or the Certificate Of Insurance. Any language contained in the contract or master service agreement and/or the Certificate Of Insurance deleting language in the policy conditioning indemnification hereunder upon liability arising "as owner or operator of the vessel(s) named in Item 10 of the Declarations" is not consented to by Underwriters and shall be without effect.

(b) Where a vessel insured hereunder is working or performing services pursuant to a contract or master service agreement between the named Assured and an entity or person not insured hereunder, if the Assured agrees and it is required by the contract or master service agreement, and/or a Certificate Of Insurance, rights of subrogation are waived against the entity or person for whom the Assured is working or performing services with respect to liabilities arising from the work or services being performed by the insured vessel(s) pursuant to the contract or master service agreement with said entity or person, but only to the extent it is required by the written contract or master service agreement, and/or the Certificate Of Insurance. Any language contained in the contract or master service agreement and/or the Certificate Of Insurance deleting language in the policy conditioning indemnification hereunder upon liability arising "as owner or operator of the vessel(s) named in Item 10 of the Declarations" is not consented to by Underwriters and shall be without effect.

### Reporting Requirements

The named assured shall, at attachment or within thirty days of entering into any contract or master service agreement, and/or upon the issuance of a Certificate Of Insurance, advise Continental Underwriters, Ltd. in writing the identity and address of each person or entity who is named as an additional assured, with or without waiver of subrogation rights, under this policy.

Attached to and forming a part of Section "D" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

**Continental Underwriters, Ltd.**
2235 N. HWY 190 – P. O BOX 2070 – COVINGTON. LA 70434-2070

SECTION "E"

SECOND LAYER EXCESS MARINE LIABILITIES:  Excess Protection and Indemnity, Excess General Average and Salvage. Excess Sue and Labor, Excess Collision Liability with respect to non-towing vessels only and Excess Boat Brokers Legal Liability and Excess Oil Pollution (OPA 90).

Limit of Liability:          $5,000,000.00 any one accident, any one occurrence, combined single limit.

According to the terms and conditions of the attached American Institute Excess Marine Liabilities Clauses 8-A, (November 3, 1977)  and other Clauses attached to and forming a part of this Section.

Regardless of the number or types of liabilities insured against hereunder, these underwriters shall not be liable under this Section for more than $5,000,000.00 any one accident or series of accidents arising out of the same event, but in no event shall the liability of these Underwriters under any individual section of this Certificate exceed the Limit of Liability scheduled for that Section.

UNDERWRITERS:          Houston Casualty Company - 100%

This Section is a separate insurance but is always subject to the other terms and conditions stated in this Certificate except for the terms and conditions attached to and forming a part of Sections "A", "B", "C", D" and "F".

Where the word "Policy" appears herein. it shall be deemed to read "Certificate".

Attached to and forming a part of Section "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.

2235 N. HWY  190 – P O. BOX 2070 – COVINGTON. LA  70434-2070

American Institute                                                                8-A

## EXCESS MARINE LIABILITIES CLAUSES
(November 3. 1977)

To be attached to and form a part of Policy No. CUL-15135 107     of the  Houston  Casualty Company

1  Insures  C & C Offshore. Inc . etal                                                                          1
2
3
(hereinafter called the "Assured") against excess liabilities of the Assured as  hereinafter described and subject to  the terms and conditions  hereinafter      4
set forth, in respect only of the liabilities or expenses checked and for which a premium is shown in the following schedule                                        5

| Section | Covered | Premium | |
|---|---|---|---|
| (a)  Excess Protection and Indemnity | ☒ | $ As Included | 7 |
| (b)  Excess Collision Liability | ☒ | $ As Included | 8 |
| (c)  Excess Collision, including Tower's Liability | ☐ | $ Not Included | 9 |
| (d)  Excess General Average and Salvage | ☒ | $ As Included | 10 |
| (e)  Excess Sue and Labor Charges | ☒ | $ As Included | 11 |
| (f)  Excess Ship Repairer's Legal Liability | ☐ | $ Not Included | 12 |
| (g)  Excess Boat Brokers Legal Liability and Excess Oil Pollution (OPA 90) | ☒ | $ As Included | 13 |
| | TOTAL | $ As Included | 14 |

2. Period. At and from the 10th  day  of  October. 2007                                                               15
to the:    10th   day  of   October. 2008                                                                          16

   Beginning and ending with  Noon. Central Standard time.                                                             17
18

## EXCESS PROTECTION AND INDEMNITY

   (a)  These Underwriters agree to indemnify the Assured for all liability, loss, damage or expense insured against under the Protection and   Indemnity         19
   policies described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and in the General Conditions as the "Primary         20
   Policies"), but this insurance is warranted free from claim hereunder unless such liability in respect of the same accident (or occurrence, if the          21
   Limits of Liability of the Primary  policies are written on an occurrence basis) exceeds  the Limits of Liability of the Primary Policies in which          22
   event  these Underwriters shall be liable only for the amount  by  which such liability  exceeds such underlying Limits of Liability,  but in  no           23
   event for more than the Limit of Liability of this insurance.                                                        24

## EXCESS COLLISION                                                                                                    25

