UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY | CIVIL ACTION NO.: 11-734 |
| Plaintiff | SECTION: ___ |
| VERSUS | DISTRICT JUDGE: |
| | HON. _____ |
| C & C OFFSHORE, INC., RC OFFSHORE, LLC, AND RC LOGISTICS, LLC. | MAGISTRATE JUDGE: |
| Defendants | HON. _____ |

# EXHIBIT C



# LARZELERE PICOU
## WELLS SIMPSON LONERO, LLC

Jay M. Lonero
ATTORNEY AT LAW
jlonero@lpwsl.com

06 April 2011

**DECLINATION OF COVERAGE
AND RESERVATION OF RIGHTS**

<u>VIA TELEFACSIMILE AND
CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

C & C Offshore, Inc., RC Offshore, L.L.C.,
and RC Logistics, L.L.C.
c/o Roxanne Rogers and Chris Rogers
220 East 14th Place
Larose, LA 70373

Robert S. Reich, Esq.
Reich, Album & Plunkett, L.L.C.
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metairie, LA 70002

|  |  |  |
|---|---|---|
| RE: | Claimants : | Apache Corporation |
|  | Assureds : | C & C Offshore, Inc. |
|  |  | RC Offshore, LLC |
|  |  | RC Logistics, LLC |
|  | Insurer : | Houston Casualty Company |
|  | DOL : | Undetermined |
|  | Our File : | 003480-10204 |

Dear Mr. and Ms. Rogers and counsel:

    We have been instructed by Fidelis Claims Service, LLC, on behalf of Houston Casualty Company (collectively, HC), to review this matter involving a claim by Apache Corporation (Apache) regarding alleged unauthorized removal and sale of certain marine fuel supplied by Apache to the RC Offshore and/or RC Logistics' vessel M/V MISS ADDISON. We understand that Apache further alleges "breach of contract" and "bad faith breach of contract" by RC Offshore and/or RC Logistics (hereinafter collectively, RC) based on the alleged unauthorized removal and sale of the marine fuel.


**LARZELERE PICOU**
WELLS SIMPSON LONERO, LLC

C & C Offshore, Inc., RC
Offshore, LLC, and
RC Logistics, LLC
Re: Apache Corporation
06 April 2011
Page 2

## REVIEW OF PLEADINGS

Apache's claim against RC is formally alleged in Apache Corporation's Cross-Claim/Third-Party Demand filed in the matter of *Marc Cheramie v. Apache Corp.*, Docket No.: 91951-B in the 15th Judicial District Court, Vermilion Parish, Louisiana. Apache's Cross-Claim/Third-Party Demand does not provide a specific "date of loss" in connection with its allegations, but additional information provided to date indicates that the incidents complained of occurred in or about May 2007 and were discovered by Apache and/or RC in or about August 2007. HC acknowledges that RC denies all liability and damage allegations of Apache's Cross-Claim/Third-Party Demand.

## COVERAGE DETERMINATION AND ANALYSIS

Based on the information obtained to date, we have been instructed by HC to advise you that HC declines coverage under Policy No. CUL-14897.046, issued to RC for the policy period of 11 April 2006 to 10 October 2007, for the above-described claim asserted by Apache.

Initially, HC advises that it is unclear from the information provided when Apache's claim actually arose. Therefore, HC reserves the right to decline coverage under Policy No. CUL-14897.046 should it appear that said claim falls outside this policy period.

HC advises that Apache's claim, alleging bad faith breach of contract by unauthorized removal and sale of certain fuel, on land, after it was removed from the M/V MISS ADDISON, has no operational relationship to the vessel and is, therefore, outside the scope of P&I insurance, generally. If it were determined that Apache's claim relates to the ownership and operation of the M/V MISS ADDISON, as a vessel in navigation, all coverage relating to this vessel was deleted in its entirety, effective 21 August 2007. Should Apache's claim be deemed to arise after 21 August 2007, no coverage would be provided for same under Policy No. CUL-14897.046. A claim must relate to a scheduled vessel for coverage to be implicated under this policy. For these reasons, HC declines coverage.