   (b)  These Underwriters agree to indemnify the Assured for sums not recoverable in full  by  the Assured under the Collision Clause of the policies         26
   on Hull and Machinery (including Increased Value with excess liabilities, if any, or under any other policies insuring collision liability) described        27
   in the Schedule of Underlying Insurance (hereinafter referred to  in this Section  and  in the General Conditions as the "Primary Policies"), by          28
   reason of the Assured's collision  liability exceeding  the amount insured  against collision  liability as stated in the Primary Policies, but in no          29
   event for more than the Limit of Liability of this insurance.                                                        30

## EXCESS COLLISION INCLUDING TOWER'S LIABILITY                                                                         31

   (c)  These Underwriters agree to indemnify the  Assured for sums not recoverable in full by the  Assured under the  Collision Clause incorporating         32
   tower's liability, of the policies on Hull and Machinery (Including Increased Values with excess liabilities. if any, or under  any other  policies          33
   insuring collision and tower's liability) described in the Schedule of Underlying  Insurances (hereinafter referred to in this Section and  in          34
   the General Conditions as the "Primary Policies"), by reason of the  Assured's collision  and/or tower's  liability exceeding the amounts  insured          35
   against  collision and tower's liability  as stated in the Primary Policies, but  in  no event for more than the limit of liability of this insurance          36
   These Underwriters shall not be  required  to indemnify the Assured under  Section  (b) of this Policy  with respect to any vessel insured under          37
   this Section (c)                                                                                                      38

Attached to and forming a part of Section "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

EXCESS GENERAL AVERAGE AND SALVAGE                                                                                        39

(d) These Underwriters agree to indemnify the Assured for General Average and Salvage not recoverable in full by the Assured under the policies on   40
Hull and Machinery (including Increased Value with excess liabilities. if any described in the Schedule of Underlying Insurances (hereinafter   41
referred to in this Section and in the General Conditions as the "Primary Policies"), by reason of the difference between the insured value   42
of the Vessel as stated in the Primary Policies (or any reduced value arising from the deduction therefrom in the process of adjustment of any   43
claim which law or practice or the terms of the Primary Policies may have required) and the value of the Vessel adopted for the purpose of   44
contribution to General Average or Salvage charges, the liability under this Policy being for such proportion of the amount not recoverable as   45
the Limit of Liability of this insurance bears to the said difference or to the total sum insured against excess liabilities if it exceeds such   46
difference. but in no event for more than the Limit of Liability of this  insurance.   47

EXCESS SUE AND LABOR CHARGES                                                                                              48

(e) These Underwriters agree to indemnify the Assured for Sue  and  Labor Charges not recoverable in full by the Assured under the policies on   49
Hull and Machinery (Including Increased Value with excess liabilities, if any) described in the Schedule of Underlying Insurances hereinafter   50
referred to in this Section and in the General Conditions as the "Primary Policies"), by reason of the difference between the insured value   51
of the Vessel as stated therein (or any reduced value arising from the deduction therefrom of any claim which the terms of the policies cov-   52
ering Hull and Machinery may have required) and the value of the Vessel adopted for the purpose of ascertaining the amounts recoverable   53
under the policies on Hull and Machinery (including Increased Value with excess liabilities. if any), the liability under this Policy being for such pro-   54
portion of the amount not recoverable as the Limit of Liability of this insurance bears to the said difference or to the total sum insured   55
against excess liabilities if it exceeds such difference. but in no event for more than the Limit of Liability of this insurance.   56

EXCESS SHIP REPAIRER'S LEGAL LIABILITY                                                                                    57

(f) These Underwriters agree to indemnify the Assured for all liability. loss, damage or expense insured against under the Ship Repairer's Legal   58
Liability policies described in the Schedule of Underlying insurances (hereinafter referred to in this Section and in the General Conditions as   59
the "Primary Policies"), but this insurance is warranted free from claim hereunder unless such liability in respect of the same accident (or   60
occurrence if the Limits of Liability of the Primary Policies are written on  an occurrence basis) exceeds the Limits of Liability of the Primary   61
Policies in which event these Underwriters shall be liable only for the amount by which such liability exceeds such underlying Limits of Liability,   62
but in no event for more than the Limit of Liability of this insurance.   63

EXCESS BOAT BROKERS LEGAL LIABILITY / EXCESS OIL POLLUTION (OPA 90)                                                       64

(g) These Underwriters agree to indemnify the Assured for all liability. loss, damage or expense insured against under the   65
Boat Brokers Legal Liability Policy #CUL-15135.107. Section "B" and Pollution Policy #CUL-15135.107. Section "D"   66
                                                                                                                         67
policies described in the Schedule of Underlying Insurances (hereinafter referred to in this Section and in the General Conditions as   68
"Primary Policies"). but this insurance is warranted free from claim hereunder unless such liability in respect of the same accident (or occurrence   69
if the Limits of Liability of the Primary Policies are written on an occurrence basis) exceeds the Limits of Liability of the Primary Policies in   70
which event these Underwriters shall be liable only for the amount by which such liability exceeds such underlying Limits of Liability. but in no   71
event for more than the Limit of Liability of this insurance.   72