Further, the basis and substance of Apache's claim are the alleged intentional acts of Mr. Marc Cheramie, who we understand was a principal of RC at the time of the


**LARZELERE PICOU**
WELLS SIMPSON LONERO, LLC

C & C Offshore, Inc., RC
Offshore, LLC, and
RC Logistics, LLC
Re: Apache Corporation
06 April 2011
Page 3

alleged acts. Such intentional acts are not covered by Policy No. CUL-14897.046 and plainly violate the principle of fortuity, fundamental to the insurance contract.

Moreover, Apache's claim against RC is solely a breach of contract claim, though based on the alleged intentional conduct of Mr. Marc Cheramie. Policy No. CUL-14897.046 does not provide coverage for direct contractual liabilities. The extension of Marine Contractual Liability provided under Section "B" of Policy No. CUL-14897.046 maintains the requirement of a relationship to a scheduled vessel and limits coverage to contractual defense, indemnity and hold harmless provisions of contracts relating to the service of such scheduled vessels and to those risks insured under the SP-23 Protection and Indemnity (Revised 1/56) form, none of which apply to or extend coverage to Apache's claim against RC. For this reason, HC also declines coverage.

HC has also reviewed Policy No. CUL-15135.107 issued to RC with a policy period of noon, 10 October 2007 to noon, 10 October 2008, and advises that coverage under Policy No. CUL-15135.107 is declined for the above-described claim asserted by Apache. It is our understanding that events underlying and relating to Apache's claim occurred in or about May 2007 and were known or discovered in or about August 2007. Policy No. CUL-15135.107's policy period begins and ends after these potential loss dates. Therefore, Apache's claim, as stated, falls outside the policy period of Policy No. CUL-15135.107, and coverage is denied to RC.

Additionally, the M/V MISS ADDISON is not a scheduled vessel under Policy No. CUL-15135.107, which is an additional basis on which HC denies coverage. All other bases for declination of coverage and/or reservations of rights set forth above in connection with Policy No. CUL-14897.046 are applicable to and are hereby asserted by reference with regard to Policy No. CUL-15135.107.

HC has given due consideration to the policy provisions of Policy Nos. CUL-14897.046 and CUL-15135.107 that might have provided coverage, if Apache's claim alleged legal liabilities that RC would have had in the absence of contract. However, in this case, it has already been judicially determined that Apache's non-contractual claims, *i.e.*, tort claims (whether intentional or not), have prescribed, resulting in the dismissal of all claims asserted by Apache against Mr. Marc Cheramie.


**LARZELERE PICOU**
WELLS SIMPSON LONERO, LLC

C & C Offshore, Inc., RC
Offshore, LLC, and
RC Logistics, LLC
Re: Apache Corporation
06 April 2011
Page 4

In light of the fact that Apache's Cross-Claim/Third-Party Demand has been brought within and in connection with Mr. Marc Cheramie's claims against Apache for, *inter alia*, wrongful prosecution, HC advises that it declines all liability in connection therewith, as Mr. Marc Cheramie's claims were brought without HC's written consent.

Finally, HC provisionally advises that Policy Nos. CUL-14897.046 and CUL-15135.107 expressly exclude coverage for fines, penalties, punitive, exemplary, and/or multiplied damages, should any such remedies be sought in connection with Apache's claim against RC.

HC further reserves all rights and defenses under the terms, conditions, exclusions, and limitations of any policies of insurance issued to RC, including, but not limited to, Policy Nos. CUL-14897.046 and CUL-15135.107, which terms should be considered entirely incorporated herein. HC refers you to Attachment "A" which sets forth pertinent policy provisions upon which HC relies, in part, in providing this correspondence to you. The policy provisions stated in Attachment "A" are not an exclusive listing of all pertinent policy provisions.