## GENERAL CONDITIONS

3    These Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding   73
instituted against the Assured. but these Underwriters shall have the right and shall be given the opportunity (without incurring any liability for   74
costs or expenses thereof except as herein provided) to associate with the Assured or the underwrites on the Primary Policies, or both, in the   75
defense and control of any claim. suit or proceeding which involves or appears likely to involve these Underwriters. in which event the Assured.   76
the underwriters on the Primary Policies and these Underwriters shall cooperate in all matters in the defense of such claim. suit or proceeding.   77

4.   In the event the Assured or the  underwriters on the  Primary Policies elect not to appeal a judgment in excess of the Limits of Liability as  stated   78
in the Primary Policies. these Underwriters  may elect to make such an appeal at their sole cost and expense and shall be liable for the   79
taxable costs and disbursements and interest incidental thereto. but in no event shall the liability of these Underwriters exceed the Limit of Liability   80
of this insurance plus the cost and expense of any such appeal.   81

5.   In  the  case of any payment made hereunder, these  Underwriters may  act together with all other interests (including the Assured) in the exercise   82
of any rights of recovery against third parties with respect to the loss paid by the Assured. underwriters on  the Primary Policies and these Under-   83
writers. The apportionment of any amounts which  may be  recovered from third parties shall  follow  the  principle that any interest (including that   84
of the Assured) that shall have paid an amount over and above any payment made hereunder by these Underwriters shall  first be reimbursed up to   85
the amount paid thereby: these Underwriters  will then be  reimbursed out of  any balance remaining  up to the amount paid thereby and hereunder:   86
finally, the interests (including that of the Assured) of whom this Policy is in  excess are entitled to claim the balance. if  any. Expenses  necessary   87
to the recovery of any such amounts  shall  be  apportioned between the interests (including the Assured) concerned. in the  proportion that their   88
respective recoveries are finally settled.   89

6.   It is a condition of this Policy that all Primary Policies. in which  the  Assured has an interest  are scheduled and that the said Primary  Policies   90
shall be maintained in full force and effect during the term of this Policy and that no changes  shall  be  made in the Primary Policies which broaden   91
the insuring conditions thereof or reduce the amounts collectible thereunder. In the event of a breach of any of the aforesaid conditions this   92
Policy shall be null and void. unless otherwise agreed in writing by these Underwriters. These Underwriters shall be furnished with copies of the Primary   93
Policies and any amendments thereto at their request.   94

Attached to and forming a part of Section "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.,
etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

7   The term "Assured" is used severally and not collectively, but the inclusion herein of more than one Assured shall not operate to increase the   95
    liability of these Underwriters   96

8.   The Assured, upon knowledge of any occurrence likely to give rise to a claim hereunder, shall give prompt written notice thereof to these Underwriters   97

9.   ~~Either these Underwriters or the Assured may cancel this Policy by giving the other fifteen (15) days written notice, after which this Policy~~   98
    ~~shall be of no force or effect. Written or telegraphic notice sent to the Assured at its last known address shall constitute complete notice for~~   99
    ~~cancellation. Such notice sent to the Assured in care of the broker who negotiated this Policy shall have the same effect as if sent directly to the~~   100
    ~~Assured. If cancellation is at Assured's option, these Underwriters will retain earned premium hereunder as per customary short rate table; if~~   101
    ~~cancellation is at these Underwriters' option, pro rata unearned premium will be returned as soon as practicable. All returns shall be net.~~   102

10   Regardless of the number or types of liabilities insured against hereunder, or the number of vessels or risks involved, these Underwriters shall not   103
    be liable under this Policy for more than $5,000,000.00   any one accident or series of accidents arising out of the same   event, but in no   104
    event shall the liability of these Underwriters under any individual section of this Policy exceed the Limit of Liability scheduled for that section in   105
    Column "A" below for any accident or series of accidents arising out of the same event.   106

11   This insurance shall cover only those excess liabilities specified in paragraph 1, for not exceeding the amounts specified under Limit of   107
    Liability in Column "A" below, being excess of Primary Limits specified in column "B" below, but subject to the terms and conditions otherwise   108
    specified herein   109

    The listing below of Underlying Insurances which include risks not otherwise insured against under this Policy, shall not be deemed to be   110
an acceptance by these Underwriters as protection against such risks, nor shall the Assured recover from these Underwriters any deductible or self-   111
insured retention under Primary Policies   112

## SCHEDULE OF UNDERLYING

| No. | Location or Vessel | Sections Applicable | Column "A" Limit of Liability | Column "B" Primary Limits |
|---|---|---|---|---|
| 1. | "Mr. Ryan" | (a), (b), (d) and (e) | $5,000.000.00 excess of | $4,000,000.00 excess of $1,000,000.00 Primary |
| 2. | "Ms. D" | (a), (b), (d) and (e) | $5,000,000.00 excess of | $4,000,000.00 excess of $1,000,000.00 Primary |
| 3. | "Isabella" | (a), (b), (d) and (e) | $5,000,000.00 excess of | $4,000,000.00 excess of $1,000,000.00 Primary |
| | Excess Boat Brokers Legal | (g) | $5,000,000.00 excess of | $4,000,000.00 excess of $1,000,000.00 Primary |
| | Excess Pollution | (g) | $5,000,000.00 excess of | $5,000,000.00 |

Notwithstanding anything contained in this policy to the contrary, it is hereby agreed that coverage afforded by this policy follows terms and conditions of underlying insurance including named assureds, additional assureds, special additional assureds, loss payees, and waivers of subrogation and navigation limits.