All actions taken in connection with the investigation of this matter and any communications by HC are subject to this declination and reservation of rights and should not be construed as admissions or waivers of any policy defenses, and are done entirely without prejudice to or waiver of any rights or defenses, whatsoever.

## CONCLUSION

The foregoing declination of coverage and the full non-waiver and reservation of all rights regarding other potentially applicable exclusions, conditions, warranties, defenses, and rights, are made based on information available to date, without prejudice, and should not be construed as a waiver of any other coverage defense, whether or not expressly referenced herein.

HC hereby advises that, based on the information reviewed to date, it will not provide a defense to RC for the above-described claim made by Apache against RC and HC will not reimburse any defense fees or expenses incurred by RC in the defense of this matter. HC hereby further advises that you have the right to and in view of the circumstances, as alleged by Apache, may wish to retain counsel of your own choice,



**LARZELERE PICOU**
WELLS SIMPSON LONERO, LLC

C & C Offshore, Inc., RC
Offshore, LLC, and
RC Logistics, LLC
Re: Apache Corporation
06 April 2011
Page 5

wholly at your own cost, to represent and defend you as you deem necessary and/or appropriate.

If you have additional information you deem material to the analysis and determinations noted above, we ask that you present such information to Fidelis Claims Service, LLC, on behalf of HC, through undersigned counsel as soon as possible so that it may be given due consideration.

Regards,

Jay M. Lonero
R. Jeffrey Bridger

JML:RJB/rjr

Attachment

cc: Lynn Pierce - Theriot, Duet & Theriot, Inc.

# DRAFT

## ATTACHMENT "A"

## PERTINENT POLICY PROVISIONS

Fidelis Claims Service, LLC, on behalf of Houston Casualty Company, hereby sets forth the following pertinent policy provisions for your reference. However, HC hereby advises that it reserves <u>all</u> rights and defenses under the terms, conditions, exclusions, and limitations of any policies of insurance issued to C & C Offshore, Inc., RC Offshore, LLC, and RC Logistics, LLC, and incorporates herein by reference thereto all policy provisions as if copied herein, *in extenso*.

## REGARDING CUL-15135.107

The policy period is "From noon, October 10, 2007, C.S.T. to noon, October 10, 2008, C.S.T."

\* \* \*

**GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B", "C" & "E" OF THIS CERTIFICATE: (continued)**

<u>FINES, PENALTIES, PUNITIVE DAMAGES</u>:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy excludes liability for fines, penalties, punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.

\* \* \*

It is understood and agreed that the following warranty is included:

Coverage hereunder is subject to receipt and approval of a signed and dated Insurance Application.

\* \* \*

Warranted the vessel(s) insured hereunder are not to engage in any salvage operations of any nature.

Warranted the vessel(s) insured hereunder to comply with all applicable United States Coast Guard regulations pertaining to the trade and/or type of vessel insured herein.

\* \* \*

<u>U.S. COAST GUARD</u>:

It is agreed that the Assured fully comply with U.S. Coast Guard regulations with respect to manning and navigation requirements.

\* \* \*

PROTECTION AND INDEMNITY   SP-23 (Revised 1/56)
Amount Insured $1,000,000.00 Combined Single Limit   No. P.l. CUL-15135.107

\* \* \*

     The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

\* \* \*

Damage to other vessel or property on board not caused by collision

(5) Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the assured.

\* \* \*

Law costs

     The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible.

\* \* \*

<u>Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer</u>:

\* \* \*

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel named herein engaging in any unlawful trade or performing any unlawful act with the knowledge of the Assured.