Attached to and forming a part of Section "E" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N. HWY  190 – P. O  BOX 2070 – COVINGTON,  LA  70434-2070

SECTION "F"

BREACH OF WARRANTY

According to the terms and conditions of the Mortgagees Interest Clauses – Hulls CL.337, as amended and other clauses attached to and forming a part of this Section.

Underwriters:          Underwriters at Lloyd's  - 100%

This Section is a separate insurance but is always subject to the terms and conditions stated in this section except for the terms and conditions attached to and forming a part of Sections "A", "B", "C", "D" and "E".

Where the word "Policy" appears herein, it shall be deemed to read "Certificate".

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.

2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

# COVER NOTE

In accordance with your instructions we have effected the following insurance on your behalf:-

**TYPE:** Marine

**FORM:** MAR 91- Slip Policy

**ASSURED:** **State Bank & Trust Company,** P.O. Box 745, Golden Meadow, LA 70357 in respect of vessels 1) and 2)
**South Lafourche Bank & Trust,** P.O. Box 579, Golden Meadow, LA 70357 in respect of vessel 3)

**VESSEL(S):** 1) "Mr. Ryan"
2) "Ms. D"
3) "Isabella"

**PERIOD:** Attaching: 10th October 2007 at 00.01 hours Central Standard Time
Expiring: 10th October 2008 at 00.01 hours Central Standard Time

**INTEREST:** Mortgagees Interest.

**SUM INSURED:** 1) USD 200,000
2) USD 200,000
3) USD 350.000

**ORDER HEREON:** 100% of 100%

**CONDITIONS:** Institute Mortgagees Interest Clauses Hulls CL. 337 (01.03.97).
Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons Exclusion Clause CL. 370 (10.11.03), subject to U.S.A. and Canada Endorsement USCANB (29.01.04) as attached.
Institute Cyber Attack Exclusion Clause CL. 380 (10.11.03).
U.S. Terrorism Risk Insurance Act of 2002 as amended Not Purchased Clause LMA 5053 (22/12/2005).
Broker's Cancellation Clause.

**EXPRESS WARRANTIES:** None.
(Other than those that may be expressly contained within the policy conditions, wordings, clauses and in addition to any implied warranties under the law to which this insurance is subject – failure to comply with a warranty will, in normal circumstances, void this insurance policy).

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.. etal.

All other terms and conditions remain unchanged.

000082

# Continental Underwriters, Ltd.
2235 N. HWY  190 – P. O. BOX 2070 – COVINGTON.  LA  70434-2070

**SEVERAL**
**LIABILITY:**   Several Liability Notice (Insurance) L.S.W.1001 as follows:
The subscribing insurers' obligations under contracts of insurance to which they
subscribe are several and not joint and are limited solely to the extent of
their individual subscriptions.  The subscribing insurers are not responsible for the
subscription of any co-subscribing insurer who for any reason does not satisfy all
or part of its obligations.

**CHOICE OF LAW &**
**JURISDICTION:**   State of Louisiana law, practice and jurisdiction, subject to
Institute Service of Suit Clause (U.S.A.) CL. 355 (1.11.92)

**RATE:**   As Agreed

**INFORMATION:**   "Mr. Ryan" – Insured Value:  $500,000.  110x26x12 Utility Vessel
"Ms. D" – Insured Value:  $500,000. 110x26x10 Utility Vessel
"Isabella" – Insured Value:  $500,000. 110x26x10 Utility Vessel

**RECORDING,**
**TRANSMITTING**
**& STORING**
**INFORMATION:**   Where the broker maintains risk and/or claim data/information/
documents the broker may be hold such date/information/documents electronically.

**SIGNING**
**PROVISIONS:**   In the event that the written lines hereon exceed 100% of the order, any lines written "to
stand" will be allocated in full and all other lines will be signed down in equal
proportions so that the aggregate signed lines are equal to 100% of the order without
further agreement of any of the (re)insurers.

However:

a)   in the event that the placement of the order is not completed by the
commencement date of the period of insurance then all lines written by that date
will be signed in full;

b)   the signed lines resulting from the application of the above provisions can be
varied, before or after the commencement date of the period of insurance, by the
documented agreement of the (re)insured and all (re)insurers whose lines are to be
varied.  The variation to the contracts will take effect only when all such
(re)insurers have agreed, with the resulting variation in signed lines commencing
from the date set out in that agreement.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc.,
etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

## LMA3333
## (Re)insurer's liability several not joint

The liability of a (re)insured under this contract is several and not joint with other (re)insurers party to this contract. A (re)insurer is liable only for the proportion of liability it has underwritten. A (re)insurer is not jointly liable for the proportion of liability underwritten by any other (re)insurer. Nor is a (re)insurer otherwise responsible for any liability of any other (re)insurer that may underwrite this contract.

The proportion of liability under this contract underwritten by a (re)insurer (or, in the case of a Lloyd's syndicate, the total of the proportions underwritten by all the members of the syndicate taken together) is shown next to its stamp.

This is subject always to the provision concerning "signing" below.