\* \* \*

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

\* \* \*

2

**MARINE LIABILITIES CONDITIONS: (continued)**

AUTOMATIC ACQUISITION CLAUSE:

The privilege granted the insured by underwriters insuring this section allowing the automatic addition of a vessel to the schedule herein is limited to and subject to the following:

In consideration of an additional premium calculated solely by underwriters and further subject to the terms, conditions, navigation limits, warranties and limits of liability of this section, it is agreed that this section covers automatically similar type vessel(s) insured by this section which is(are) newly acquired, purchased, or bareboat chartered by the Assured. It is further agreed, the deductible for the newly acquired, purchased or bareboat chartered vessel during the acquisition notice period shall be the highest deductible on similar type vessel(s) insured hereunder. However, underwriters reserve the right to amend the deductible once notified or the acquisition to whatever they deem appropriate in their sole opinion. The deductible advised by underwriters shall be applicable from the actual date the vessel was acquired.

The Assured shall give written notice to Continental Underwriters, Ltd. where practicable, prior to such acquisition, but in no event longer than seven (7) days from acquisition, purchase or bareboat charter. Otherwise, there shall be no coverage afforded under this section.

\* \* \*

MARINE CONTRACTUAL LIABILITY:

In consideration of the premium for which this insurance is written, the coverage afforded under this Section is extended to insure the liability of the Assured arising out of written hold harmless and/or indemnity agreements contained in such contracts as have been or may be entered into by the Assured for the furnishing of SCHEDULED vessels. Provided, however, that this provision will not extend underwriters' liability beyond the limits and/or conditions set forth by the SP23 form (as amended) herein.

Notwithstanding the above, should coverage for Marine Contractual Liability exist outside this policy then no coverage exists herein. Further, nothing contained within this policy shall operate to increase Underwriters' limit of liability as set forth in this policy, nor shall it extend the insuring conditions beyond scheduled vessel(s) operations.

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., et al.

\* \* \*

MARINE LIABILITIES SPECIAL CLAUSES:

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1. any claims arising out of paragraphs 8 and 13 of the SP-23 Form, or any other claim in respect of equipment or property within the care, custody or control of the Assured;

2. any claims for loss, damage, liability or expense arising directly or indirectly from pollution or contamination by any substance whatsoever;

\* \* \*

Attached to and forming a part of Section "B" of Certificate CUL-15135.107, issued to C & C Offshore, Inc., et al.

\* \* \*

BOAT BROKERS LEGAL LIABILITY WORDING
\* \* \*

6. EXCLUSIONS:

THIS INSURANCE DOES NOT APPLY……...

A. To liability assumed by the Assured under any contract or agreement but this exclusion shall not apply if the Assured would have been liable irrespective of such contract or agreement.

\* \* \*

D. To Damage to or Destruction of Property owned by or occupied by the Assured, or vessels hired and/or re-hired by the Assured, or property as to which the Assured is exercising actual physical control under bareboat charter.

\* \* \*

G. To injury to or destruction of property caused intentionally by or at the direction of the Assured.

H. To any claims for Errors and/or Omissions of the Assured and/or the Owners and/or the Operators and/or Employees of the Assured of all vessels brokered, including defense of errors and omissions claims, but this exclusion is only to apply to such claims that are directly due to the privity of the Assured.

Attached to and forming a part of Section "B" of Certificate CUL-15135.l07, issued to C & C Offshore. Inc., et al.

\* \* \*

## **REGARDING CUL-14897.046**

GENERAL CONDITIONS APPLICABLE TO SECTIONS "A", "B" and "C" OF THIS POLICY: (continued)

\* \* \*

It is hereby agreed that the terms and conditions contained herein are written for a period of 18 months from April 11, 2006 to October 10, 2007….

\* \* \*

ENDORSEMENT APPLICABLE TO ALL SECTIONS OF THIS CERTIFICATE.

Effective August 21, 2007, it is understood and agreed coverage for the Utility Vessel "Ms. Addison" is deleted in its entirety.

\* \* \*

All other provisions, referenced above in regard to CUL-15135.107 are also present in and are hereby referenced in regard to CUL-14897.046, as if copied in their entirety.