In the case of a Lloyd's syndicate. each member of the syndicate (rather than the syndicate itself) is a (re)insurer. Each member has underwritten a proportion of the total shown for the syndicate (that total itself being the total of the proportions underwritten by all the members of the syndicate taken together). The liability of each member of the syndicate is several and not joint with other members. A member is liable only for that member's proportion. A member is not jointly liable for any other member's proportion. Nor is any member otherwise responsible for any liability of any other (re)insurer that may underwrite this contract. The business address of each member is Lloyd's, One Lime Street, London EC3M 7HA. The identity of each member of a Lloyd's syndicate and their respective proportion may be obtained by writing to Market Services. Lloyd's, at the above address.

## Proportion of liability

Unless there is "signing" (see below), the proportion of liability under this contract underwritten by each (re)insurer (or, in the case of a Lloyd's syndicate, the total of the proportions underwritten by all the members of the syndicate taken together) is shown next to its stamp and is referred to as its "written line".

Where this contract permits, written lines, or certain written lines, may be adjusted ("signed"). In that case a schedule is to be appended to this contract to show the definitive proportion of liability under this contract underwritten by each (re)insurer (or, in the case of a Lloyd's syndicate, the total of the proportions underwritten by all the members of the syndicate taken together). A definitive proportion (or, in the case of a Lloyd's syndicate, the total of the proportions underwritten by all the members of a Lloyd's syndicate taken together) is referred to as a "signed line". The signed lines shown in the schedule will prevail over the written lines unless a proven error in calculation has occurred.

Although reference is made at various points in this clause to "this contract" in the singular, where the circumstances so require this should be read as a reference to contracts in the plural.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY  190 – P. O. BOX 2070 – COVINGTON.  LA  70434-2070

## INSTITUTE MORTGAGEES' INTEREST CLAUSES

### HULLS

## A.   RECITAL

Whereas the Assured has entered into a loan agreement commensurate with which the Assured holds certain collateral security including a first mortgage on the Mortgaged Vessel and endorsements of its interests on the Owners' Policies and Club Entries.

Now it is agreed as follows:

## 1.   INSURING CLAUSE

1.1   This insurance will indemnify the Assured for loss resulting from loss of or damage to or liability of the Mortgaged Vessel which, in the absence of an insured peril set out in Clause 2.1 below, would prima facie be covered by the Owners' Policies and Club Entries, and not excluded therein, but in respect of which there is subsequent non-payment (or reduced payment which is approved in advance by the Underwriters hereon) by any of the Underwriters of Owners' Policies and Club Entries as a result of any insured peril, provided always that such insured peril occurs or exists without the privity of the Assured.

1.2   The indemnity payable hereunder shall be:

1.2.1   the amount of the Assured's net loss and any amounts recoverable under Clause 6 herein, collectively not exceeding the sum insured on the Mortgaged Vessel, or

1.2.2   the amount of the unrecoverable claim or part thereof under any of the Owners' Policies and Club Entries

whichever is the lesser amount.

1.3   All the above is subject to the Definitions, Exclusions, Warranties and Conditions below.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N  HWY  190 – P. O. BOX 2070 – COVINGTON,  LA  70434-2070

2.     **DEFINITIONS**

     2.1     Insured Perils

        2 1.1    Avoidance of the Owners' Policies and Club Entries or any of them by the Underwriters thereof on the grounds of a misrepresentation or non-disclosure of any material circumstance, whether such misrepresentation or non-disclosure arises from the Assured thereunder or any of such Assured's insurance agents or insurance brokers,

        2.1.2    breach of any statutory provision or any express or implied promissory warranty or condition, including without limitation

             2.1.2.1. breach of any implied warranty of seaworthiness or legality,

             2.1.2.2     breach of Section 39(5) of the Marine Insurance Act of 1906,

             2.1.2.3     breach of trading, warranties contained in any of the Owners' Policies and Club Entries.

             2.1.2.4.     breach of any warranty or condition in any of the Owners' Policies and Club Entries in respect of the classification of the Mortgaged Vessel by a Classification Society or any failure to comply with the recommendations of such Society to the extent required by such warranty or condition.

             2.1.2.5     breach of any warranty or condition in any of the Owners' Policies and Club Entries which requires compliance with any condition survey, structural survey or P&I Club survey requirements and pursuant to which clauses Underwriters deny a claim.

             2.1.2.6    breach of any warranty or condition in any of the Owners' Policies and Club Entries in respect of the ownership, flag, management or charter on a bareboat basis of the Mortgaged Vessel,

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

2.1.3    failure of the Assured under the hull and machinery policy or the owners, managers or superintendents of the vessel or any of their onshore management to exercise due diligence in respect of any loss or damage to the Mortgaged Vessel where such failure to exercise due diligence entitles the Underwriters of the owner's hull and machinery policy to deny a claim otherwise recoverable thereunder,

2.1.4    any deliberate or fraudulent casting away of or damage to the Mortgaged Vessel

2.1.5    avoidance of a claim under any of the Owners' Policies and Club Entries or of any of the Owners' Policies and Club Entries by reason of breach of the duty of good faith in respect of such claim, or

2.1.6    the operation of any applicable provision in any of the Owners' Policies and Club Entries which provides for a time limitation on the presentation of claims,

2.1.7    in the event of the total loss of the Mortgaged Vessel, the final judgement or award of the courts or arbitration tribunal agreed to have jurisdiction under the express terms of Owners' Policies and Club Entries (or in the event of their being no such express terms a competent court) following a contested hearing whereby the Owners' claim is not recoverable under either Owners' hull and machinery or war risks policies on the grounds that the loss has not been proved to have been proximately caused by a peril insured under those policies and is not otherwise excluded from payment by any exclusion or other provision therein.

2.2    Owners' Policies and Club Entries - means hull and machinery policies on terms equivalent to or wider than the current Institute Time Clauses Hulls or American Institute Hull Clauses, (if taken, increased value policies on terms equivalent to Institute Time Clauses - Hull Disbursements and Increased Value (Total Loss only and Excess Liabilities) or American Institute Increased Value and Excess Liabilities Clauses), war risks on terms equivalent to current Institute War and Strikes Clauses Hulls '- Time and full protection and indemnity risks on conditions equivalent to the rules of a P&I Club that is a member of the International Group of P&I Associations.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

2.3    Net Loss - means the Assured's loss under the loan agreement to the extent secured by mortgage on the Mortgaged Vessel net of any amounts recovered or recoverable under all security arrangements contained in or collateral to the loan including, but not limited to all mortgages (whether on vessels insured hereunder or on other vessels), liens, any floating and fixed charges, security interests. guarantees. insurance policies and pledges.

2.4    Mortgaged Vessel - means the vessel mortgaged to the Assured, which is listed on the schedule attached hereto.

## 3.    EXCLUSIONS

In no case shall this policy cover:

3.1    any loss or expense arising from or as a result of

3.1.1    the relevant Owners' Policies and Club Entries having been terminated or cancelled or cover suspended or non-payment of claims by the Underwriters or insurance brokers thereof due to non-payment of premium or call.

3.1.2    insolvency or financial default of any of the Underwriters of the Owners' Policies and Club Entries,

3.1.3    inability of any party to transmit funds,

3.1.4    any fluctuation in exchange rates,

3.1.5    the operation of any franchise deductible or provision for self-insurance.

3.2    loss or damage directly or indirectly caused by or contributed to by or arising from:

3.2.1.    ionising radiation from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from combustion of nuclear fuel,

3.2.2.    the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof,

3.2.3.    any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

4.  **WARRANTIES**

It is warranted in respect of the Mortgaged Vessel that:

4.1  Owners' Policies and Club Entries have been taken out and, except as a result of the occurrence or existence of an insured peril without the privity of the Assured, shall be maintained throughout the currency of this insurance for an insured value and limit of liability not less than the amount insured hereunder or the amount of the outstanding loan to the extent secured by the Mortgaged Vessel,

4.2  each of the Owners' Policies and Club Entries is endorsed to the extent of the Assured's interest, and

4.3  the Assured has procured and registered a valid first mortgage.

5.  **CHANGE OF OWNERSHIP OR CONTROL**

This insurance will terminate automatically at the time the Assured becomes or is aware of or privy to any change of.

5.1  Classification Society or of change, suspension, discontinuance, withdrawal or expiry of the Mortgaged Vessel's class within that Society,

5.2  ownership. flag, management or control of the Mortgaged Vessel,

unless the Assured gives prompt notice of such change in writing, and agrees to pay an additional premium. if required, and Owners' Policies and Club Entries are maintained.

6.  **DUTY OF ASSURED (SUE AND LABOUR)**

6.1  The Assured shall report in writing, to the Underwriters any circumstances which may give rise to a claim under this insurance within 30 days of the Assured's knowledge of such circumstances and shall thereafter keep the Underwriters fully informed of all developments.

6.2  It is the duty of the Assured and their servants and agents to take such measures as may be reasonable for the purpose of averting or minimizing a loss which would be recoverable under this insurance.

6.3  The Underwriters will reimburse charges properly and reasonably incurred by the Assured their servants or agents for such measures except for legal costs and expenses incurred by the Assured in relation to any claim under Owners' Policies and Club Entries which shall only be reimbursed in accordance with clause 6.4 herein.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N. HWY 190 - P O. BOX 2070 – COVINGTON, LA 70434-2070

6.4    Subject to the condition precedent that the Mortgaged Vessel is entered in a Freight, Demurrage and Defence Club covering the cost of the owner proceeding against the Owners' Policies and Club Entries, the Underwriters will reimburse those legal costs and expenses incurred by the Assured in pursuing the non-paying Owners' Policies and Club Entries not otherwise recoverable as part of the net loss but only where the Assured can demonstrate to the satisfaction of the Underwriters that it has made every reasonable effort to compel the owner to pursue the non-paying Owners' Policies and Club Entries. This policy shall not pay for legal costs and expenses incurred by the Assured in monitoring the claim against the Owners' Policies and Club Entries.

6.5    Any amounts payable under this clause shall be included within and shall not be additional to the sum insured.

6.6    Measures taken by the Assured or the Underwriters with the object of averting or minimizing a loss which would be recoverable under this insurance shall not be considered as a waiver or acceptance of a claim or otherwise prejudice the rights of either party.

7.    **CLAIMS**

7.1    The Assured shall prove a claim under this insurance by:

7.1.1.    demonstrating to the satisfaction of the Underwriters, that by reason of the perils insured under clause 2.1 there is no reasonable prospect of the Owners and/or Assured succeeding in the claim against the Underwriters of the Owners' Policies and Club Entries, or

7.1.2.    in the event of disagreement between the Underwriters and the Assured by either referring, the issue to a sole arbitrator in London to be agreed upon between the Underwriters and the Assured or on final court judgement or arbitration award delivered in favour of the Underwriters of Owners' Policies and Club Entries.

7.2    The Underwriters shall pay any claim hereunder within 3 months of the date that both the claim is proved in accordance with Clause 7.1 and net loss is established.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P O. BOX 2070 – COVINGTON. LA  70434-2070

**8.    SUBROGATION**

8.1    Upon payment to the Assured of a claim hereunder, the Underwriters shall be subrogated to all the rights and remedies of the Assured in respect of such payment.

8.2    It is a condition of this insurance that any payments by the Underwriters shall not be applied by the Assured in or towards discharge or satisfaction of the amount of the outstanding indebtedness.

**9.    EFFECT OF UNDER INSURANCE**

If the loan amounts are not fully insured hereunder at the time of loss then the indemnity payable hereunder including any sue and labour amounts shall be reduced in proportion to the under insurance.

**10.    AUTOMATIC TERMINATION**

10.1    Cover hereunder for loss of or damage to or liability of a Mortgaged Vessel shall terminate in respect of those risks covered by the War and Strikes Clauses of the Mortgaged Vessel

    10.1.1    AUTOMATICALLY upon the outbreak of war (whether there be a declaration of war or not) between any of the following

        United Kingdom, United States of America, France, the Russian Federation, the People's Republic of China

    10.1.2    AUTOMATICALLY in respect of a Mortgaged Vessel in the event of that Mortgaged Vessel being requisitioned either for title or use

    10.1.3    7 days after the Underwriters of the Owner's War Risks Insurances or any of them have given notice of cancellation unless such War Risks Insurances have been reinstated prior to or from the expiry of such notice and any new rate of premium and amendments to terms, conditions or warranties, if any, have been agreed, or

    10.1.4    7 days after the Underwriters hereon have given notice of cancellation in respect of such risks.

10.2    Cancellation in accordance with Clauses 10.1.3 and 10.1.4 shall become effective on the expiry of 7 days from midnight on the day on which the notice of cancellation is given. The Underwriters agree however to reinstate this insurance subject to agreement between the Underwriters and the Assured prior to the expiry of such notice of cancellation as to new rate of premium and/or conditions and/or warranties.

1/3/97

CL337-97  Copyright The Institute of London Underwriters

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N HWY 190 – P. O. BOX 2070 · COVINGTON, LA 70434-2070

## INSTITUTE RADIOACTIVE CONTAMINATION CHEMICAL, BIOLOGICAL, BIO-CHEMICAL AND ELECTROMAGNETIC WEAPONS EXCLUSION CLAUSE

This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith:

1.   In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from

    1.1   ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

    1.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

    1.3   any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter

    1.4   the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter.   The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.

    1.5   any chemical, biological, bio-chemical, or electromagnetic weapon.

10/11/03
CL 370

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON, LA 70434-2070

### U.S.A. & CANADA ENDORSEMENT
### FOR THE INSTITUTE RADIOACTIVE CONTAMINATION, CHEMICAL, BIOLOGICAL,
### BIO-CHEMICAL AND ELECTROMAGNETIC WEAPONS EXCLUSION 10/11/03

This policy is subject to the Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons exclusion Clause 10th November, 2003 (RACCBE).  The inclusion of RACCBE in this policy is material to underwriters' willingness to provide coverage at the quoted terms, conditions and rates.

It is the intent of the parties to give maximum effect to RACCBE as permitted by law.

In the event that any portion of RACCBE may be found to be unenforceable in whole or in part under the law of any state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, the remainder shall remain in full force and effect under the laws of that state, territory, district, commonwealth or possession of the U.S.A., province or territory of Canada.  Further, any such finding shall not alter the enforceability of RACCBE under the laws of any other state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, to the fullest extent permitted by applicable law.

USCAN B

29/01/04

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

**Continental Underwriters, Ltd.**
2235 N HWY 190 – P O BOX 2070 – COVINGTON, LA 70434-2070

## INSTITUTE CYBER ATTACK EXCLUSION CLAUSE

1.1    Subject only to clause 1.2 below, in no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from the use or operation, as a means for inflicting harm, of any computer, computer system, computer software programme, malicious code, computer virus or process or any other electronic system.

1.2    Where this clause is endorsed on policies covering risks of war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power, or terrorism or any person acting from a political motive, Clause 1.1 shall not operate to exclude losses (which would otherwise be covered) arising from the use of any computer, computer system or computer software programme or any other electronic system in the launch and/or guidance system and/or firing mechanism of any weapon or missile.

10/11/03
CL. 380

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

# Continental Underwriters, Ltd.
2235 N  HWY  190 – P  O. BOX 2070 – COVINGTON,  LA  70434-2070

## U.S. TERRORISM RISK INSURANCE ACT OF 2002 AS AMENDED
## NOT PURCHASED CLAUSE

**This Clause is issued in accordance with the terms and conditions of the "U.S. Terrorism Risk Insurance Act of 2002" as amended as summarized in the disclosure notice.**

lt is hereby noted that the Underwriters have made available coverage for "insured losses" directly resulting from an "act of terrorism" as defined in the "U.S. Terrorism Risk Insurance Act of 2002" as amended ("TRIA") and the Insured has declined or not confirmed to purchase this coverage.

This Insurance therefore affords no coverage for losses directly resulting from any "act of terrorism" as defined in TRlA except to the extent, if any, otherwise provided by this policy.

All other terms. conditions, insured coverage and exclusions of this Insurance including applicable limits and deductibles remain unchanged and apply in full force and effect to the coverage provided by this Insurance.

22/12/05
LMA5053

Attached to and forming a part of Section "F" of Certificate CUL-15135.107. issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged.

000095

**Continental Underwriters, Ltd.**
2235 N  HWY  190 – P  O. BOX 2070   COVINGTON.  LA  70434-2070

## BROKERS CANCELLATION CLAUSE

Notwithstanding anything contained in this policy to the contrary, it is hereby understood and agreed that, in the event of the premium not having been paid by the Assured at the inception of the risk or, in the case of installments, on the due date, CONTINENTAL UNDERWRITERS, (herein after called the Brokers) are hereby authorized by the Underwriters to cancel this Policy at the Brokers' discretion.  Such cancellation may be effected by the Brokers giving 14 days Notice to the Assured by registered letter, facsimile or telex addressed to the Assured's head office of intent to cancel, and thereafter instructing the Underwriters to cancel this Policy. Such cancellation shall take effect at Midnight GREENWICH MEAN TIME on the 14th day from the date such notice was dispatched and the Underwriters shall adjust the premium under this Policy pro-rate temporis.  In the event of the interest hereby insured becoming a total, constructive, arranged or compromised total loss from any cause whatsoever. any premium (including all future installments) unpaid by the Assured, shall become due immediately and the Brokers shall be entitled to take the credit therefore.

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore. Inc., etal.

# Continental Underwriters, Ltd.

2235 N HWY 190 – P O. BOX 2070 – COVINGTON, LA 70434-2070

## INSTITUTE SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to remove an action to a United States Federal District Court or to seek remand therefrom or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to the Underwriters' rights set forth above:

(a)    It is further agreed that the Assured shall serve process upon any senior partner in the firm of. **Mendes & Mount (Attorneys), 750 Seventh Avenue, New York, N.Y. 10019-6829** and that in any suit instituted against any one of them upon this contract the Underwriters shall abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(b)    The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon the Underwriters' behalf in the event such a suit shall be instituted.

(c)    The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word Assured includes any mortgagee under a ship mortgage which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgagee.

(d)    Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefore, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and Assured shall mean reinsurance and Reassured respectively.

1/11/92
CL355

Attached to and forming a part of Section "F" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., etal.

All other terms and conditions remain unchanged

# Continental Underwriters, Ltd.
2235 N. HWY 190 – P. O. BOX 2070 – COVINGTON. LA 70434-2070

# CLAIM PROCEDURE

<u>If you have a Hull & Machinery claim proceed as follows:</u>

A)   Notify your agent immediately - within 24 hours to avoid policy violation.

B)   Arrange a joint meeting between your representative and the surveyor for the Underwriter to review all damages.

C)   Submit all invoices covering cost of repairs excluding any non-related costs.  Be sure the invoices are detailed and give an adequate breakdown of the charges.

D)   Submit a "Note of Protest" on the proper form or a similar statement written on your letterhead relating how the claim occurred and which part of your insurance covers it (Covered Peril).  The peril should be named explicitly from the policy wording.  This document is to state your theory of what happened, why, and the reason the loss is covered by insurance.

E)   Provide a Master's statement covering the sequence of events of the incident together with copies of the vessel logs which should cover at least one day prior to and one day following the date of loss.

F)   Submit all of the above information in one "package" to your agent who will forward it to Continental Underwriters, Ltd.  Upon receipt of the claim package, the company Surveyor- and Claims Moderator will review the claim.  Any questions of the surveyor or Claims Moderator will be promptly discussed with you or your representative in order to clear up any questions and effect settlement. Your claim will be given prompt attention and the speed with which it is processed will depend on the claim package.

<u>If you have a Liability claim, proceed as follows:</u>

A)   Notify your agent immediately - within 24 hours to avoid policy violation.

B)   Notify all parties in writing.  Copies of the notices should be made available to Underwriters.

C)   Provide Underwriters with name, addresses and phone numbers of all crew members and others who witnessed the loss.

D)   Make certain your representative is present and is cooperative with Underwriter's surveyor or Investigator when viewing the loss.

E)   Your representatives are not to discuss the loss with anyone other than Underwriter's representatives.

F)   When any claim or invoices are presented to you, give them immediately to your agent for processing to the broker and defense counsel.

G)   Cooperate fully with defense counsel and our investigators.

H)   In the event the liability claim can be handled below the amount of the deductible, the claim will be turned over to you for handling.  Underwriters will not take release for you in such cases.